## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| CAMP MYSTIC, LLC, | § | |
| | § | Case No. 26-90621 (CML) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 74-2884064 | § | |
| In re: | § | |
| | § | Chapter 11 |
| NATURAL FOUNTAINS PROPERTIES, INC., | § | |
| | § | Case No. 26-90622 (CML) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 74-1261414 | § | |
| In re: | § | |
| | § | Chapter 11 |
| MYSTIC CAMPS MANAGEMENT, LLC, | § | |
| | § | Case No. 26-90623 (CML) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 87-3459688 | § | |
| In re: | § | |
| | § | Chapter 11 |
| MYSTIC CAMPS FAMILY PARTNERSHIP, LTD., | § | |
| | § | Case No. 26-90624 (CML) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 87-3459861 | § | |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
## OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## <u>THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF</u>

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:30 P.M. (PREVAILING CENTRAL TIME) ON JUNE 29, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") state the following in support of this motion ("***Motion***"):[1]

1.  The Debtors seek entry of an order, substantially in the form attached hereto (the "***Order***"): (a) directing the procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case number assigned to Camp Mystic, LLC, Case No. 26-90621 (CML), and that the cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CAMP MYSTIC, LLC, *et al.*[1] | § | Case No. 26-90621 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

---

[1] A description of the Debtors, their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declaration (as defined below) incorporated by referenced herein.

2.     The Debtors request that the Court order that the foregoing caption satifies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "***Bankruptcy Code***").

3.     The Debtors futher request that a docket entry, substantially similar to the following, be entered on the docket of each Debtor, other than Camp Mystic, LLC, to reflect the procedural consolidation and joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas directing joint administration of the chapter 11 cases of: Camp Mystic, LLC, Case No. 26-90621 (CML); Natural Fountains Properties, Inc., Case No. 26-90622 (CML); Mystic Camps Management, LLC, Case No. 26-90623 (CML); and Mystic Camps Family Partnership, Case No. 26-90624 (CML). **All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 26-90621 (CML).**

### Jurisdiction and Venue

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.     The bases for the relief sought herein are sections 105(a) and 342(c) of the Bankruptcy Code and rule 1015 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rules 1015-1, 1075-1, and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "***Local Bankruptcy Rules***"), and the *Procedures for Complex Cases in the Southern District of Texas* (the "***Complex Case Procedures***").

## Background

6.      Originally built in 1926, the Debtors own and operate a private Christian summer camp for girls named Camp Mystic in the hill country of west-central Texas.

7.      On June 24, 2026 (the "**Petition Date**"), the Debtors commenced filing voluntary cases under the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

8.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration in Support of Chapter 11 Petitions and First-Day Pleadings (the "**First Day Declaration**"),[2] incorporated herein by reference.

## Basis for Relief

9.      By this Motion, the Debtors seek, pursuant to Rule 1015(b) of the Bankruptcy Rules, the joint administration of the Debtors' chapter 11 cases for procedural purposes only. A proposed form of order approving the relief requested herein is attached hereto as **Exhibit A**.

10.      Bankruptcy Rule 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates.

FED. R. BANKR. P. 1015(b). The Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of Camp Mystic, LLC, ("**Camp Mystic**"). Camp Mystic, the first entity to file its petition in these chapter 11 cases, was incorporated in Texas in 1998 and maintains a

---

[2] The First Day Declaration is forthcoming.

registered office in Hunt, Texas. Local Bankruptcy Rule 1015-1 permits the Court to order joint administration of these chapter 11 cases.

11. Joint administration of the Debtors' chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. The entry of an order of joint administration will: (i) significantly reduce the volume of paper that otherwise would be filed with this Clerk of this Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these chapter 11 cases; (iii) render the completion of various administrative tasks less costly; and (iv) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect each of the Debtors, their estates and their respective creditors. Joint administration will reduce fees and costs associated with duplicative filings and objections. Joint administration also will enable parties in interest in each of the above-captioned cases to be apprised of the various matters before the Court concerning the Debtors' chapter 11 cases.

12. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, parties in interest will benefit from the reduced costs associated with the joint administration of these chapter 11 cases while simultaneously maintaining their rights and interests in each respective Debtor. The Debtors submit that joint administration of the above-captioned cases is in the Debtors' best interest, as well as the interests of their respective estates, creditors, and other parties in interest.

13. Further, the Courts in this jurisdiction have previously granted similar relief. *See, e.g.*, *In re Anthology, Inc., et al.*, No. 25-90498 (ARP) (Bankr. S.D. Tex. Sep. 30, 2025); *In re Zynex, Inc., et al.*, No. 25-90810 (ARP) (Bankr. S.D. Tex. Dec. 16, 2025); *In re Sunnova Energy Int'l Inc.*, No. 25-90160 (ARP) (Bankr. S.D. Tex. June 9, 2025); *In re Ascend Performance Materials Holdings Inc.*, No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025); *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025); *In re Northvolt AB*, No. 24-90577 (ARP) (Bankr. S.D. Tex. Nov. 21, 2024); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sep. 25, 2024).

## Emergency Consideration

14. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003 and Local Bankruptcy Rule 9013-1 in order to avoid "immediate and irreparable harm." As detailed above and in the First Day Declaration, the requested relief will save costs by avoiding duplicative filings in each of the chapter 11 cases and avoid undue administrative burden and confusion only if granted immediately. Accordingly, the Debtors have demonstrated that the relief requested is needed to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003 and respectfully request that the Court grant the relief requested in this Motion.

## Notice

15. Notice of this Motion shall be provided to (i) the office of the United States Trustee for the Southern District of Texas, (ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis), (iii) the United States Attorney's Office for the Southern District of Texas, (iv) the Internal Revenue Service, (v) the United States Securities and Exchange Commission; (vi) the state attorneys general for states in which the Debtors conduct business;

(vii) other regulatory agencies having a regulatory or statutory interest in these cases; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Under the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, the Debtors submit that no other further notice need be provided.

*[Remainder of page intentionally left blank]*

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order in each of the chapter 11 cases, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: June 24, 2026                      Respectfully submitted,

*/s/ Candice M. Carson*
Martin Sosland (State Bar No. 18855645)
Candice M. Carson (State Bar No. 24074006)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Suite 4600W
Dallas, Texas 75201
Telephone: (469) 654-1340
Email: martin.sosland@vkhh.com
         candice.carson@vkhh.com


- **AND** -

Jeff P. Prostok (State Bar No. 16352500)
Emily S. Chou (State Bar No. 24006997)
Suzanne K. Rosen (State Bar No. 00798518)
Lynda L. Lankford (State Bar No. 11935020)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vkhh.com
         emily.chou@vkhh.com
         suki.rosen@vkhh.com
         lynda.lankford@vkhh.com

*Proposed Counsel to Debtors and
Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties requesting service via this Court's ECF Electronic Notice on June 24, 2026.

*/s/ Candice M. Carson*
Candice M. Carson