United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CAMP MYSTIC, LLC, *et al.*,[1]<br><br><div align="right">Debtors.</div> | Chapter 11<br><br>Case No. 26-90621 (CML)<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR ORDER AUTHORIZING THE DEBTOR TO
PAY PREPETITION WAGES, EMPLOYMENT TAXES, OTHER
EMPLOYEE-BENEFIT OBLIGATIONS, AND GRANTING RELATED RELIEF**

Upon the emergency motion ("**Motion**")[2] of Camp Mystic, LLC, and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, authorizing the Debtors to (a) pay the unpaid prepetition portion of the Debtors' payroll for salaries earned from June 1, 2026 through June 23, 2026, (b) pay employer taxes associated with the prepetition salaries requested to be paid herein, (c) pay employment benefits, (d) permit Employees to use, post-petition, paid time off, holidays, and sick leave days that they accrued prepetition, and (e) reimburse any *de minimis* expenses incurred prepetition by the Employees in the ordinary course of business. all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate under the circumstances; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Motion.

having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, overruled, or carried for further consideration as provided herein; and upon consideration of the evidence presented at the hearing; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED as set forth herein.**

2.  Except to the extent otherwise provided herein, the Debtors are authorized but not directed to pay and honor amounts related to the Prepetition Workforce Obligations and to continue paying postpetition amounts related to the Workforce Obligations in the ordinary course of business; *provided*, that the Debtors shall not honor any Prepetition Workforce Obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.  Specifically, with regard to the Prepetition Workforce Obligations, the Debtors are authorized, but not directed, to (i) pay the wages, salaries, and benefits of the Debtors' Employees for the seventeen (17) prepetition workdays between June 1, 2026, and June 23, 2026 in the amount of $38,199.01, and (ii) withhold the appropriate taxes and deduct such amounts as designated by the Employees or judicial authorities and remit same to relevant parties.

3.  The Debtors are authorized withhold the required employee and employer portions for federal income taxes, social security, and Medicare in the aggregate amount of approximately $9,767.88 and remit same to the appropriate taxing authorities.

4.     The Debtors are not authorized to (i) pay prepetition wages to Camp Mystic, LLC's Media Coordinator, or (ii) pay the prepetition portion of the President's Stipend to the President of Natural Fountains Properties, Inc.  The Debtors' request in the Wage Motion to pay those amounts are being carried by the Court for further consideration and will be addressed by a separate order.

5.     The Debtors are authorized to honor prepetition payroll checks in float issued but not presented or otherwise honored timely for payment.

6.     Wells Fargo Bank is hereby authorized to receive, process, honor and pay all checks, drafts, wires, or automated clearing house transfers made on account of the Prepetition Workforce Obligations, including the June 30, 2026 Payroll, provided sufficient funds are available to honor all such payments, without regard to when the applicable check, draft, wired, or transfer was issued.

7.     The Debtors are authorized to reimburse prepetition business expenses incurred by the Employees up to an aggregate amount as to all of the Employees of $1,500.

8.     The Debtors are authorized to pay the Employee Benefits for the month of June 2026, including the "insurance allowances" of $1,292.23 included in the June 30, 2026 Payroll and health insurance premiums to Blue Cross Blue Shield of approximately $2,371.93.

9.     The Debtors are authorized to make employer contributions to the Employees' retirement accounts in the amount of $492.50.  The Debtors' request to make an employer contribution to the individual retirement account of Camp Mystic, LLC's Media Coordinator is being carried by the Court for further consideration and will be addressed by a separate order.

10.     The Employees are permitted to use, post-petition, paid time off, holidays, and sick leave days that they accrued prepetition.

11.     The authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments herein.  The Debtors retain the business judgment to make or not make said payments, and in all instances subject to the condition that funds are available to make any payment.

12.     The Debtors are authorized to continue and/or modify, change, and discontinue the Workforce Obligation programs in the ordinary course of business during these Chapter 11 Cases and consistent with historical practices and without the need for further Court approval, *provided however*, the Debtors shall notify the U.S. Trustee and any statutory committee of any material changes to the programs.

13.     Nothing herein shall be deemed to authorize the payment of any amounts in violation of section 503(c) of the Bankruptcy Code.

14.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts that are authorized to be paid pursuant to this Order.

15.     The Debtors shall maintain a matrix/schedule of amounts paid related to the Prepetition Workforce Obligations, made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. On the last business day of each month (beginning in July 2026) and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, and counsel for any statutory committee appointed in the Chapter 11 Cases covering all

4

payments made pursuant to this Order during the prior month. **Before making any Prepetition Workforce Obligation payments to Employees under this Order, the Debtors shall provide a list of the Employees (and their work titles) to the U.S. Trustee to confirm no Employee is an insider. If the U.S. Trustee objects to an Employee receiving a payment based on an actual or potential insider status, the Employee shall not be paid any Prepetition Workforce Obligation until the objection is resolved mutually or by order of the Court. The Debtors shall also provide a courtesy copy of the Employee list to counsel for the families who appeared at the hearing.**

16.     Nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for employer obligations to the Employees.

17.     The Debtors have established that the relief granted herein is necessary to avoid immediate and irreparable harm as required by Bankruptcy Rule 6003.

18.     The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

19.     This Court shall retain exclusive jurisdiction overall matters arsiing from or related to the implementation of this Order.

Signed:  June 30, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

5