**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC,[1] | Case No. 26-90621(CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u>
MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE
A CONSOLIDATED LIST OF CREDITORS, (B) FILE A
CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED
CREDITORS, AND (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (II) APPROVING THE FORM
AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
<u>OF THESE CHAPTER 11 CASES; AND (III) GRANTING RELATED RELIEF</u>**

**Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on <u>July 9, 2026</u>.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on JULY 9, 2026 at 1:00 p.m. (prevailing Central Time) in Courtroom 402, 4th floor, 515 Rusk Avenue, Houston, TX 77002.**

**You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

Camp Mystic, LLC, and its debtor affiliates, as debtors and debtors in possession in above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their proposed counsel, file this emergency motion (this "**Motion**") for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), pursuant to sections 105(a), 107, and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 1007, 2002, 9007 and 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1 and 1075-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), (a) authorizing the Debtors to (i) file a consolidated creditor matrix in lieu of submitting separate mailing matrices for each Debtor, (ii) file a consolidated list of their thirty (30) largest unsecured creditors,[2] and (iii) redact certain personally identifiable information or sensitive information of individuals from court filings; (b) approving the form and manner of notifying creditors of commencement of the chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and (c) granting related relief.  In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Karen Nicolaou, Debtors' Proposed Chief Restructuring Officer, in Support of Chapter 11 Petitions and Second Day Motions* (the "**Declaration**"), filed contemporaneously herewith.

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over the Debtors, their estates, and these chapter 11 cases (the "**Chapter 11 Cases**") pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy*

---

[2]  The Debtors intend to file a single consolidated list of the Debtors' largest general unsecured creditors pursuant to Section F, para. 14(a) of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* (the "**Complex Case Procedures")**. Though the rules only require listing the thirty largest general unsecured creditors, the Debtors have determined to list additional unsecured creditors as the body of large claims holders hold claims that are substantially similar in both nature and amount.

*Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 107, and 521 of the Bankruptcy Code, and rules 1007, 2002, 9007 and 9037 of the Bankruptcy Rules.

## BACKGROUND

3. Originally built in 1926, the Debtors own and operate a private Christian summer camp for girls named Camp Mystic in the hill country of west-central Texas.

4. On June 24, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under the Bankruptcy Code.

5. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. During these Chapter 11 Cases, the Debtors are maintaining limited operations to maintain their property, including the buildings and grounds, conduct necessary administration of the business, and address incoming inquiries from the public.

6. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the Declaration.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order attached hereto: (a) authorizing the Debtors to (i) file a consolidated creditor

matrix in lieu of submitting separate mailing matrices for each Debtor, (ii) file a consolidated list of their thirty (30) largest unsecured creditors, and (iii) redact certain personally identifiable information or sensitive information of individuals from court filings, including names and addresses; (b) approving the form and manner of notifying creditors of commencement of the chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code; and (c) granting related relief.

**BASIS FOR RELIEF**

**A.      A Consolidated Creditor Matrix is Warranted for these Chapter 11 Cases.**

9.       Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H of the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3]  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time-consuming, and administratively burdensome. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "**Creditor Matrix**") for all the Debtors.

**B.      These Chapter 11 Cases Justify a Consolidated List of the Thirty Largest General Unsecured Creditors.**

10.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the names, addresses, and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must "file a single, consolidated

---

[3] *See* Complex Case Procedure, Section E, para. 11, requiring a consolidated master service list, Section F, para. 13, concerning the form of Complex Case Creditor Matrix, and Section F, para. 14(a) requiring a consolidated top-30 list.

list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See* Complex Case Procedures, Section F, para. 14(a). Because a large number of creditors may be shared amongst the Debtors, consistent with the Complex Case Procedures, the Debtors request authority to file a single, consolidated list of their thirty (30) largest general unsecured creditors (the "**Top 30 Creditor List**"). As noted above, the Debtors intend to include more than the thirty (30) largest creditors on the Top 30 Creditor List because many of the largest creditors hold claims that are substantially similar in both amount and character, making it appropriate to include additional creditors. The consolidated Top 30 Creditor List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

**C.      Redaction of Certain Personally Identifiable Information or Sensitive Information of Individuals is Warranted.**

11.      Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Bankruptcy Rule 9037(a) likewise requires the redaction of certain personally identifiable information and sensitive information from court filings such as social security numbers, financial account numbers, and the names of minors. Bankruptcy Rule 9037(d) further authorizes the Court, for cause, to require the redaction of additional information or otherwise limit access to filed documents. Moreover, section 105(a) of the Bankruptcy Code further authorizes the Court to "issue any order, process, or judgment that is necessary or

5

appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Together, Bankruptcy Code sections 105(a) and 107(c), along with Bankruptcy Rule 9037(d), provide the Court with ample authority to authorize additional redactions and other protective procedures where appropriate to protect individuals from identity theft, unlawful injury, or other significant privacy and safety concerns while preserving appropriate access to information for parties in interest.

