**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER**
**(A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR**
**DISCONTINUING SERVICES, (B) APPROVING THE DEBTORS' PROPOSED**
**ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES,**
**(C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING**
**<u>ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF</u>**

> **Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on July 9, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 9, 2026, at 1:00 p.m. (prevailing Central Time) in Courtroom 402, 4th floor, 515 Rusk Avenue, Houston, TX 77002.**
>
> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

Camp Mystic, LLC, and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the (the "**Debtors**"), by and through their proposed counsel, file this emergency motion entry of an Order, substantially in the form attached hereto (the "**Order**"): (a) prohibiting the Utility Providers (as defined below) from altering, refusing, or discontinuing services; (b) determining that the Adequate Assurance Procedures (as defined herein) provide the Utility Providers with adequate assurance of payment within the meaning of section 366 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"); (c) approving procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Adequate Assurance Deposits (as defined herein); (d) authorizing payment of all outstanding amounts owed for prepetition Utility Services; and (e) for related relief. In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Karen Nicolau, Debtors Proposed Chief Restructuring Officer, In Support of Chapter 11 Petitions and Second Day Motions* (the "**Second Day Declaration**").[2]

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      Venue is proper pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**"), and section B of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Rules**").

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Day Declaration.

## BACKGROUND

### A.      The Chapter 11 Cases

4.      Originally built in 1926, the Debtors own and operate a private Christian summer camp for girls named Camp Mystic in the hill country of west-central Texas.

5.      On June 24, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under the Bankruptcy Code.

6.      The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. During these Chapter 11 Cases, the Debtors are maintaining limited operations to maintain their property, including the buildings and grounds, conduct necessary administration of the business, and address incoming inquiries from the public.

7.      No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

8.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the Second Day Declaration.

### B.      Overview of the Utility Services

9.      In the ordinary course of their business, the Debtors obtain, either directly or indirectly, electricity, natural gas, water, waste disposal, telecommunications, and other similar services (collectively, the "**Utility Services**") from several utility providers (individually, a "**Utility Provider**," and collectively, the "**Utility Providers**"). A nonexclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "**Utility Providers List**") is attached as Exhibit 1 to the Order.

10.     The Debtors pay the Utility Providers directly as such payments come due (the "**Utilities Fees**"). The relief requested in this Motion is with respect to all Utility Services and related fees.

11.     On average, the Debtors pay approximately $2,380.32 each month for Utility Services, calculated as the historical average payment for the three months leading up to the Petition Date. Maintaining uninterrupted Utility Services is essential to the Debtors' ongoing business operations.

12.     Certain Utility Providers that supply the Debtors with Utility Services may discontinue services if (a) the Debtors fail to timely pay for the Utility Services or (b) the Utility Providers believe that the Debtors will not meet their payment obligations. Any discontinuance of Utility Services will detrimentally affect the Debtors' operations and maintenance and preservation of the campgrounds. Accordingly, to ensure that the Debtors continue to have uninterrupted access to critical Utility Services, the Debtors seek authority to continue to honor their utility obligations as they come due in the ordinary course of business on a postpetition basis, consistent with their prepetition conduct.

13.     As of the Petition Date, the Debtors estimate that there is approximately $2,116.00[3] owed to Utility Providers. To the best of the Debtors' knowledge, none of the Utility Providers holds a deposit from the Debtors, and the Debtors are not in possession of any funds allocated for any prepayments for the Utility Services.

---

[3] This estimate represents the total amount that the Debtors expect will be accrued for electricity services for the period May 13, 2026, to June 17, 2026.  As of the Petition date, the Debtors have unpaid prepetition electricity bills in the amount of $1,599.68 for service period May 13, 2026, to June 13, 2026.

**BASIS FOR RELIEF**

A.    **Section 366 of the Bankruptcy Code Protects the Debtors from Disruption in Utility Services.**

14.    Section 366(c) of the Bankruptcy Code permits a Utility Provider to alter, refuse, or discontinue utility service only if the debtor has not provided "satisfactory" adequate assurance of payment within thirty (30) days after the date of its bankruptcy filing. Section 366(c) defines the term "assurance of payment" as including "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A). Section 366(c) of the Bankruptcy Code further provides that the bankruptcy court may determine whether assurance of payment is adequate and may order modification of the amount of an assurance of payment. *See* 11 U.S.C. § 366(c)(3).

15.    Although assurance of payment must be "adequate," it need not be an absolute guarantee of a debtor's ability to pay. *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance…all § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment."); *see also In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996); *In re Heard*, 84 B.R. 454, 458 (Bankr. W.D. Tex. 1987). Moreover, courts have also recognized that, in determining the amount of adequate assurance, the bankruptcy judge should focus "on the need of the utility for assurance, and to require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) (quoting *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) (emphasis in original)).

