**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER CONFIRMING THAT**
**THE AUTOMATIC STAY DOES NOT APPLY TO**
**DIRECT CLAIMS AGAINST NON-DEBTOR INDIVIDUAL DEFENDANTS**

Upon the motion (the "Motion")[2] of the Ad Hoc Group of Certain Heaven's 27 Families

(the "AHG),[3] for entry of an order: (a) confirming that the automatic stay of 11 U.S.C. § 362(a)

does not extend to the AHG members' direct claims against the Individual Defendants, who are

not debtors, (b) declaring that the AHG members may prosecute their direct tort claims  against

the Individual Defendants without violating the automatic stay, and (c) granting related relief, all

as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District

Court for the Southern District of Texas; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter this Order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the AHG's notice of the Motion and opportunity for a hearing on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion were appropriate under the circumstances and no other notice need be provided; and upon the hearing before this Court on the Motion conducted on [●], 2026 (the "Hearing") and the evidence presented thereat; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED as follows:

1.      The Motion is granted as set forth herein.

2.      The automatic stay imposed by 11 U.S.C. § 362(a) applies only to the Debtors and does not extend to or protect any parties who are not debtors under title 11 of the United States Code, including the Individual Defendants.

3.      The AHG members' direct claims against the Individual Defendants are not stayed by 11 U.S.C. § 362(a)(1).

4.      The AHG members' claims against the Individual Defendants are direct tort claims that are not property of the Debtors' estates, and prosecution of such claims does not constitute an act to obtain possession of or exercise control over property of the Debtors' estates within the meaning of 11 U.S.C. § 362(a)(3).

5.      The AHG members may assert, or continue to prosecute their wrongful death and negligence actions against the Individual Defendants, in Texas state court, and such prosecution shall not constitute a violation of the automatic stay.

6.      For the avoidance of doubt, this Order does not modify, lift, or annul the automatic stay as it applies to the Debtors.  The automatic stay remains in full force and effect as to all claims and actions against the Debtors.

3

7.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2026

_____
Christopher M. López
United States Bankruptcy Judge