United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CAMP MYSTIC, LLC, *et al.*,[1] | § | Case No. 26-90621 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
THEIR EXISTING CASH MANAGEMENT SYSTEM, AND (B) MAINTAIN
EXISTING BUSINESS FORMS; (II) EXTENDING TIME TO COMPLY WITH THE
REQUIREMENTS OF 11 U.S.C. § 345(b); AND (III) GRANTING RELATED RELIEF**

Upon the emergency motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of a final order (this "**Final Order**"): (i) authorizing, but not directing, the Debtors to (a) continue to operate the Cash Management System on a temporary basis while the Debtors transfer eight (8) of the Bank Accounts to Axos, including honoring certain prepetition and postpetition obligations related thereto, (b) continue to operate the Wells Fargo Operating Account, (c) maintain their existing Wells Fargo Operating Account Business Forms in the ordinary course of business; (ii) extending the time for the Debtors to comply with the requirements set forth in section 345(b) of the Bankruptcy Code; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the Second Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] Capitalized terms not otherwise defined herein are ascribed the same meaning as found in the Motion.

1

this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is hereby **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized to: (a) maintain and continue using in the ordinary course, subject to the terms of this Final Order and any other orders of this Court, the Cash Management System described in the Motion, including the Bank Accounts, on a temporary basis while the Debtor transitions eight (8) of its Bank Accounts to Axos and (b) maintain and continue to use, in the ordinary course, subject to the terms of this Final Order and any other orders of this Court, the Wells Fargo Operating Account.

3.      The Debtors are authorized to continue to use the Wells Fargo Operating Account under the existing account number without interruption.

4.      To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have until and through August 1, 2026, without

2

prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code; *provided* that nothing herein shall prevent the Debtors from seeking further relief from the Court.

5.      The Debtor are authorized, without further order of this Court, to pay Bank Fees owed to the Banks, whether arising prepetition or postpetition.

6.      The Banks are authorized, but not directed, to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Final Order or a further order of this Court.

7.      The Banks shall not be required to honor any Disbursements unless there are immediately available funds in the Bank Accounts sufficient to cover such requests. The Banks are authorized to rely on the representations of the Debtors as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Banks shall not be liable to any party or otherwise deemed in violation of this Final Order on account of (a) following the Debtors' instructions or Debtors' representations as to any order of this Court; (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored despite implementation of reasonable item handling procedures; or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures.

8.    To the extent that the Debtors direct that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtors are authorized to issue replacement Disbursements consistent with the orders of this Court.

9.    The Banks are authorized to continue to honor any standing instructions of the Debtors with respect to daily or periodic wires, ACH Transfers, or other debits made to the Bank Accounts in accordance with the Debtors' prepetition instructions. The Banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

10.    The Debtors are authorized to continue to use the existing preprinted paper stock of Business Forms for the Wells Fargo Operating Account, which shall not be required to include the "Debtor-in-Possession" or the Debtors' bankruptcy case number.

11.    Until the later of the appointment of a statutory committee of unsecured creditors in these chapter 11 cases and August 1, 2026, the Debtors shall provide counsel to the Ad Hoc Group of Certain Heaven's 27 Families, counsel to John and Lacy Lawrence, and the U.S. Trustee with weekly, itemized reporting of any cash expenditures made from the Bank Accounts during the prior week. The Ad Hoc Group of Certain Heaven's 27 Families or John and Lacy Lawrence through their counsel may request underlying bank statements and other reasonable documentation related to such cash expenditures, and the Debtors shall use reasonable efforts to comply with such reasonable requests.

12.    Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of any of the Debtors' or any

4

appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third-party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' rights to dispute such claim.

13.     The Debtors are authorized and empowered to take all actions it deems necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under Bankruptcy Rule 6004(a).

15.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Signed:  July 22, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

5