United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 24, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN
INSURANCE COVERAGE OBTAINED PREPETITION AND PAY
PREPETITION OBLIGATIONS RELATED THERETO, (B) RENEW,
AMEND, SUPPLEMENT, MODIFY, EXTEND, PURCHASE, CANCEL,
AND ENTER INTO NEW INSURANCE POLICIES, AND (C) CONTINUE
TO PAY BROKERAGE FEES; AND (II) GRANTING RELATED RELIEF**

Upon the motion ("**Motion**")[2] of Camp Mystic, LLC and its debtor affiliates, as debtors

and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"),

pursuant to sections 105(a), 363(b), 364(c), 503, 1107(a), 1108, and 1112(b)(4)(C) of title 11 of

the United States Code (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 1075-1, 4002-1, and 9013-1(i) of the

Local Bankruptcy Rules, (a) authorizing the Debtors to (i) maintain insurance coverage obtained

prepetition and pay prepetition obligations related thereto, (ii) renew, amend, supplement, modify,

extend, purchase, cancel, and enter into new insurance policies, and (iii) continue to pay brokerage

fees, and (b) granting related relief, all as further described and more fully set forth in the Motion;

and upon consideration of the *Declaration of Karen Nicolaou, Debtors Proposed Chief

Restructuring Officer, in Support of the Debtors' Insurance Motion*; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] Capitalized terms used by not otherwise defined herein shall have the same meanings as defined in the Motion.

jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is hereby **GRANTED** as set forth herein.

2. The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit 1** attached hereto and any related agreements, and in the Debtors' reasonable business judgment, to pay any related prepetition or postpetition obligations related to the Insurance Policies, including, but not limited to, the Insurance Premiums, Deductibles, Brokerage Fees, and any other amounts owed to the Insurance Carriers and other parties that come due in the ordinary course of business, to the extent that the Debtors determine that such payment is necessary or appropriate.

3. The Debtors are authorized, in their reasonable business judgment, to renew, amend, supplement, or modify its existing Insurance Policies and to enter into new insurance

policies, including ancillary policies, or any other agreements in connection therewith, as well as to replace any of the Insurance Carriers or other parties as necessary, in the ordinary course of business; *provided* that the Debtors will notify the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases (email being sufficient) at least three (3) business days prior to materially modifying or terminating existing Insurance Policies, changing Insurance Carriers, or obtaining additional insurance coverage.

4.      The Debtors are authorized to honor any amounts owed on account of any Audits that take place in the ordinary course of business.

5.      Nothing contained herein (nor any actions or payments pursuant to the relief granted herein) is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third-party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' rights to dispute such claim.

6.      Notwithstanding entry of this Order, the Debtors' rights to seek enforcement of the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor that demands payment of its prepetition debts as a condition to doing business with the Debtors postpetition are preserved.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

8.      The Debtors are authorized and empowered to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

10.     The notice requirements of Bankruptcy Rule 6004(a) are waived as to the Motion. Notwithstanding anything in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Signed: July 24, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**EXHIBIT 1**

**INSURANCE POLICIES**

| Type of Coverage | Insurance Carrier | Policy No. | Policy Term |
|---|---|---|---|
| Workers' Compensation | Texas Mutual Insurance Company | 12120501 | 3/1/26 - 3/1/27 |
| Commercial Automobile | New Hampshire Insurance Company | 01-CA-044250184-3 | 3/1/26 - 3/1/27 |
| Commercial Property | Granite State Insurance Company | AIP0003450404903 | 3/1/26 - 3/1/27 |
| Commercial General Liability | Granite State Insurance Company | AIP0003450404903 | 3/1/26 - 3/1/28 |