**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR
THE FILING OF PROOFS OF CLAIM, (II) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Camp Mystic, LLC, and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully states as follows in support of this motion (the "**Motion**")

**RELIEF REQUESTED**

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) establishing deadlines and procedures for filing proofs of claim in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

**DEBTORS' BAR DATE MOTION**
**PAGE 1 OF 20**

these chapter 11 cases, (b) approving the form and manner of notice thereof. and (c) granting related relief.

## BACKGROUND

2.      Originally built in 1926, the Debtors own and operate a private Christian summer camp for girls named "**Camp Mystic**" in the hill country of west-central Texas.

3.      On June 24, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4.      The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. During these chapter 11 cases (the "**Chapter 11 Cases**"), the Debtors are maintaining limited operations to maintain their property, including the buildings and grounds, conduct necessary administration of the business and these Chapter 11 Cases, and address incoming inquiries from the public.

5.      On July 22, 2026, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases [Dkt. No. 94] (the "**Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Karen Nicolaou, Debtors' Proposed Chief Restructuring Officer, In Support of Chapter 11 Petitions and Second Day Motions* [Dkt. No. 45], incorporated herein by reference.

**DEBTORS' BAR DATE MOTION**
**PAGE 2 OF 20**

### JURISDICTION AND VENUE

7.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief the Debtors are sections 501, 502, 503, 1111(a), and 105(a) of title 11 of the Bankruptcy Code, rules 2002, 3001, 3003(c)(3), and 5005(a) of the of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 3003-1 of the of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and paragraph M of the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Rules**").

### BAR DATES AND NOTICE PROCEDURES

9.      The proposed deadlines (collectively, the "**Bar Dates**") are as follows:

   a.   **September 14, 2026, at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") as the deadline for each "person" (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units (as defined in section 101(27) of the Bankruptcy Code, "**Governmental Units**"), to file a proof of claim (each, a "**Proof of Claim**")  against any Debtor in respect of a prepetition "claim" (as defined in section 101(5)  of the Bankruptcy Code), including, for the avoidance of doubt, secured claims,  priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code;

b. **December 21, 2026, at 5:00 p.m. (prevailing Central Time)** a (the "**Governmental Bar Date**") as the deadline for Governmental Units to file Proofs of Claim against any Debtor;

c. If the debtors file an amendment (an "**Amendment**") to any of the schedules of assets and liabilities and statements of financial affairs (the **"Schedules"**)[2] and such amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claimant's claim; (ii) changes the nature or characterization of a claimant's claim; or (iii) adds a new claim with respect to a claimant to the Schedules, the affected claimant's deadline to file a Proof of Claim or, to the extent necessary, amend any previously-filed Proof of Claim with respect to such amended claim shall be the later of (x) the General Bar Date or the Government Bar Date, as applicable, and (y) the date that is thirty (30) days after service of a notice on such affected claimant of the Amendment (the "**Amended Schedule Bar Date**"); and

d. Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease (the "**Rejection Bar Date**"), as the deadline to file a Proof of Claim relating to the Debtors' rejection of such executory contract or unexpired lease.

---

[2] The Debtors' Schedules are currently due to be filed on August 7, 2026. Accordingly, the Debtors have set the General Bar Date for 30 days after the Schedules have been filed.

**DEBTORS' BAR DATE MOTION**
**PAGE 4 OF 20**

10.     The Debtors also request that the Court approve the Debtors' proposed (a) procedures for filing Proofs of Claim, (b) form of Proof of Claim attached as **Exhibit 1** to the Proposed Order (the "**Proof of Claim Form**"), and (c) procedures for providing notice of the Bar Dates, including (i) the proposed forms of notice, substantially in the forms attached as **Exhibit 2** to the Proposed Order and (b) the proposed form of publication notice of the Bar Dates, substantially in the form attached as **Exhibit 3** to the Proposed Order (the "**Publication Notice**").

