**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**CERTAIN HEAVEN'S 27 FAMILIES'**
**SUBSTITUTED MOTION FOR ENTRY OF ORDER**
**CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO**
**DIRECT CLAIMS AGAINST NON-DEBTOR INDIVIDUAL DEFENDANTS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Certain Heaven's 27 Families,[2] for their SUBSTITUTED Motion for Entry of Order

Confirming that the Automatic Stay Does Not Apply to Direct Claims Against Non-Debtor

Individual Defendants (this "Motion"), respectfully represents as follows:[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] The moving parties, referred to collectively as Certain Heaven's 27 Families or "Movants," are: the Childress Family; the Bellows Family; the Bonner Family; the DeWitt Family; the Ferruzzo Family; the Landry Family; the McCrory Family; the Naylor Family; the Hanna Family; the Hollis Family; the Hunt Family; the Dillon Family; the Lytal Family; the Getten Family; the McCown Family; the Pohl Family; the Sheedy Family; the Stevens Family; the Toranzo Family; the Peck Family; the Steward Family; the Jacobe Family; the Marsh Family; and the Baker Family.

[3] Subsequent to the Official Committee of Unsecured Creditors' appointment on July 22, 2026, the Ad Hoc Group of Certain Heaven's 27 Families (the "AHG") decided to disband. Following such disbandment, the members of the former AHG each hired Gray Reed as their individual counsel. The current "substituted" motion is substantively identical in all respects to the original motion filed at Docket No. 77, other than substituting Movants for the original AHG, and making applicable non-substantive edits to identities and tenses.

4902-7706-1827

**Preliminary Statement**

1.      Movants are collectively the parents of twenty-four of the twenty-seven campers and counselors who tragically passed away in the flooding event at Camp Mystic on July 4, 2025. Movants hold direct tort claims against both the Debtors and individual non-debtors—specifically, Willetta Eastland, George Albritton Eastland, as Personal Representative of the Estate of Richard "Dick" Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III (the "Individual Defendants").

2.      Movants acknowledge that the filing of these chapter 11 cases stayed the commencement or continuation of all claims and causes of action against the Debtors and does not, at this time, seek to modify or lift the automatic stay.  Rather, Movants seek entry of an order confirming that the automatic stay does not extend to direct claims against the Individual Defendants, who have not filed for bankruptcy and are not debtors.  The relief requested herein is consistent with the well-settled law of this Court and the Fifth Circuit, which holds that section 362(a) protects only debtors and does not stay actions against non-debtor co-defendants.

**Relief Requested**

3.      By this Motion, Movants seek entry of an order, substantially in the form attached hereto: (a) confirming that the automatic stay of 11 U.S.C. § 362(a) does not extend to the Movants' direct claims against the Individual Defendants, who are not debtors, (b) declaring that Movants may prosecute their individual direct claims against the Individual Defendants without violating the automatic stay, and (c) granting related relief.

4902-7706-1827

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules") and section G of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

**Background**

6.      On July 4, 2025, a catastrophic flash flood struck Camp Mystic, a summer camp located in the Texas Hill Country, resulting in the tragic deaths of twenty-seven campers and counselors.  Certain Movants thereafter filed multiple wrongful death and negligence actions in the District Court of Travis County, Texas, asserting claims against the Debtors and the Individual Defendants.  Certain other Movants have not yet filed suit against the Individual Defendants but intend to do so, pending the Court's disposition of this Motion.

7.      On June 24, 2026, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Individual Defendants have not filed for bankruptcy and are not debtors in these, or any other, bankruptcy proceedings.

8.      The claims asserted by the Movants in state court against the Individual Defendants are classic direct tort claims—including negligence, gross negligence, premises liability, and

wrongful death—arising from the Individual Defendants' personal conduct as owners and executive directors of Camp Mystic.

9.      Movants therefore seek an order from this Court to provide clarity and certainty regarding the scope of the automatic stay, so that Movants may assert, or continue to prosecute claims in existing state court proceedings, against the Individual Defendants without risk of an inadvertent violation of section 362 of the Bankruptcy Code.

