**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MYSTIC CAMPS MANAGEMENT, LLC, | Case No. 26-90623 (CML) |
| Debtor. | (Jointly Administered) |

**GLOBAL NOTES AND
STATEMENTS OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above captioned debtor in possession (the "**Debtor**"), with the assistance of CR4 Partners, LLC, is filing its respective Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**", and together with the Schedules, "**Schedules and Statements**") with the United States Bankruptcy Court for the Southern District of Texas ("**Court**"). The Debtor's Schedules and Statements have been prepared pursuant to section 521 of title 11 of the United States Code, U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**Local Rules**").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtor's Schedules and Statements (the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of, all of the Debtor's Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Debtor's Schedules and Statements. The Schedules and Statements are unaudited and contain information that is subject to further review and potential adjustment.

While the Debtor's management has made commercially reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on the financial data derived from their books and records that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtor's books and records may result in material changes to financial data and other information contained in the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtor and its chief restructuring officer, directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the

1

Schedules and Statements. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of the Debtor's rights or an admission of any kind with respect to these chapter 11 cases, including, without limitation, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. For the avoidance of doubt, the Debtor reserves all rights to amend and supplement the Schedules as may be necessary or appropriate.

The Schedules and Statements have been signed by Karen Nicolaou, the Chief Restructuring Officer of the Debtor and an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Ms. Nicolaou has relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's advisors and other professionals. Ms. Nicolaou has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any of the Debtor's Schedules and Statements. Furthermore, the fact that the Debtor prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Notes or specific notes to the rest of the Debtor's Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments

### **Global Notes and Overview of Methodology**

1. **Description of the Case.** The Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code on June 24, 2026 (the "**Petition Date**"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this chapter 11 case. A statutory committee of unsecured creditors was appointed on July 22, 2026. The Debtor is jointly administered with the chapter 11 cases of its debtor affiliates under Case No. 26-90621, Camp Mystic, LLC.

   The factual background regarding the Debtor, including its business, its capital structure, and the events leading to the commencement of the chapter 11 cases is set forth in the

*Declaration of Karen Nicolaou, Debtors' Chief Restructuring Officer, in Support of Certain First-Day Pleadings* [Docket No. 15] and the *Declaration of Karen Nicolaou, Debtors' Proposed Chief Restructuring Officer, in Support of Chapter 11 Petitions and Second Day Motions* [Dkt. No. 45].

2. **Global Notes Controlling.** These Global Notes pertain to and comprise an integral part of the Debtor's Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with the Global Notes, the Global Notes shall control.

3. **Reservation and Limitations.** While reasonable efforts were made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and supplement, or otherwise modify, the Schedules and Statements from time to time in all respects as may be necessary or appropriate but do not undertake any obligation to do so; *provided* that the Debtor, its agents, and its advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law, from time to time.

   a. **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Characterizations.** Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, Statements, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

   c. **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the

3

legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract or to setoff such claim.

d. **Claims Description.** Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its Schedules and Statements or described in these Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed. The Debtor reserves all rights to amend its Schedules and Statements and Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtor to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

f. **Causes of Action.** The Debtor, despite its best efforts, may not have identified or set forth all causes of action (filed or potential) as assets in its Schedules and Statements. The Debtor reserves all rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. **Executory Contracts and Unexpired Leases.** Although the Debtor made diligent attempts to identify executory contracts of the Debtor, in certain instances, the Debtor may have inadvertently failed to do so. Accordingly, the Debtor reserves all of its rights to amend Schedule G.

h. **Property Rights.** Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statements should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been

4

terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i. **Insiders.** For purposes of the Schedules and Statements, the Debtor defines "insiders" to include the following: (i) directors; (ii) managers; (iii) officers; (iv) shareholders holding in excess of 5% of the voting shares of the Debtor entity (whether directly or indirectly); and (v) relatives of directors, managers, officers, or shareholders of the Debtor (to the extent known by the Debtor).

Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to: (i) such person's influence over the control of the Debtor; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability for any other purpose.

j. **Agreements Subject to Confidentiality.** There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtor and the third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtor may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts. This information is on file with the Debtor.

k. **Excluded Assets and Liabilities.** The Debtor excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. In addition and as set forth above, the Debtor may have excluded amounts for which the Debtor has been granted authority to pay pursuant to an order entered by the Bankruptcy Court.

l. **Damaged Records.** Many of the Debtor's records were damaged in the July 2025 Kerr County floods. The Debtor, with assistance from its professionals, has actively worked to access the information and records electronically where possible, repair documents and records where possible, and to collect missing financial information from alternate sources where necessary to complete these Schedules and Statements. Accordingly, the information contained in these Schedules and Statements has been prepared to the best of the Debtor's knowledge and abilities within the time frame afforded to it. Some of the records and financial information were recreated through physical inspection of the Debtor's assets by the Debtor's professionals and employees to approximate values for purposes of these Schedules and Statements and, accordingly, such information may be subject to inadvertent mistake or omission. The Debtor reserves all rights to amend and supplement the

Schedules and Statements as and if more definitive sources are made available to it.

4. **"As Of" Information Date.** To the best of the Debtor's knowledge and except as otherwise noted herein, information provided herein with respect to the Debtor's assets and liabilities is presented as of the Petition Date.

Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtor reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the aggregate amounts of liabilities exclude liabilities with values identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined." Actual aggregate amounts of liabilities may differ materially from the amounts provided in the Schedules and Statements.

5. **Methodology.**

    a. **Basis of Presentation.** For the avoidance of doubt, these Schedules and the Statements reflect only the assets and liabilities of the Debtor. These Schedules and Statements do not purport to represent financial information prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtor.

    b. **Reporting Date.** The asset information provided herein, except as otherwise noted, represents the Debtor's assets and liabilities as of the Petition Date. The scheduled liabilities may not include liabilities that were authorized to be paid and paid pursuant to orders of the Court, including but not limited to liabilities for pre-petition wages and employee benefits.

    c. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtor has endeavored to only list such assets, liabilities, and prepetition payments once.

    d. **Current Value of Assets.** Given the extent of damage to the Debtor's physical assets and records due to the July 2025 flood, the Debtor has access to limited historical records of its remaining depreciable assets. Accordingly, for purposes of the Schedules and Statements, the Debtor used a combination of net book value where available, fair market value, where determinable, and, for the Debtor's real property holdings, appraised value from the Kerr County Appraisal District records. Where none of these methods were practicable, the Debtor marked the value as undetermined.

e.  **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

f.  **Totals.** All totals that are included in the Schedules and Statements represent totals of known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

g.  **Paid Claims.** The Bankruptcy Court has authorized (but not directed) the Debtor to pay, in its discretion, certain outstanding claims on a postpetition basis to (i) prevent interruptions with the Debtor's business and (ii) ease the strain on the Debtor's relationships with certain essential constituents, including employees, insurance providers, cash management bank, taxing authorities, and utility providers (the "**First Day Orders**"). Pursuant to such First Day Orders, certain prepetition liabilities that the Debtor has paid postpetition or those which the Debtor plans to pay via this authorization may not be listed in the Schedules and Statements, or the amounts reflected in the Schedules and Statements may not reflect the amounts already paid by the Debtor pursuant to the First Day Orders.

h.  **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtor or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtor on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments, if applicable. The Debtor reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

i.  **Currency.** All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

**Please note the Debtor is a Non-Operating Shell Entity. Debtor is a disregarded entity for tax purposes. Accordingly, the Debtor has no books or records, no bank accounts, and no contracts. The only financial records for this Debtor are tax records in the form of Schedule K-1 representing its interest in Mystic Camps Family Partnership Ltd.**

6.  **Specific Schedules Disclosures.**

a.  **Schedule A/B, Part 1 – Cash and Cash Equivalents.** The Debtor does not have any cash or cash equivalents. Details with respect to its affiliated debtors' cash management system and bank accounts are provided in the *Debtors' Emergency*

7

*Motion for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, and (B) Maintain Existing Business Forms; (II) Extending Time to Comply with Requirements of 11 U.S.C. § 345(B); and (III) Granting Related Relief* [Dkt. No. 44] (the "**Cash Management Motion**").

b.  **Schedule A/B, Part 3 – Accounts Receivable.** The Debtor does not have accounts receivable.

c.  **Schedule D – Creditors Holding Secured Claims.** The Debtor has not included on Schedule D entities that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights.

d.  **Schedule E/F – Creditors Holding Unsecured Claims.** The Debtor has made reasonable efforts to report all priority and general unsecured claims against the Debtor on Schedule E/F based on the Debtor's books and records as of the Petition Date. However, the actual value of claims against the Debtor may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in this case will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information and data the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout the Chapter 11 cases.