12.     In addition, the European General Data Protection Regulation (Regulation (EU) 2016/679) (the "**GDPR**")[4] may impose obligations and restrictions on the disclosure of personal data where applicable.  Certain of the Debtors' former employees and other potential creditors reside in Member States of the European Union, and their personal data may therefore be subject to the protections of the GDPR. The GDPR defines "personal data" broadly to include any information relating to an identified or identifiable natural person, including a person's name and home address. *See* GDPR art. 4(1).  The GDPR also defines "processing" broadly to include the disclosure or dissemination of personal data.  *See* GDPR art. 4(2).  Although the applicability of the GDPR depends upon the circumstances set forth in Article 3 of the GDPR, including its territorial scope, the GDPR authorizes substantial administrative fines for certain violations, including fines up to the greater of €20,000,000 or 4% of total worldwide annual turnover for the preceding financial year. *See* GDPR art. 83(5). The potential for regulatory scrutiny, litigation, or administrative penalties pursuant to the GDPR associated with the public disclosure of personal data supports the exercise of the Court's authority under sections 105(a) and 107(c) of the

---

[4] Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), 2016 O.J. (L 119) 1, available at https://eur-lex.europa.eu.

Bankruptcy Code and Bankruptcy Rule 9037(d) to permit the redaction of individual names and addresses.

13. The requested relief is also supported by the nature of the Debtors' business and creditor body. As a camp operator, the Debtors' creditor lists include numerous individuals, including minors, current and former employees, contractors, directors, equity holders, and other individuals. Certain former employees and other potential creditors reside in Member States of the European Union, and their inclusion in the creditor lists as potential claims holders could reveal or facilitate the identification of employment-related personal data, in addition to creating privacy and personal safety concerns. Accordingly, in an abundance of caution, and to minimize the risk of inadvertent disclosure of personally identifiable information or other sensitive information, the Debtors request authority to redact the names and addresses of all individuals regardless of whether redaction would otherwise specifically be required by applicable law, from the Creditor Matrix, the Top 30 Creditor List, and other filings made in these Chapter 11 Cases.  Such information presents privacy and safety concerns and could be used, among other things, to facilitate identity theft or to harass or stalk vulnerable individuals.  The Debtors propose to provide unredacted versions of the Creditor Matrix and the Top 30 Creditor List, upon request, to the Court, to the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), to counsel for any statutory committee appointed in these Chapter 11 Cases, and to counsel for any party in interest that represents that the unredacted list will be utilized solely for giving notice in the Chapter 11 Cases, and otherwise will be maintained in confidence.

**D.      Service of the Notice of Commencement.**

14. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days'

notice by mail of … the meeting of creditors under § 341 or § 1104(b) ….” Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

15.     Through Epiq, the Debtors' proposed noticing, claims, and soliciting agent (the "**Noticing and Claims Agent**"), the Debtors propose to serve the notice of commencement, substantially in the form attached as **Exhibit 1** to the Order hereto (the "**Notice of Commencement**"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Creditor Matrix. Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

## EMERGENCY CONSIDERATION

16.     Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days following the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." For the reasons discussed above and in the Declaration, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. For instance, the Debtors are required to timely file the Creditor Matrix and the Top 30 Creditor List and to timely serve the Notice of Commencement on the creditor body. The requested relief is necessary for the Debtors to comply with their duties as debtors in possession. Accordingly, the Debtors submit that they have demonstrated that the requested "relief

is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the court grant the relief requested in this Motion.

## RESERVATION OF RIGHTS

17.     Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## NOTICE

18.     The Debtors will provide notice of this motion to the following parties or their respective counsel: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the creditors included on the Top 30 Creditor List; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of Texas; (v) the Texas State Attorney General; and (vi) parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

### **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

Dated: July 2, 2026                    Respectfully submitted,

*/s/ Martin Sosland*
Martin Sosland (State Bar No. 18855645)
Candice M. Carson (State Bar No. 24074006)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Suite 4600W
Dallas, Texas 75201
Telephone: (469) 654-1340
Email: martin.sosland@vkhh.com
       candice.carson@vkhh.com

- **AND** -

Jeff P. Prostok (State Bar No. 16352500)
Emily S. Chou (State Bar No. 24006997)
Suzanne K. Rosen (State Bar No. 00798518)
Lynda L. Lankford (State Bar No. 11935020)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vkhh.com
       emily.chou@vkhh.com
       suki.rosen@vkhh.com
       lynda.lankford@vkhh.com

*PROPOSED COUNSEL TO DEBTORS AND
DEBTORS-IN-POSSESSION*

11