Courts examine the totality of the circumstances to determine whether assurance of payment is "adequate" under section 366(c), and whether a utility provider is subject to an unreasonable risk of nonpayment. *In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981).

16.     The Utility Services are essential to maintaining and preserving the assets of the Debtors' estates and viability during these cases. Interruption in Utility Services would severely disrupt and diminish the Debtors' ability to preserve and maximize the value of their assets for the benefit of all creditors and parties-in-interest in these Chapter 11 Cases. Therefore, the Court's power under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" is appropriately utilized in this instance. *See* 11 U.S.C. § 105(a).

**B.     The Debtors Will Provide Adequate Assurance of Payment.**

17.     Here, the Debtors have endeavored to pay all utility bills timely in the ordinary course of business as they become due. The cash held by the Debtors will furnish the Debtors with sufficient liquidity to pay the Utility Providers for the Utility Services provided postpetition.

18.     The Debtors will comply with section 366 of the Bankruptcy Code and provide the Utility Providers with the required adequate assurance of payment. The Debtors propose to deposit $2,380.32 (the "**Adequate Assurance Deposit**") into a segregated bank account (the "**Adequate Assurance Account**") no later than fifteen (15) business days after the Order is entered. The Adequate Assurance Deposit is equal to the average monthly cost of Utility Services, generally calculated as the historical average payment for the three-month period immediately preceding the Petition Date, which may be adjusted by the Debtors in their discretion to account for the termination of any Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with individual Utility Providers.

19.     Accordingly, the proposed Adequate Assurance Deposit, along with the Debtors' ability to pay for Utility Services in the ordinary course postpetition, provides sufficient adequate assurance of payment. The Debtors submit that no further assurance is or should be required in this case other than the Adequate Assurance Deposit. *See, e.g., In re Heartland Auto. Holdings, Inc.*, Case No. 08-40047-DML-11 (Bankr. N.D. Tex. Jan. 9, 2008); *In re Bombay Co., Inc.*, Case No. 07-44084-DML-11 (Bankr. N.D. Tex. Sept. 26, 2007). Therefore, the Debtors request entry of an order determining that the Adequate Assurance Deposit constitutes "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code.

**C.      The Court Should Establish Procedures for Resolving Any Objections by Utility Providers Regarding the Determination of Adequate Assurance.**

20.     Given the absolute necessity of uninterrupted Utility Services in these cases, but recognizing the right of Utility Providers to evaluate and object to the Debtors' proposed Adequate Assurance Deposits, the Debtors request that the Court establish a fair and reasonable process to consider whether modification of any Adequate Assurance Deposit is warranted. In the event of any objection by a Utility Provider, the Debtors request that any objecting Utility Provider be prohibited from altering or terminating service until such adjudicative process is concluded on a final basis.

21.     Specifically, the Debtors request that the Court enter an order approving the following procedures (the "**Objection Procedures**"):

a.      A Utility Provider that objects to the Court's determination that the Debtors have provided adequate assurance of payment must file and serve an objection (the "**Objection**") setting forth (i) the average monthly amount invoiced to the Debtors over a twelve (12) month period, (ii) the prepetition amount alleged to be due and owing by the Debtors, (iii) the amount of any deposit(s) made by the Debtors prior to the Petition Date, and (iv) any argument as to why the Adequate Assurance Deposit proposed to be provided to the Utility Provider is insufficient to provide adequate assurance of payment;

b.     Any Objection by a Utility Provider listed on **Exhibit 1** to the proposed Order must be filed and served on counsel for the Debtors by no later than fourteen (14) days from service of the Order.

c.     A hearing will be set by the Court within thirty (30) days of the Petition Date (the "**Hearing Date**") for the purpose of considering any filed Objections;

d.     If the Debtors discover the existence of a Utility Provider not listed on Exhibit 1 attached to the Order, the Debtors shall, within two (2) business days after discovering the existence of such Utility Provider, (i) file a supplement to such Exhibit 1 which supplement shall identify the Utility Provider and the amount of the Adequate Assurance Deposit the Debtors proposes to issue to such Utility Provider, and (b) serve such Utility Provider with notice of entry and a copy of the entered Order;

e.     In the event that a Utility Provider not listed on Exhibit 1 attached to the Order objects to the Debtors' proposal to provide adequate assurance of payment, such Utility Provider must file and serve on counsel for the Debtors an Objection within fourteen (14) days after the date upon which the notice of entry of the order granting this Motion is served upon such Utility Provider. A hearing on such Objection will be set by the Court no sooner than seven (7) days after the date upon which such Objection has been filed. The Debtors may file and serve a reply to any such Objection on or before the date that is two (2) days prior to such hearing date; and

f.     All Utility Providers will be deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code, without the need for an additional deposit or other security, unless and until this Court enters an order to the contrary. Any Utility Provider that fails to file and serve a timely and proper Objection shall be deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