11.     The Debtors will cause their claims and noticing agent, Epiq Corporate Restructuring LLC ("**Epiq**"), to serve notice of the Bar Dates, substantially in the form attached to the Proposed Order as **Exhibit 2** (the "**Bar Date Notice**"), on all known persons and entities holding potential claims against the Debtors or their estates. Epiq will serve the Bar Date Package (defined below) at least thirty (30) days prior to the General Bar Date.

12.     In addition, although actual notice under the Bankruptcy Code need only be provided to known creditors, constructive notice may also be provided by publication notice in the national or local publications, as the Debtors deem appropriate.

### ESTABLISHMENT OF THE BAR DATES IS APPROPRIATE

13.     Bankruptcy Rule 3003(c)(3) provides in relevant part that: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Additionally, paragraph M.32. of the Complex Rules provides that unless the Court orders otherwise, an entity, other than a Governmental Unit, must file a proof of claim in a chapter 11 case within ninety (90) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a) and that a Governmental Unit must file a proof of claim within one hundred eighty (180) days after the petition date. Bankruptcy Rule 2002(a)(7) provides that all parties-in-

interest must receive twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.

14.     Although the Complex Rules establish a bar date by default, Bankruptcy Local Rule 3003-1, the Complex Rules, and Bankruptcy Rule 3003(c)(3) give the Court authority to establish a different bar date for all non-governmental entities. The Debtors seek to establish the General Bar Date to facilitate administration of these Chapter 11 Cases. The Debtors propose to set **September 14, 2026 at 5:00 p.m. (prevailing Central Time)**, which is thirty-eight (38) days after **August 7, 2026,** the date on which the Debtors' Schedules are anticipated to be filed, as the General Bar Date. The Debtors believe that the proposed timeline will provide all parties in interest adequate notice of the Bar Dates and an opportunity to review the Schedules and their own records and, if necessary, file a Proof of Claim.

15.     Prior to engaging with their creditors over the terms of a potential plan, the Debtors require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in Chapter 11 Cases. The Debtors seek to establish the Bar Dates to determine what claims may be asserted against them in addition to those listed in the Schedules. For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved. Nevertheless, the Debtors also request that they be permitted (but not required) to extend any of the Bar Dates on behalf of a requesting claimant, upon the Debtors' determination, in their reasonable business judgment, that such extension is warranted or appropriate.

16. **General Bar Date**. Except as otherwise set forth below, the Debtors request that the Court establish a General Bar Date of **September 14, 2026, at 5:00 p.m. (prevailing Central Time)** for all persons and entities (excluding Governmental Units) holding prepetition potential claims against the Debtors or their estates that arose or are deemed to have arisen prior to the Petition Date, including secured claims, priority claims, unsecured claims, and claims arising under section 503(b)(9) of the Bankruptcy Code. The General Bar Date would be the last date and time by which all entities, other than governmental units, holding claims arising on or before June 24, 2026, must file Proofs of Claim so that such Proofs of Claim are ***actually received*** by Epiq on or before the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order. The General Bar Date will ensure that potential creditors receive more than adequate notice of the deadlines for filing Proofs of Claim in these Chapter 11 Cases.

17. **Governmental Bar Date**. Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9). The Debtors therefore request that the Court establish **December 21, 2026, at 5:00 p.m. (prevailing Central Time)** as the Governmental Bar Date in these Chapter 11 Cases.

18. The Governmental Bar Date will apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, if any, whether such claims arose from prepetition tax years or periods, or prepetition

transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors will be required to file Proofs of Claim so that such Proofs of Claim are *actually received* by Epiq, on or before the Governmental Bar Date.

19. **Amended Schedule Bar Date.** If, on or after the date on which the Debtors serve the Bar Date Packages, the Debtors file an Amendment to their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the Debtors propose that the affected claimant's deadline to file a Proof of Claim or, to the extent necessary, amend any previously filed Proof of Claim in respect of the amended scheduled claim, shall be on or prior to the Amended Schedule Bar Date. Notwithstanding the foregoing, nothing contained herein will preclude the Debtors or any other party in interest from objecting to any claim, whether scheduled or filed, on any grounds.