## Basis for Relief

**I.      The Automatic Stay Does Not Extend to Non-Debtor Individual Defendants.**

10.      Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation, . . . of a judicial . . . action or proceeding *against the debtor*." 11 U.S.C. § 362(a)(1) (emphasis added). By the statute's plain terms, the automatic stay protects only the debtor. In the absence of a narrow set of unusual circumstances not otherwise present here, the stay does not extend to non-debtor parties, co-defendants, or co-tortfeasors.

11.      In *Wedgeworth v. Fibreboard Corp.*, the Fifth Circuit squarely addressed this issue and concluded "the protections of § 362 neither apply to co-defendants nor preclude severance." 706 F.2d 541, 544 (5th Cir. 1983). The court reasoned that the stay "clearly focuses on the insolvent party" and that neither purpose of section 362 is advanced by application of the stay rule to non-debtor co-defendants.[4] *Id*. The court bolstered this conclusion by contrasting sections 1301(a) and 362(a) of the Bankruptcy Code, noting that chapter 13 expressly extends the stay to non-debtors who are liable on the same consumer debt as the debtor, whereas section 362(a)

---

[4] "The automatic stay was intended to protect the debtor's assets and give it a 'breathing spell' . . . . The provision concomitantly protects creditors by preventing a race for the debtor's assets." *Wedgeworth*, 706 F.2d at 544 (quoting S. Rep. No. 989, at 54–55 (1978), as reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5840–41) (citing H.R. Rep. No. 595, at 340 (1978), as reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 6297).

4

4902-7706-1827

provides no such protection. *Id.* Indeed, the conspicuous absence of such language suggests a deliberate legislative policy against extending the protection of the stay to non-debtors. *See id.*

12. In the years since *Wedgeworth*, the Fifth Circuit and courts in the Southern District of Texas have repeatedly reaffirmed this principle. *See, e.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (citing *Wedgeworth*, 706 F.2d at 544) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors."); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors."); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (same); *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010) (citing *Edge Petrol. Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 301 (5th Cir. 2007)) ("Ordinarily, the automatic stay under § 362 does not apply to actions against a nondebtor."); *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 308 (Bankr. S.D. Tex. 2015) (denying motion to extend protections of automatic stay to non-debtor managing member of debtor entity because non-debtor failed to demonstrate the requisite identity of interest or unusual circumstances); *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 111 (Bankr. S.D. Tex. 2014) ("The automatic stay . . . does not apply to actions against a non-debtor except in situations where assets of the bankruptcy estate would be at risk . . . .").

13. Most recently, the Fifth Circuit in *Am. Warrior Inc. v. Found. Energy Fund IV-A, L.P. (In re McConathy)* reiterated that "a bankrupt debtor and non-bankrupt parties are not subject to the same automatic stay analysis." 111 F.4th 574, 581 (5th Cir. 2024). The court observed that "[i]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'" *Id.* at 582 (quoting

5

*Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)); *see also Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986) (citing *Wedgeworth*, 706 F.2d 541) ("The well established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants."). This principle is clear and well-established. The automatic stay simply does not protect the non-debtor Individual Defendants.

## II.     Movants' Claims Against the Individual Defendants Are Direct, Not Derivative.

14.     Where claims against non-debtors are not stayed under § 362(a)(1), a separate question arises under § 362(a)(3)—that is, whether the claims themselves constitute "property of the estate" such that prosecuting them would "exercise control over property of the estate." 11 U.S.C. § 362(a)(3) (staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."). However, this protection extends only to claims that belong to the debtor, not to claims belonging exclusively to creditors. *See S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1148 (5th Cir. 1987); *Highland Cap. Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petrol., Inc.)*, 522 F.3d 575, 584 (5th Cir. 2008) ("If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it. However, the trustee has no right to bring claims that belong solely to the estate's creditors." (citation omitted)).

15.     The Movants' claims against the Individual Defendants are not property of the estate because they are direct, personal tort claims—not derivative of any injury to the Debtors. This distinction is critical. If a claim "does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate." *Schertz-Cibolo-Universal City, Indep. Sch. Dist. v. Wright (In re Educators Grp. Health Tr.)*, 25 F.3d 1281, 1284 (5th Cir. 1994).