*Part 2 – Creditors with Nonpriority Unsecured Claims.* The Debtor has used reasonable efforts to report all general unsecured claims against the Debtor in Schedule E/F, Part 2, based upon the Debtor's books and records as of the Petition Date. However, the actual amount of claims against the Debtor may vary from those liabilities listed on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

8

e. **<u>Schedule G – Executory Contracts and Unexpired Leases</u>.** Due to the damage caused by the July 2025 flood, the Debtor has few remaining copies of its executory contracts and unexpired leases. Accordingly, the Debtor, together with its professionals, has used its best efforts to compile a list of its executory contracts and unexpired leases from institutional knowledge, inventory of its physical assets, and research into its books and records. While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or overinclusion may have occurred. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or leases are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease. For any executory contract or unexpired lease that purportedly may have been assigned to the Debtor, but for which there is no documentation to support the purported assignment, neither the executory contract nor unexpired lease (or related claim) has been included on the Schedules. Any and all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtor is continuing its review of all relevant documents and expressly reserves its right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

**Please note the Debtor is a non-operating shell entity and to best of the Debtor's knowledge does not have executory contracts.**

f. **<u>Schedule</u> H.** The Debtor reserves all of its rights to amend the Schedules to the extent that guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

7. **<u>Specific Statements Disclosures</u>.**

a. **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The Debtor has made reasonable best efforts to identify all current pending litigation and legal proceedings involving the Debtor. The Debtor reserves all of its rights and defenses with respect to any and all listed lawsuits and legal proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor.

**Fill in this information to identify the case:**

Debtor name  Mystic Camps Management, LLC

United States Bankruptcy Court for the: Southern District of Texas

(State)

Case number (If known):  26-90623

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
|---|---|

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*........................................................................ **$0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..................................................................... **$147,000.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*....................................................................... **$147,000.00**

| Part 2: | Summary of Liabilities |
|---|---|

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............................................. **$0.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..................................................... **$0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*....................................... **+** **$0.00**

4. **Total liabilities**..................................................................................................................
   Lines 2 + 3a + 3b **$0.00**

Official Form 206Sum      **Summary of Assets and Liabilities for Non-Individuals**      page 1 of 1

**Fill in this information to identify the case:**

Debtor name   MYSTIC CAMPS MANAGEMENT, LLC

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (If known):   26-90623

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

## Part 1:   Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

    ☑ No. Go to Part 2.
    ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.  **Cash on hand**<br><br>   **NONE** | |

| 3.  **Checking, savings, money market, or financial brokerage account** *(Identify all)* | Current value of debtor's interest |
|---|---|
| Name of institution (bank or brokerage firm)   Type of account          Last 4 digits of account number<br><br>   **NONE** | |

| 4.  **Other cash equivalents** *(Identify all)* | Current value of debtor's interest |
|---|---|
|    **NONE** | |

| 5.  **Total of Part 1**<br>   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | $0.00 |

---

Debtor    MYSTIC CAMPS MANAGEMENT, LLC    Case number (if known)    26-90623
          (name)

| Part 2: | Deposits and prepayments |
|---|---|

**6.  Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**7.    Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**NONE**

**Current value of debtor's interest**

**8.    Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**NONE**

**9.    Total of Part 2**
Add lines 7 through 8. Copy the total to line 81.                                      $0.00

| Part 3: | Accounts receivable |
|---|---|

**10.  Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11.    Accounts receivable**

**NONE**

**12.    Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.               $0.00

Debtor   MYSTIC CAMPS MANAGEMENT, LLC
 (name)