22.     The above Objection Procedures are necessary and appropriate. Absent such Objection Procedures, the Debtors will be at risk of a Utility Provider making an unreasonable demand for adequate assurance of payment without the ability to timely challenge the demand before expiration of the thirty-day period under section 366(c)(2) of the Bankruptcy Code. The Objection Procedures, on the other hand, provide a fair and reasonable process for determining any disputes that may arise with respect to the Debtors' provision of adequate assurance of

payment to the Utility Providers. This process will protect the Debtors and their estates from a Utility Provider waiting until immediately before the expiration of the thirty-day period under section 366(c)(2) of the Bankruptcy Code to make a request for additional assurance of payment in an attempt to force the Debtors to acquiesce or face a potentially catastrophic loss of Utility Services. In providing such protection, the process will not unfairly prejudice any of the Utility Providers.

**D.      The Relief Requested Herein Is Reasonable and Necessary.**

23.      The Adequate Assurance Deposits and Objection Procedures proposed herein are reasonable, necessary, and satisfy the requirements of section 366 of the Bankruptcy Code. Uninterrupted Utility Services are needed so the Debtors may maintain operations and preserve the value of the assets of their estates. Any disruption in Utility Services would negatively impact the Debtors' operations and maintenance of their property. The relief requested herein will ensure that the Debtors' operations will not be disrupted by the termination of essential Utility Services or unreasonable requests by Utility Providers for unnecessarily large adequate assurance deposits.

24.      If the relief requested herein is not granted, the Debtors may be faced with multiple requests for adequate assurance of payment by Utility Providers. Granting this Motion will minimize disruption to the Debtors' operations, guard against an interruption in Utility Services, and, at the same time, provide the Utility Providers with a fair and orderly process for determining any requests for additional adequate assurance of payment.

**E.      Emergency Consideration Is Appropriate.**

25.      The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant certain relief within the first twenty-one days following the commencement of a chapter 11 case if "relief is needed to avoid immediate and irreparable harm." Section 366(c)(2) requires that a debtor provide adequate assurance of payment

of utility services within 30-days of the petition date or the debtor risks the utility providers discontinue utility services. For the reasons discussed above, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. The requested relief is necessary to preserve and maximize the value of the Debtors' estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have demonstrated that "relief is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the Court grant the relief requested in this Motion.

**F.     Waiver of Bankruptcy Rules 6004(a) and 6004(h) Is Appropriate.**

26.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

RESERVATION OF RIGHTS

27.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order) is intended as or shall be construed or deemed to be: (i) an implication or admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv)  an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the

validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (ix) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (x) a waiver of the obligation of any party in interest to file a proof of claim; or (xi) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

28.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of Texas; (v) the Texas State Attorney General; (vi) the Utility Providers listed in Exhibit 1 to the proposed Order; and (vii) parties requesting notice under Bankruptcy Rule 2002. The Debtors submit that no further notice need be provided.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made by the Debtors to this or any other Court.

**PRAYER**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: July 2, 2026                                     Respectfully submitted,


                                                       */s/ Candice Carson*

                                                       Martin Sosland (State Bar No. 18855645)
                                                       Candice M. Carson (State Bar No. 24074006)
                                                       **VARTABEDIAN KATZ HESTER & HAYNES LLP**
                                                       2200 Ross Avenue, Suite 4600W
                                                       Dallas, Texas 75201
                                                       Telephone: (469) 654-1340
                                                       Email: martin.sosland@vkhh.com
                                                              candice.carson@vkhh.com



                                                       **- AND -**

                                                       Jeff P. Prostok (State Bar No. 16352500)
                                                       Emily S. Chou (State Bar No. 24006997)
                                                       Suzanne K. Rosen (State Bar No. 00798518)
                                                       Lynda L. Lankford (State Bar No. 11935020)
                                                       **VARTABEDIAN KATZ HESTER & HAYNES LLP**
                                                       301 Commerce Street, Suite 2200
                                                       Fort Worth, Texas 76102
                                                       Telephone: (817) 214-4990
                                                       Email: jeff.prostok@vkhh.com
                                                              emily.chou@vkhh.com
                                                              suki.rosen@vkhh.com
                                                              lynda.lankford@vkhh.com

                                                       *Proposed Counsel to Debtors and
                                                       Debtors-in-Possession*