20. **Other Extensions**. The Debtors further request that they be permitted (but not required) to extend any of the Bar Dates on behalf of a requesting claimant if, upon the Debtors' determination, such extension is warranted or appropriate.

21. **Rejection Bar Date**. The Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code ("**Rejection Damages Claims**"). The Debtors request that the Court establish the Rejection Bar Date as the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the entry of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease.

**DEBTORS' BAR DATE MOTION**
**PAGE 8 OF 20**

**PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM**

22.     The Debtors propose to establish procedures that provide a streamlined process for creditors to file Proof(s) of Claim, set forth adequate instructions regarding the process by which a creditor may properly file Proof(s) of Claim, and exempt certain parties from filing Proof(s) of Claim. The proposed procedures will help ensure the Debtors achieve certainty with respect to their liabilities in a timely and organized manner. The proposed procedures (the "**Procedures**") are as follows:

### A.  Form of Proof of Claim

23.     Each Proof of Claim must: (a) be legible; (b) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. (prevailing Central Time) on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (c) conform to the Proof of Claim Form or Official Form 410; (d) set forth with reasonable specificity the legal and factual basis for the alleged claim; and (e) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

24.     All Proofs of Claim must be actually received by Epiq no later than the applicable Bar Date, either by the claimant (a) submitting such Proof(s) of Claim electronically through Epiq, at https://dm.epiq11.com/case/campmystic/info; (b) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (c) delivering the original Proof(s) of Claim to Epiq by first class mail, overnight mail, or hand delivery, at the following addresses:

| If by First-Class Mail | If by Hand Delivery or Overnight Mail |
|---|---|

**DEBTORS' BAR DATE MOTION**
**PAGE 9 OF 20**

| | |
|---|---|
| Camp Mystic, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4420<br>Beaverton, OR 97076-4420 | Camp Mystic, LLC<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

25.     Proofs of Claim will be deemed to be filed when filing via PACER is completed or when actually received by Epiq. Any facsimile or electronic mail submissions will not be accepted and will not be deemed to be filed until a claim is submitted by one of the methods described above. Claimants submitting a Proof of Claim through non electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (a) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (b) a self addressed, stamped envelope.

### B. Evidence of Claim Validity and Amount

26.     Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is either voluminous or unavailable, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available, as applicable; provided that any creditor shall be required to transmit such documentation, if available, to Debtors' counsel upon request no later than ten (10) days from the date of such request.

27.     Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (a) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

(c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

### C. Parties Not Required to File Proofs of Claim

28.     The Debtors propose that the following persons and entities not be required to file Proofs of Claim in these Chapter 11 Cases (the "**Excluded Claims**"):

a.   the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.   any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.   any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.   any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or any statutory committee pursuant to orders of this Court that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

e.  any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases;

f.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.  any person or entity holding a claim for which a separate deadline is fixed by the Court;

h.  any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity security interest; provided, that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date; and

i.  any Debtor asserting a claim against another Debtor.

## D. Filing Proofs of Claim Against Multiple Debtors

29.  The Debtors request that each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. The Debtors also request that all persons and entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim in these Chapter 11 Cases and will not be unduly burdensome on claimants.  The Debtors also request, with respect to Proofs of Claim that list more than one Debtor, that the Debtors be authorized to treat such claim as filed only against the first listed Debtor.

### E.  Identification of the Debtor Entity

30.     Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the lead case number (No. 26-90621 (CML)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Camp Mystic, LLC.

### F.  Consequences of Failure to File a Proof of Claim

31.     The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to timely file a Proof of Claim in the form and manner specified in the Proposed Order and who fails to do so on or before the applicable Bar Date associated with such claim (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the Chapter 11 Cases; (b) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases. For the avoidance of doubt, except with respect to an Excluded Claim, each person or entity **MUST** file a Proof of Claim in accordance with the Procedures by the Bar Date applicable to such claimant in order to preserve their claim(s).

### PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES

32.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**DEBTORS' BAR DATE MOTION**
**PAGE 13 OF 20**

### A. Mailing and Publication of Bar Date Notices

33.     To provide adequate notice to creditors pursuant to Bankruptcy Rule 2002(a)(7) and (f), the Debtors propose to serve the Bar Date Notice, together with a copy of the Proof of Claim Form (collectively the "**Bar Date Package**"), by first class United States mail, postage prepaid (or equivalent service), to the following persons and entities:

 a.   The Office of the United States Trustee for Region 7;

 b.   All creditors and other known holders of claims against the Debtors as of the date of entry of the Proposed Order, including all entities listed in the Schedules as holding claims against the Debtors;

 c.   All parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Proposed Order;

 d.   All entities that have already filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Proposed Order;

 e.   All entities who are party to executory contracts and unexpired leases with the Debtors;

 f.   All entities who are party to litigation with the Debtors;

 g.   All employees who are currently employed by the Debtors or were employed by the Debtors in the last two and a half years (to the extent that contact information for former employees is available in the Debtors' records);

 h.   All persons who were present at Camp Mystic on July 4, 2025;

 i.   All regulatory authorities that regulate the Debtors' businesses;

 j.   The Offices of the Texas Attorney General;

k.  All known non-Debtor equity and interest holders of the Debtors as of the date the Proposed Order is entered;

l.  All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

m.  Proposed counsel to the creditors' committee appointed in these Chapter 11 Cases.

34.     The Debtors propose to serve the Bar Date Package within four (4) business days after entry of the Proposed Order. The proposed Bar Date Notice notifies parties of (a) the Bar Dates; (b) who must file a Proof of Claim on account of a prepetition claim; (c) the Procedures for filing a Proof of Claim on account of a prepetition claim; (d) the consequences of failing to timely file a Proof of Claim on account of a prepetition claim; and (e) where parties can find further information with respect to the Debtors' Chapter 11 Cases. The Debtors request that service of the Bar Date Notice be deemed to constitute good and sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

35.     Furthermore, the Debtors propose to provide notice of the General Bar Date to potential unknown creditors by causing a copy of the notice attached to the Proposed Order as **Exhibit 3** (the "**Publication Notice**") to be published in the *Austin American-Statesman, Houston Chronicle, and the Dallas Morning News*, as well as other publications, as the Debtors deem appropriate. In addition, Epiq will prominently display the Bar Date Notice, the Bar Dates, and the Bar Date Order on the Debtors' case website at: https://dm.epiq11.com/case/campmystic/info.

### B.  Supplemental Mailings

36.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are

returned by the post office with forwarding addresses and (b) additional potential claimants or parties in interest become known after the initial mailing of the Bar Date Package.

37. In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances as soon as reasonably practicable after entry of the Proposed Order, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

### RELIEF REQUESTED SHOULD BE GRANTED

38. The Bar Date Notice and the Publication Notice (a) set forth the General Bar Date and Governmental Bar Date, as applicable; (b) advise creditors under what circumstances they must file a Proof of Claim in these Chapter 11 Cases; (c) alert the Debtors' creditors to the consequences of failing to file a timely Proof of Claim; (d) set forth the address to which Proofs of Claim must be sent for filing; and (e) notify creditors that facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice, and the Publication Notice will provide known and unknown creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

39. The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Williams v. Placid Oil Co. (In re Placid Oil Co.)*, 753 F.3d 151, 154 (5th Cir. 2014). "[K]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Chemetron*

*Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). For "unknown creditors," a debtor need only provide constructive notice by publication. *In re Placid Oil*, 753 F.3d at 155 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 489–90 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* at 156 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date depends upon the facts and circumstances of a given case." *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (quoting *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)).