6

4902-7706-1827

16.     The Fifth Circuit's framework for distinguishing direct from derivative claims is set forth in *Buccaneer Energy Holdings, Inc. v. Burton (In re Buccaneer Resources, L.L.C.)*, 912 F.3d 291 (5th Cir. 2019).  In that case, a debtor's former CEO sued a secured lender for tortiously interfering with his employment contract.  *Id.* at 293.  The secured lender argued that the claim belonged to the bankruptcy estate, but the Fifth Circuit disagreed, holding that the CEO's claim was direct because his termination "did not depend on [the debtor] suffering any injury."  *Id.* at 295.  The court articulated the governing test: "If the harm to the creditor comes about only because of harm to the debtor, then its injury is derivative, and the claim is property of the estate. . . . But even when the conduct harms the debtor, the creditor may also have a claim if its asserted injury does not flow from injury to the debtor."  *Id.* at 293 (citations omitted).  Critically, "as long as the injury a creditor is pursuing against a third party does not stem from the depletion of estate assets, the injury is a direct one that does not belong to the estate."  *Id.* at 295.

17.     To make this determination, the Fifth Circuit espouses a two-part test in which courts consider (1) whether the debtor could have raised the claim under applicable law, and (2) the nature of the injury for which relief is sought and the relationship between the debtor and that injury.  *Seven Seas*, 522 F.3d at 584; *see also Educators Grp. Health Tr.*, 25 F.3d at 1284 ("[I]f the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate.").

18.     In *Seven Seas*, unsecured bondholders sued a consulting firm that provided false oil reserve estimates upon which the bondholders relied when deciding to invest.  522 F.3d at 585.  The Fifth Circuit held that the claims belonged to the bondholders, not the estate, because the induced reliance "was a direct injury to the bondholders that was independent of any injury to

7

[the debtor]." *Id.* at 586.  The court explained that the mere existence of common parties and shared facts between a debtor's bankruptcy and a lawsuit by creditors does not necessarily mean that the claims asserted by the creditors are property of the estate. *Id.* at 585–86.

19.     Here, the Movants' claims fit well within the *Seven Seas* and *Buccaneer* framework.  First, the wrongful death and personal injury claims at issue belong exclusively to the Movants—the Debtors have no standing to assert these claims and never could have.  *See* Tex. Civ. Prac. & Rem. Code § 71.004(b) (wrongful death claims vest in statutory beneficiaries). Second, the injuries forming the bases of the Movants' state court complaints do not "flow from injury to the debtor" or involve "depletion of estate assets."  *Buccaneer Res.*, 912 F.3d at 293–95. Rather, the Movants allege claims for direct, personal harm caused by the Individual Defendants' tortious conduct—their personal failure to heed flood warnings and their personal failure to evacuate campers entrusted to their care, among other things.

20.     Because the Movants' claims against the Individual Defendants are direct tort claims that the Debtors could not have asserted and that do not derive from harm to the Debtors, they are not property of the estate and are not stayed under section 362(a)(3) of the Bankruptcy Code.  *See Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 755 (5th Cir. 1995) (holding that bankruptcy court did not have jurisdiction over bad-faith claims third parties brought against a debtor's insurer because "the claims are not property of the estate and they have no effect on the estate."); *cf. Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir. 1994) ("When a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party.").

## III.    The "Identity of Interest" Exception Does Not Apply.

21.     Courts have recognized a narrow exception permitting extension of the stay to non-debtors where there exists "such identity between the debtor and the third-party defendant that the

8

4902-7706-1827

debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). This exception is exceedingly narrow and has "stringent factual requirements." *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 308 (Bankr. S.D. Tex. 2015). It requires an "actual, as opposed to an alleged or potential, identity of interests," and the party invoking the stay bears the burden to show that these "unusual circumstances" exist. *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723–24 (S.D. Tex. 2010).

22.     The identity-of-interest exception does not apply here. Upon information and belief, there is no formal tie or contractual indemnification agreement between the Individual Defendants and the Debtors that would create such an identity of interests. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (declining to extend stay where non-debtor had "no interest to establish such an identity with [the] debtor" and "[t]here [was] no claim of a formal tie or contractual indemnification to create such an identity of interests."). The Movants' claims against the Individual Defendants are based on the Individual Defendants' *own* personal tortious conduct—not on any theory of vicarious liability, agency, or indemnification that would make the Debtors the real party in interest.