Case number (if known)   26-90623

## Part 4:   Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.** | **Mutual funds or publicly traded stocks not included in Part 1** | | |
| | Name of fund or stock: | | |
| | **NONE** | | |

| | | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **15.** | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | | |
| | Name of entity: | % of ownership: | | |
| 15.1 | MYSTIC CAMPS FAMILY PARTNERSHIP, LTD. | 1% | 1% OF MCFP EQUITY VALUE | $147,000.00 |

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **16.** | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| | Describe: | | |
| | **NONE** | | |

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

$147,000.00

## Part 5:   Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory (mm/dd/yy) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **NONE** | | | | |

Debtor ___MYSTIC CAMPS MANAGEMENT, LLC_____ Case number (if known) ___26-90623_____
     (name)

| General description | Date of the last physical inventory (mm/dd/yy) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**20.** **Work in progress**

    **NONE**

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**21.** **Finished goods, including goods held for resale**

    **NONE**

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**22.** **Other inventory or supplies**

    **NONE**

**23.** **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

                                                                            $0.00

**24.** Is any of the property listed in Part 5 perishable?

    ☑ No    ☐ Yes

**25.** Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?

    ☑ No    ☐ Yes    Book value _____    Valuation method _____    Current value _____

**26.** Has any of the property listed in Part 5 been appraised by a professional within the last year?

    ☑ No    ☐ Yes

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27.** **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28.** **Crops–either planted or harvested**

    **NONE**

Debtor     MYSTIC CAMPS MANAGEMENT, LLC     Case number (if known)    26-90623
      (name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**29.**   **Farm animals** *Examples:* Livestock, poultry, farm-raised fish

    **NONE**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**30.**   **Farm machinery and equipment** (Other than titled motor vehicles)

    **NONE**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**31.**   **Farm and fishing supplies, chemicals, and feed**

    **NONE**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**32.**   **Other farming and fishing-related property not already listed in Part 6**

    **NONE**

**33.**   **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

          $0.00

**34.**   Is the debtor a member of an agricultural cooperative?

    ☑ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No       ☐ Yes

**35.**   Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?

    ☑ No      ☐ Yes     Book value _____     Valuation method _____     Current value _____

**36.**   Is a depreciation schedule available for any of the property listed in Part 6?

    ☑ No      ☐ Yes

Debtor    MYSTIC CAMPS MANAGEMENT, LLC
                (name)                                              Case number (if known)    26-90623

---

**37.**  Has any of the property listed in Part 6 been appraised by a professional within the last year?

☑ No      ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38.  Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  Office furniture** | | | |
| NONE | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **40.  Office fixtures** | | | |
| NONE | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **41.  Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| NONE | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42.  Collectibles** | | | |
| *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| NONE | | | |

**43.  Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$0.00

**44.**  Is a depreciation schedule available for any of the property listed in Part 7?

☑ No      ☐ Yes

---

Debtor _____MYSTIC CAMPS MANAGEMENT, LLC_____   Case number (if known) ____26-90623_____
       (name)

---

45. Has any of the property listed in Part 7 been appraised by a professional within the last year?

☑ No    ☐ Yes    Book value _____    Valuation method _____    Current value _____

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

  NONE

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

  NONE

**49. Aircraft and accessories**

  NONE

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

  NONE

**51. Total of Part 8.**
   Add lines 46 through 50. Copy the total to line 87.                        $0.00

52. Has any of the property listed in Part 8 been a subject of a depreciation schedule within the last year?

☑ No    ☐ Yes

53. Has any of the property listed in Part 8 been appraised by a professional within the last year?

☑ No    ☐ Yes

---

Debtor    MYSTIC CAMPS MANAGEMENT, LLC _____    Case number (if known) ___26-90623_____
          (name)

---

## Part 9:   Real property

**54.  Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **55.   Real property**<br><br>   NONE | | | | |

**56.   Total of Part 9.**                                                                                                                              $0.00

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

**57.   Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No        ☐ Yes

**58.   Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No        ☐ Yes

---

## Part 10:   Intangibles and intellectual property

**59.  Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.   Patents, copyrights, trademarks, and trade secrets**<br><br>   NONE | | | |