40.      The Debtors submit that the proposed notice procedures with respect to the Bar Dates satisfy the *Placid Oil* standard. Through the process of completing the Schedules, the Debtors will identify those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors or are likely to be potential holders of claims. The Schedules will be prepared following careful review of the Debtors' books and records.

41.      The Publication Notice that the Debtors may publish has been tailored to provide notice of the Bar Dates in the areas where the majority of the Debtors potential creditors reside. The Debtors believe that the Publication Notice is reasonably designed to provide any claimants unknown to the Debtors that may potentially hold claims against the Debtors with adequate notice of the Bar Dates. In addition, the Debtors believe that the Publication Notice constitutes good and

sufficient notice to "unknown" creditors, as defined by the Fifth Circuit in *Placid Oil*. As such, the Debtors respectfully request that the Court find that no additional notice is necessary.

42.     Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purpose of the Bankruptcy Code."). Here, the Court's application of section 105(a) of the Bankruptcy Code is appropriate to achieve administrative and judicial efficiency.

43.     The Procedures and notice periods described herein afford creditors ample opportunity and instruction to properly file Proofs of Claim in a streamlined fashion, while at the same time ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner and emerge from chapter 11 as quickly as possible. Courts in this district routinely fix similar bar dates for filing Proofs of Claim in comparable chapter 11 cases. *See*, *e.g.*, *In re White Rock Medical Center, LLC, et. al*, No. 26-90115 (ARP) (Bankr. S.D. Tex. Feb. 27, 2026) (Docket No. 144); *In re Zynex Inc., et al*, No. 25-90810 (ARP) (Bankr. S.D. Tex. Jan. 13, 2026) (Docket No. 168); *In re Steward Health Care System, LLC, et al.*, No. 24-90213 (CML) (Bankr. S.D. Tex. July 11, 2024) (Docket No. 1564); *In re Core Scientific, Inc*., No. 22-90341 (DRJ) (Bankr. S.D. Tex. Mar. 9, 2023) (Docket No. 652); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Jan. 24, 2023) (Docket No. 104). Similar relief is also appropriate here.

### RESERVATION OF RIGHTS

44.     Nothing contained herein is intended to be or shall be deemed as (a) an implication or admission as to the validity of any claim against the Debtors, (b) a waiver or limitation of the

Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) a waiver of the obligation of any party in interest to file a proof of claim, (e) an agreement or obligation to pay any claims, (f) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (g) an admission as to the validity of any liens, or (f) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## NOTICE

45.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

*[Remainder of page intentionally left blank]*

**DEBTORS' BAR DATE MOTION**
**PAGE 19 OF 20**

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 24, 2026                                  Respectfully submitted,
      Dallas Texas

                                             */s/ Candice M. Carson*
                                             Martin Sosland (State Bar No. 18855645)
                                             Candice M. Carson (State Bar No. 24074006)
                                             VARTABEDIAN KATZ HESTER & HAYNES LLP
                                             2200 Ross Avenue, Suite 4600W
                                             Dallas, Texas 75201
                                             Telephone: (469) 654-1340
                                             Email: martin.sosland@vkhh.com
                                                          candice.carson@vkhh.com
                                             - AND -

                                             Jeff P. Prostok (State Bar No. 16352500)
                                           Emily S. Chou (State Bar No. 24006997)
                                           Suzanne K. Rosen (State Bar No. 00798518)
                                           Lynda L. Lankford (State Bar No. 11935020)
                                           VARTABEDIAN KATZ HESTER & HAYNES LLP
                                           301 Commerce Street, Suite 2200
                                           Fort Worth, Texas 76102
                                           Telephone: (817) 214-4990
                                           Email: jeff.prostok@vkhh.com
                                                           emily.chou@vkhh.com
                                                           suki.rosen@vkhh.com
                                                           lynda.lankford@vkhh.com

                                           *Proposed Counsel to Debtors and Debtors-in-Possession*

**DEBTORS' BAR DATE MOTION**
**PAGE 20 OF 20**