23.     Moreover, the mere presence of overlapping or identical allegations against both debtor and non-debtor defendants is insufficient to trigger the exception. *Divine Ripe* is instructive. In that case, the Bankruptcy Court for the Southern District of Texas denied a motion to extend the automatic stay to a non-debtor managing member of a debtor LLC, even though the claims against the non-debtor and the debtor were similar. *Divine Ripe*, 538 B.R. at 312–13. The court explained that "the presence of identical allegations against the debtor and non-debtor

4902-7706-1827

defendants is an insufficient ground to extend the stay to the non-debtor . . . . There must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the non-bankrupt party would in fact be a judgment against the bankrupt party." *Id.* at 312.  The non-debtor in that case "ha[d] not demonstrated such a relationship and ha[d] not carried his burden to demonstrate that the § 362 stay may be extended to him." *Id.*

24.     Here, a judgment against the Individual Defendants for their personal conduct would not constitute a judgment against the Debtors—the Individual Defendants face personal liability for their own acts and omissions. *See S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1147 (5th Cir. 1987) ("[A] section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants.").

## Notice

25.     Notice of this Motion was provided to:  (a) the Debtors; (b) the Office of the United States Trustee for the Southern District of Texas; (c) the Individual Defendants; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice is required.

WHEREFORE, Movants respectfully request that the Court enter the Order granting the relief requested herein, and granting such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

10

Respectfully submitted this 2nd day of August, 2026.

**GRAY REED**

By:      */s/ Jason S. Brookner*
       Jason S. Brookner
       Texas Bar No. 24033684
       Lydia R. Webb
       Texas Bar No. 24083758
       Aaron M. Kaufman
       Texas Bar No. 24060067
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:   (713) 986-7000
Facsimile:   (713) 986-7100
Email:      jbrookner@grayreed.com
       lwebb@grayreed.com
       akaufman@grayreed.com

*Counsel to Certain Heaven's 27 Families*

**Certificate of Conference Regarding Substitution and Timing**

The undersigned certifies that on July 31, 2026, he conferred with counsel to the Debtors and counsel to the Individual Defendants, neither of whom object to Movants substituting in as the real parties in interest on the Motion originally filed by the AHG.  Further, during said conference, it was agreed that the objection deadline for the Motion would be extended for two days for the Debtors and the Individual Defendants, until Wednesday, August 5, 2026.

*/s/ Jason S. Brookner*
Jason S. Brookner

**Certificate of Service**

I certify that on August 2, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

11

4902-7706-1827

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**ORDER CONFIRMING THAT
THE AUTOMATIC STAY DOES NOT APPLY TO
DIRECT CLAIMS AGAINST NON-DEBTOR INDIVIDUAL DEFENDANTS**

Upon the substituted motion (the "Motion")[2] of Certain Heaven's 27 Families ("Movants"),[3] for entry of an order: (a) confirming that the automatic stay of 11 U.S.C. § 362(a) does not extend to the Movants' direct claims against the Individual Defendants, who are not debtors, (b) declaring that the Movants may prosecute their direct tort claims against the Individual Defendants without violating the automatic stay, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter this Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4902-7706-1827

were appropriate under the circumstances and no other notice need be provided; and upon the hearing before this Court on the Motion conducted on [●], 2026 (the "Hearing") and the evidence presented threat; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED as follows:

1. The Motion is granted as set forth herein.

2. The automatic stay imposed by 11 U.S.C. § 362(a) applies only to the Debtors and does not extend to or protect any parties who are not debtors under title 11 of the United States Code, including the Individual Defendants.

3. The Movants' direct claims against the Individual Defendants are not stayed by 11 U.S.C. § 362(a)(1).

4. The Movants' claims against the Individual Defendants are direct tort claims that are not property of the Debtors' estates, and prosecution of such claims does not constitute an act to obtain possession of or exercise control over property of the Debtors' estates within the meaning of 11 U.S.C. § 362(a)(3).

5. The Movants may assert or continue to prosecute their wrongful death and negligence actions against the Individual Defendants in Texas state court or another applicable tribunal, and such prosecution shall not constitute a violation of the automatic stay.

6. For the avoidance of doubt, this Order does not modify, lift, or annul the automatic stay as it applies to the Debtors. The automatic stay remains in full force and effect as to all claims and actions against the Debtors.

2

4902-7706-1827

7.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2026

_____
Christopher M. López
United States Bankruptcy Judge

3

4902-7706-1827