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **61.   Internet domain names and websites**<br><br>   NONE | | | |

---

Debtor   MYSTIC CAMPS MANAGEMENT, LLC _____   Case number (if known) ___26-90623_____
         (name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **62.   Licenses, franchises, and royalties** | | | |
| **NONE** | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **63.   Customer lists, mailing lists, or other compilations** | | | |
| **NONE** | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64.   Other intangibles, or intellectual property** | | | |
| **NONE** | | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **65.   Goodwill** | | | |
| **NONE** | | | |

**66.   Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.    $0.00

**67.**   Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No      ☐ Yes

**68.**   Is there an amortization or other similar schedule available for any of the property listed in Part 10?

☑ No      ☐ Yes

**69.**   Has any of the property listed in Part 10 been appraised by a professional within the last year?

☑ No      ☐ Yes

Official Form 206A/B      **Schedule A/B: Assets — Real and Personal Property**      Page 9 of 11

Debtor    MYSTIC CAMPS MANAGEMENT, LLC                        Case number (if known)    26-90623
          (name)

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **71.** | **Notes receivable** <br> Description (include name of obligor) <br><br> **NONE** | |
| **72.** | **Tax refunds and unused net operating losses (NOLs)** <br><br> Description (for example, federal, state, local) <br><br> **NONE** | |
| **73.** | **Interests in insurance policies or annuities** <br><br><br> **NONE** | |
| **74.** | **Causes of action against third parties (whether or not a lawsuit has been filed)** <br><br> **NONE** | |
| **75.** | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** <br><br> **NONE** | |
| **76.** | **Trusts, equitable or future interests in property** <br><br><br> **NONE** | |

Official Form 206A/B          **Schedule A/B: Assets — Real and Personal Property**          Page 10 of 11

Debtor   MYSTIC CAMPS MANAGEMENT, LLC          Case number (if known)   26-90623
              (name)

**77.    Other property of any kind not already listed**
Examples: Season tickets, country club membership

**Current value of debtor's interest**

NONE

**78.    Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

$0.00

**79.    Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No       ☐ Yes

## Part 12:   Summary

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80.    Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | |
| 81.    Deposits and prepayments. Copy line 9, Part 2. | $0.00 | |
| 82.    Accounts receivable. Copy line 12, Part 3. | $0.00 | |
| 83.    Investments. Copy line 17, Part 4. | $147,000.00 | |
| 84.    Inventory. Copy line 23, Part 5. | $0.00 | |
| 85.    Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | |
| 86.    Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7 | $0.00 | |
| 87.    Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | |
| 88.    Real property. Copy line 56, Part 9. → | | $0.00 |
| 89.    Intangibles and intellectual property. Copy line 66, Part 10. | $0.00 | |
| 90.    All other assets. Copy line 78, Part 11. | $0.00 | |
| 91. Total. Add lines 80 through 90 for each column. | 91a. $147,000.00 | + 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92          $147,000.00

**Fill in this information to identify the case:**

Debtor name   <u>MYSTIC CAMPS MANAGEMENT, LLC</u>

United States Bankruptcy Court for the:   <u>SOUTHERN DISTRICT OF TEXAS</u>

Case number (If known):   <u>26-90623</u>

☐ Check if this is an amended filing

## Official Form 206D

### Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:**   **List All Creditors with Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any**   $0.00

**Fill in this information to identify the case:**

Debtor name   MYSTIC CAMPS MANAGEMENT, LLC

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (If known):   26-90623

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)* and on *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*. Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3.1**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.2**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

Debtor     MYSTIC CAMPS MANAGEMENT, LLC       Case number (if known)    26-90623
        (name)

---

**3.3**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

---

**3.4**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

---

**3.5**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

---

**3.6**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

---

Debtor     MYSTIC CAMPS MANAGEMENT, LLC           Case number (if known)    26-90623
          (name)

---

**3.7**

| | |
|---|---|
| **Nonpriority creditor's name and mailing address** | **Amount of claim** |
| NAME AND ADDRESS ON FILE | |

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim:** UNDETERMINED

---

**3.8**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim:** UNDETERMINED

---

**3.9**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim:** UNDETERMINED

---

**3.10**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim:** UNDETERMINED

---

Debtor     MYSTIC CAMPS MANAGEMENT, LLC        Case number (if known)    26-90623
         (name)

**3.11**

| | |
|---|---|
| **Nonpriority creditor's name and mailing address** | **Amount of claim** |

**Nonpriority creditor's name and mailing address**
EDWARD EASTLAND
ADDRESS ON FILE

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Amount of claim**

UNDETERMINED

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Basis for the claim:**
INDEMNIFICATION

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.12**

**Nonpriority creditor's name and mailing address**
ESTATE OF RICHARD G EASTLAND
ADDRESS ON FILE

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Amount of claim**

UNDETERMINED

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Basis for the claim:**
INDEMNIFICATION

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.13**

**Nonpriority creditor's name and mailing address**
GEORGE A EASTLAND
ADDRESS ON FILE

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Amount of claim**

UNDETERMINED

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Basis for the claim:**
INDEMNIFICATION

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.14**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Amount of claim**

UNDETERMINED

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor     MYSTIC CAMPS MANAGEMENT, LLC       Case number (if known)     26-90623
         (name)

---

**3.15**

| | | **Amount of claim** |
|---|---|---|

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

UNDETERMINED

---

**3.16**

| | | **Amount of claim** |
|---|---|---|

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

UNDETERMINED

---

**3.17**

| | | **Amount of claim** |
|---|---|---|

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

UNDETERMINED

---

**3.18**

| | | **Amount of claim** |
|---|---|---|

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

UNDETERMINED

---

Official Form 206E/F       **Schedule E/F: Creditors Who Have Unsecured Claims**       Page 5 of 13

Debtor    MYSTIC CAMPS MANAGEMENT, LLC                                    Case number (if known)    26-90623
          (name)

**3.19**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.20**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.21**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.22**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

Debtor     MYSTIC CAMPS MANAGEMENT, LLC       Case number (if known)    26-90623
       (name)

**3.23**

| | |
|---|---|
| **Nonpriority creditor's name and mailing address** | **Amount of claim** |

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.24**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.25**

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

**3.26**

**Nonpriority creditor's name and mailing address**
RICHARD G EASTLAND, JR.
ADDRESS ON FILE

**Date or dates debt was incurred**

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**
INDEMNIFICATION

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

Debtor     MYSTIC CAMPS MANAGEMENT, LLC           Case number  (if known)      26-90623
          (name)

### 3.27

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

### 3.28

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

### 3.29

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

### 3.30

**Nonpriority creditor's name and mailing address**
NAME AND ADDRESS ON FILE

**Date or dates debt was incurred**
7/4/2025

**Last 4 digits of account number**

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
WRONGFUL DEATH

**Is the claim subject to offset?**
☑ No
☐ Yes

**Amount of claim**

UNDETERMINED

| Debtor | MYSTIC CAMPS MANAGEMENT, LLC | Case number (if known) | 26-90623 |
|---|---|---|---|
| | (name) | | |

**3.31**

| | | Amount of claim |
|---|---|---|
| **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | |
| WILLETTA A EASTLAND | *Check all that apply.* | |
| ADDRESS ON FILE | ☑ Contingent | UNDETERMINED |
| | ☑ Unliquidated | |
| **Date or dates debt was incurred** | ☐ Disputed | |
| | **Basis for the claim:** | |
| **Last 4 digits of account number** | INDEMNIFICATION | |
| | **Is the claim subject to offset?** | |
| | ☑ No | |
| | ☐ Yes | |

---

**Part 3:    List Others to Be Notified for a Debt Already Listed in Part 1 or Part 2**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.**

Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|
| AKIN GUMP<br>ATTN MARTY L. BRIMMAGE, JR.<br>2300 NORTH FIELD STREET, STE 1800<br>DALLAS, TX 75201 | Line 3.20<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.1<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.10<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.17<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.18<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.23<br>☐ Not listed. Explain: | |
| ARNOLD & ITKIN LLP<br>ATTN KURT B. ARNOLD<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX 77007 | Line 3.25<br>☐ Not listed. Explain: | |
| FERGUSON LAW FIRM LLP<br>ATTN TIMOTHY FERGUSON<br>3155 EXECUTIVE BOULEVARD<br>BEAUMONT, TX 77705 | Line 3.19<br>☐ Not listed. Explain: | |

Debtor      MYSTIC CAMPS MANAGEMENT, LLC
            (name)

Case number (if known)      26-90623

| | | |
|---|---|---|
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.27<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.28<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.29<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.30<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.1<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.2<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.3<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.4<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.6<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.7<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.8<br>☐ Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.9<br>☐ Not listed. Explain: | |

Debtor _____MYSTIC CAMPS MANAGEMENT, LLC_____   Case number (if known) ____26-90623_____
                     (name)

| | | |
|---|---|---|
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.10<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.14<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.15<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.16<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.17<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.18<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.19<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.21<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.22<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.23<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.24<br>☐  Not listed. Explain: | |
| GRAY REED<br>ATTNJASON S. BROOKNER, LYDIA R. WEBB,<br>AARON M. KAUFMAN<br>1300 POST OAK BLVD, SUITE 2000<br>HOUSTON, TX 77056 | Line  3.25<br>☐  Not listed. Explain: | |
| HOWRY BREEN & HERMAN, L.L.P.<br>ATTN RANDY R. HOWRY, SEAN BREEN<br>1900 PEARL STREET<br>AUSTIN, TX 78705 | Line  3.28<br>☐  Not listed. Explain: | |

| Debtor | MYSTIC CAMPS MANAGEMENT, LLC | Case number (if known) | 26-90623 |
|---|---|---|---|
| | (name) | | |

| | | |
|---|---|---|
| JEFFERSON CANO, PLLC<br>ATTN LAMONT A. JEFFERSON, EMMA CANO<br>112 E. PECAN, SUITE 2828<br>SAN ANTONIO, TX 78205 | Line 3.15<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.4<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.7<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.8<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.9<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.14<br>☐ Not listed. Explain: | |
| LANIER LAW FIRM, P.C.<br>ATTN W. MARK LANIER, SAM TAYLOR,<br>SARA ABSTON<br>10940 W. SAM HOUSTON PKWY N., SUITE 100<br>HOUSTON, TX 77064 | Line 3.21<br>☐ Not listed. Explain: | |
| NIX PATTERSON, LLP<br>ATTN BRADLEY E. BECKWORTH<br>8701 BEE CAVE ROAD<br>SEVEN OAKS EAST, SUITE 500<br>AUSTIN, TX 78746 | Line 3.30<br>☐ Not listed. Explain: | |
| STEVENSON & MURRAY<br>ATTN JOHN W. STEVENSON, JR.<br>24 GREENWAY PLAZA, SUITE 750<br>HOUSTON, TX 77046 | Line 3.6<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line 3.2<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line 3.3<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line 3.16<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line 3.22<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line 3.24<br>☐ Not listed. Explain: | |

Debtor     MYSTIC CAMPS MANAGEMENT, LLC                                    Case number (if known)     26-90623
                (name)

| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line   3.27<br>☐ Not listed. Explain: | |
| YETTER COLEMAN LLP<br>ATTN R. PAUL YETTER<br>811 MAIN STREET, SUITE 4100<br>HOUSTON, TX 77002 | Line   3.29<br>☐ Not listed. Explain: | |

---

**Part 4:**     **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| **5a.** Total claims from Part 1 | 5a. | $0.00 |
| **5b.** Total claims from Part 2 | 5b. | $0.00 |
| **5c.** Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name   MYSTIC CAMPS MANAGEMENT, LLC

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (If known):   26-90623

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases   12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☑   No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐   Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor name  MYSTIC CAMPS MANAGEMENT, LLC

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (If known):  26-90623

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |

**Fill in this information to identify the case and this filing:**

Debtor Name  MYSTIC CAMPS MANAGEMENT, LLC

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (*If known*):  26-90623

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule*

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/07/2026          ✘ /s/ KAREN G. NICOLAOU
       MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                      KAREN G. NICOLAOU
                                        Printed name

                                        CHIEF RESTRUCTURING OFFICER
                                        Position or relationship to debtor