**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NATURAL FOUNTAINS PROPERTIES, INC., | Case No. 26-90622 (CML) |
| Debtor. | (Jointly Administered) |

**GLOBAL NOTES AND
STATEMENTS OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above captioned debtor in possession (the "**Debtor**"), with the assistance of CR4 Partners, LLC, is filing its respective Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**", and together with the Schedules, "**Schedules and Statements**") with the United States Bankruptcy Court for the Southern District of Texas ("**Court**"). The Debtor's Schedules and Statements have been prepared pursuant to section 521 of title 11 of the United States Code, U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**Local Rules**").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtor's Schedules and Statements (the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of, all of the Debtor's Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Debtor's Schedules and Statements. The Schedules and Statements are unaudited and contain information that is subject to further review and potential adjustment.

While the Debtor's management has made commercially reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on the financial data derived from their books and records that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtor's books and records may result in material changes to financial data and other information contained in the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtor and its chief restructuring officer, directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the

1

Schedules and Statements. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of the Debtor's rights or an admission of any kind with respect to these chapter 11 cases, including, without limitation, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. For the avoidance of doubt, the Debtor reserves all rights to amend and supplement the Schedules as may be necessary or appropriate.

The Schedules and Statements have been signed by Karen Nicolaou, the Chief Restructuring Officer of the Debtor and an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Ms. Nicolaou has relied upon the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's advisors and other professionals. Ms. Nicolaou has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any of the Debtor's Schedules and Statements. Furthermore, the fact that the Debtor prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Notes or specific notes to the rest of the Debtor's Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments

### **Global Notes and Overview of Methodology**

1. **Description of the Case.** The Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code on June 24, 2026 (the "**Petition Date**"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in this chapter 11 case. A statutory committee of unsecured creditors was appointed on July 22, 2026. The Debtor is jointly administered with the chapter 11 cases of its debtor affiliates under Case No. 26-90621, Camp Mystic, LLC.

   The factual background regarding the Debtor, including its business, its capital structure, and the events leading to the commencement of the chapter 11 cases is set forth in the

*Declaration of Karen Nicolaou, Debtors' Chief Restructuring Officer, in Support of Certain First-Day Pleadings* [Docket No. 15] and the *Declaration of Karen Nicolaou, Debtors' Proposed Chief Restructuring Officer, in Support of Chapter 11 Petitions and Second Day Motions* [Dkt. No. 45].

2. **Global Notes Controlling.** These Global Notes pertain to and comprise an integral part of the Debtor's Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with the Global Notes, the Global Notes shall control.

3. **Reservation and Limitations.** While reasonable efforts were made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend and supplement, or otherwise modify, the Schedules and Statements from time to time in all respects as may be necessary or appropriate but do not undertake any obligation to do so; *provided* that the Debtor, its agents, and its advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law, from time to time.

    a. **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

    b. **Characterizations.** Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, Statements, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

    c. **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as

3

"executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract or to setoff such claim.

d. **Claims Description.** Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its Schedules and Statements or described in these Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed. The Debtor reserves all rights to amend its Schedules and Statements and Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtor to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

f. **Causes of Action.** The Debtor, despite its best efforts, may not have identified or set forth all causes of action (filed or potential) as assets in its Schedules and Statements. The Debtor reserves all rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. **Executory Contracts and Unexpired Leases.** Although the Debtor made diligent attempts to identify executory contracts of the Debtor, in certain instances, the Debtor may have inadvertently failed to do so. Accordingly, the Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

h. **Property Rights.** Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statements should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

4

Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i.  **Insiders.** For purposes of the Schedules and Statements, the Debtor defines "insiders" to include the following: (i) directors; (ii) managers; (iii) officers; (iv) shareholders holding in excess of 5% of the voting shares of the Debtor entity (whether directly or indirectly); and (v) relatives of directors, managers, officers, or shareholders of the Debtor (to the extent known by the Debtor).

Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to: (i) such person's influence over the control of the Debtor; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability for any other purpose.

j.  **Agreements Subject to Confidentiality.** There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtor and the third party, concerns of confidentiality, or concerns for the privacy of an individual, the Debtor may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts. This information is on file with the Debtor.

k.  **Excluded Assets and Liabilities.** The Debtor excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. In addition and as set forth above, the Debtor may have excluded amounts for which the Debtor has been granted authority to pay pursuant to an order entered by the Bankruptcy Court.

l.  **Damaged Records.** Many of the Debtor's records were damaged in the July 2025 Kerr County floods. The Debtor, with assistance from its professionals, has actively worked to access the information and records electronically where possible, repair documents and records where possible, and to collect missing financial information from alternate sources where necessary to complete these Schedules and Statements. Accordingly, the information contained in these Schedules and Statements has been prepared to the best of the Debtor's knowledge and abilities within the time frame afforded to it. Some of the records and financial information were recreated through physical inspection of the Debtor's assets by the Debtor's

professionals and employees to approximate values for purposes of these Schedules and Statements and, accordingly, such information may be subject to inadvertent mistake or omission. The Debtor reserves all rights to amend and supplement the Schedules and Statements as and if more definitive sources are made available to it.

4. **"As Of" Information Date.** To the best of the Debtor's knowledge and except as otherwise noted herein, information provided herein with respect to the Debtor's assets and liabilities is presented as of the Petition Date.

Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtor reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the aggregate amounts of liabilities exclude liabilities with values identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined." Actual aggregate amounts of liabilities may differ materially from the amounts provided in the Schedules and Statements.

5. **Methodology.**

   a. **Basis of Presentation.** For the avoidance of doubt, these Schedules and the Statements reflect only the assets and liabilities of the Debtor. These Schedules and Statements do not purport to represent financial information prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtor.

   b. **Reporting Date.** The asset information provided herein, except as otherwise noted, represents the Debtor's assets and liabilities as of the Petition Date. The scheduled liabilities may not include liabilities that were authorized to be paid and paid pursuant to orders of the Court, including but not limited to liabilities for pre-petition wages and employee benefits.

   c. **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtor has endeavored to only list such assets, liabilities, and prepetition payments once.

   d. **Current Value of Assets.** Given the extent of damage to the Debtor's physical assets and records due to the July 2025 flood, the Debtor has access to limited historical records of its remaining depreciable assets. Accordingly, for purposes of the Schedules and Statements, the Debtor used a combination of net book value where available, fair market value, where determinable, and, for the Debtor's real property holdings, appraised value from the Kerr County Appraisal District records

as of January 1, 2026. Where none of these methods were practicable, the Debtor marked the value as undetermined.

e.   **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

f.   **Totals.** All totals that are included in the Schedules and Statements represent totals of known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

g.   **Paid Claims.** The Bankruptcy Court has authorized (but not directed) the Debtor to pay, in its discretion, certain outstanding claims on a postpetition basis to (i) prevent interruptions with the Debtor's business and (ii) ease the strain on the Debtor's relationships with certain essential constituents, including employees, insurance providers, cash management bank, taxing authorities, and utility providers (the "**First Day Orders**"). Pursuant to such First Day Orders, certain prepetition liabilities that the Debtor has paid postpetition or those which the Debtor plans to pay via this authorization may not be listed in the Schedules and Statements, or the amounts reflected in the Schedules and Statements may not reflect the amounts already paid by the Debtor pursuant to the First Day Orders.

h.   **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtor or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtor on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments, if applicable. The Debtor reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

i.   **Currency.** All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

6.   **Specific Schedules Disclosures.**

a.   **Schedule A/B, Part 1 – Cash and Cash Equivalents.** Details with respect to the Debtor's cash management system and bank accounts are provided in the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, and (B) Maintain Existing*

*Business Forms; (II) Extending Time to Comply with Requirements of 11 U.S.C. § 345(B); and (III) Granting Related Relief* [Dkt. No. 44] (the "**Cash Management Motion**"). The Debtor's cash balances are listed as of the Petition Date as bank balances.

b. **Schedule D – Creditors Holding Secured Claims.** The Debtor has not included on Schedule D entities that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights.

c. **Schedule E/F – Creditors Holding Unsecured Claims.** The Debtor has made reasonable efforts to report all priority and general unsecured claims against the Debtor on Schedule E/F based on the Debtor's books and records as of the Petition Date. However, the actual value of claims against the Debtor may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in this case will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information and data the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout the Chapter 11 cases.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, updating that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule E/F.

*Part 1 – Creditors with Priority Unsecured Claims.* The Debtor scheduled certain claims owing to various taxing authorities to which the Debtor may be liable. Certain priority unsecured tax claims the Debtor believes were owed as of the Petition Date may have been paid through the First Day Orders. Moreover, the inclusion of any amounts owed to taxing authorities does not constitute an admission by the Debtor of such liability.

The Debtor also scheduled certain claims owed as of the Petition Date for wages and salaries of employees and/or non-employee contractors. These claims may have been paid through the First Day Orders. Moreover, the inclusion of any

8

amounts owed to employees or non-employee contractors does not constitute an admission by the Debtor of such liability.

The Debtor reserves the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

***Part 2 – Creditors with Nonpriority Unsecured Claims.*** The Debtor has used reasonable efforts to report all general unsecured claims against the Debtor in Schedule E/F, Part 2, based upon the Debtor's books and records as of the Petition Date. However, the actual amount of claims against the Debtor may vary from those liabilities listed on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, some prepetition amounts may have been or will be paid in accordance with the First Day Orders. Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

d.  **Schedule G – Executory Contracts and Unexpired Leases.** Due to the damage caused by the July 2025 flood, the Debtor has few remaining copies of its executory contracts and unexpired leases. Accordingly, the Debtor, together with its professionals, has used its best efforts to compile a list of its executory contracts and unexpired leases from institutional knowledge, inventory of its physical assets, and research into its books and records. While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or overinclusion may have occurred. Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or leases are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease. For any executory contract or unexpired lease that purportedly may have been assigned to the Debtor, but for which there is no documentation to support the purported assignment, neither the executory contract nor unexpired lease (or related claim) has been included on the Schedules. Any and all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on

9

Schedule G are hereby reserved and preserved. In addition, the Debtor is continuing its review of all relevant documents and expressly reserves its right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

Certain information, such as contact information or addresses of the counterparty, contract term, or outstanding amounts owed may not be included where such information could not be obtained using the Debtor's reasonable efforts. The Debtor will continue to reach out to the contract counterparties to obtain this information. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

e. **Schedule H.** The Debtor reserves all of its rights to amend the Schedules to the extent that guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

7. **Specific Statements Disclosures.**

a. **Statements Part 1, Question 1 and 2 – Gross Revenue from business.** Revenue amounts listed for current fiscal year are through June 24, 2026. Gross Revenues for the prior years of 2024 and 2025 are for fiscal and calendar years ended on December 31st respectively.

b. **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.** With respect to insiders, the amounts listed reflect certain payments and transfers to such individuals, including, without limitation, distributions, compensation, expense reimbursement, and/or severance and the like.

c. **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The Debtor has made reasonable best efforts to identify all current pending litigation and legal proceedings involving the Debtor. The Debtor reserves all of its rights and defenses with respect to any and all listed lawsuits and legal proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor.

d. **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Refer to Section 5 (*Methodology*) regarding all payments to insiders and Global Notes, Statements, Part 2, Question 4 (above).

**Fill in this information to identify the case:**

Debtor name    Natural Fountains Properties, Inc

United States Bankruptcy Court for the:    Southern District of Texas

Case number (If known):    26-90622

☐ Check if this is an
amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---------|--------|

1. **Gross revenue from business**

   ☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From 01/01/2026 to 06/24/2026<br>MM / DD / YYYY     MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 34,565.94 |
| From 01/01/2025 to 12/31/2025<br>MM / DD / YYYY     MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 2,496,006.37 |
| From 01/01/2024 to 12/31/2024<br>MM / DD / YYYY     MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 4,844,446.00 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties.
   List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

---

Official Form 207              **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**              Page 1 of 11

Debtor   Natural Fountains Properties, Inc                         Case number (if known)        26-90622
                  (name)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3.   **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| ARNOLD & FREEMAN | 04/21/2026 | $ 44,005.16 | LEGAL FEES |
| 12770 COIT ROAD, SUITE 750 | 05/16/2026 | $ 11,089.35 | LEGAL FEES |
| DALLAS, TX 75251 | 06/16/2026 | $ 12,924.80 | LEGAL FEES |
| | 06/23/2026 | $ 12,924.80 | LEGAL FEES |
| **TOTAL FOR ARNOLD & FREEMAN** | | **$ 80,944.11** | |
| BANKSHOUSE REMODELING LLC | 04/21/2026 | $ 17,608.66 | CONSTRUCTION COSTS |
| 340 BROKEN SPUR DR. | 05/28/2026 | $ 7,830.00 | CONSTRUCTION COSTS |
| MOUNTAIN HOME, TX 78058 | | | |
| **TOTAL FOR BANKSHOUSE REMODELING LLC** | | **$ 25,438.66** | |
| BLUE COLLAR CONSTRUCTION | 03/29/2026 | $ 1,993.10 | CONSTRUCTION COSTS |
| 2350 JUCTION HIGHWAY 1002 | 05/07/2026 | $ 7,424.94 | CONSTRUCTION COSTS |
| KERRVILLE, TX 78028 | | | |
| **TOTAL FOR BLUE COLLAR CONSTRUCTION** | | **$ 9,418.04** | |
| STOUFFER & ASSOCIATES | 04/21/2026 | $ 10,000.00 | LEGAL FEES |
| 525 BUSBY DRIVE | | | |
| SAN ANTONIO, TX 78209 | | | |
| **TOTAL FOR STOUFFER & ASSOCIATES** | | **$ 10,000.00** | |
| US TREASURY INCOME TAX | 04/10/2026 | $ 440,000.00 | INCOME TAX |
| INTERNAL REVENUE SERVICE | | | |
| CENTRALIZED INSOLVENCY | | | |
| OPERATION | | | |
| PHILADELPHIA, PA 19101-7346 | | | |
| **TOTAL FOR US TREASURY INCOME TAX** | | **$ 440,000.00** | |
| VARTABEDIAN KATZ HESTER AND HAYNES | 06/23/2026 | $ 250,000.00 | RETAINER PAYMENT |
| 2200 ROSS AVENUE, SUITE 4200W | | | |
| DALLAS, TX 75201 | | | |
| **TOTAL FOR VARTABEDIAN KATZ HESTER AND HAYNES** | | **$ 250,000.00** | |
| WATERWAY ENGINEERING PLLC | 04/02/2026 | $ 10,750.00 | REPAIRS & MAINTENANCE |
| 3329 KELSEY CT | 04/17/2026 | $ 25,250.00 | REPAIRS & MAINTENANCE |
| FLOWER MOUND, TX 75028 | | | |
| **TOTAL FOR WATERWAY ENGINEERING PLLC** | | **$ 36,000.00** | |
| **GRAND TOTAL:** | | **$ 851,800.81** | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page 2 of 11

Debtor _____Natural Fountains Properties, Inc_____   Case number (if known) __26-90622__
                    (name)

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/1/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| WILLIAM NEELY BONNER | 06/30/2025 | $ 2,000.00 | COMPENSATION |
| ADDRESS ON FILE | 07/31/2025 | $ 2,000.00 | COMPENSATION |
| | 08/31/2025 | $ 2,000.00 | COMPENSATION |
| | 09/30/2025 | $ 2,000.00 | COMPENSATION |
| **Relationship to debtor** | 10/31/2025 | $ 2,000.00 | COMPENSATION |
| | 11/30/2025 | $ 2,000.00 | COMPENSATION |
| PRESIDENT | 12/31/2025 | $ 2,000.00 | COMPENSATION |
| | 01/31/2026 | $ 2,000.00 | COMPENSATION |
| | 02/28/2026 | $ 2,000.00 | COMPENSATION |
| | 03/31/2026 | $ 2,000.00 | COMPENSATION |
| | 04/30/2026 | $ 2,000.00 | COMPENSATION |
| | 05/31/2026 | $ 2,000.00 | COMPENSATION |
| **TOTAL FOR WILLIAM NEELY BONNER** | | **$ 24,000.00** | |
| **GRAND TOTAL:** | | **$ 24,000.00** | |

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

Debtor  Natural Fountains Properties, Inc  Case number (if known)  26-90622
                (name)

| Part 3: | Legal Actions or Assignments |
|---|---|

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| BELLOWS ET AL. V. CAMP MYSTIC, LLC ET AL.<br><br>**Case number**<br>1:26-CV-01916-RP; FORMALLY IN THE 459TH DISTRICT COURT FOR TRAVIS COUNTY, TEXAS, D-1-GN-25-009963 | WRONGFUL DEATH / SURVIVAL | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS 903 SAN JACINTO, STE 322, AUSTIN, TX 78701 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| GETTEN ET AL. V. NATURAL FOUNTAINS PROPERTIES, INC. ET AL.<br><br>**Case number**<br>1:26-CV-01919-RP; FORMALLY IN THE 459TH DISTRICT COURT FOR TRAVIS COUNTY, TEXAS, D-1-GN-25-009976 | WRONGFUL DEATH / SURVIVAL | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS 903 SAN JACINTO, STE 322, AUSTIN, TX 78701 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| NAYLOR ET AL. V. CAMP MYSTIC, LLC ET AL.<br><br>**Case number**<br>1:26-CV-01923-RP; FORMALLY IN THE 459TH JUDICIAL DISTRICT COURT FOR TRAVIS COUNTY, T, D-1-GN-25-010016 | WRONGFUL DEATH / SURVIVAL | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS 903 SAN JACINTO, STE 322, AUSTIN, TX 78701 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| PECK ET AL. V. CAMP MYSTIC, LLC ET AL.<br><br>**Case number**<br>1:26-CV-01922-RP; FORMALLY IN THE 459TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TX, D-1-GN-25-009983 | WRONGFUL DEATH / SURVIVAL | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS 903 SAN JACINTO, STE 322, AUSTIN, TX 78701 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor   Natural Fountains Properties, Inc _____   Case number (if known)   26-90622
        (name)

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| STEWARD ET AL. V. CAMP MYSTIC, LLC ET AL. | WRONGFUL DEATH / SURVIVAL | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS 903 SAN JACINTO, STE 322, AUSTIN, TX 78701 | ☑ Pending ☐ On appeal ☐ Concluded |
| **Case number** | | | |
| 1:26-CV-01926-RP; FORMALLY IN THE 459TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, T, D-1-GN-26-00758 | | | |

**8.    Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

## Part 4:    Certain Gifts and Charitable Contributions

**9.    List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

## Part 5:    Certain Losses

**10.    All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets - Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| REAL PROPERTY DAMAGE - FLOOD | $ 0.00 | 07/04/2026 | $ UNDETERMINED |

Debtor  Natural Fountains Properties, Inc
_____(name)_____

Case number (if known)  26-90622

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| VARTABEDIAN KATZ HESTER AND HAYNES 2200 ROSS AVENUE, SUITE 4200W DALLAS, TX 75201 | | 06/23/2026 | $ 250,000.00 |
| **Email or website address** | | | |
| HTTPS://VKHH.COM/ | | | |
| **Who made the payment, if not debtor?** | | | |

**TOTAL FOR VARTABEDIAN KATZ HESTER AND HAYNES** $ 250,000.00

**GRAND TOTAL:** $ 250,000.00

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

Debtor   Natural Fountains Properties, Inc
     (name)

Case number (if known)   26-90622

---

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

---

| Part 9: | Personally Identifiable Information |
| --- | --- |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.

    Does the debtor have a privacy policy about that information?

    ☐ No    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☐ Yes. Fill in below:

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
| --- | --- |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case.

Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

Debtor   Natural Fountains Properties, Inc          Case number (if known)   26-90622
          (name)

---

### Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns.

Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

### Part 12:

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**

Include settlements and orders.

☑ No

☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

---

### Part 13:  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing

this case. Include this information even if already listed in the Schedules.

☑ None

---

Debtor   Natural Fountains Properties, Inc _____   Case number (if known)   26-90622
         (name)

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

❑ None

| Name and address | Dates of service | |
|---|---|---|
| BOB HERBST<br>WHITLEY PENN LLP<br>11503 NW MILITARY HWY, SUITE 225<br>SAN ANTONIO, TX 78231 | From<br>To | 01/01/2020<br>PRESENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

❑ None

| Name and address | Dates of service | |
|---|---|---|
| BOB HERBST<br>WHITLEY PENN LLP<br>11503 NW MILITARY HWY, SUITE 225<br>SAN ANTONIO, TX 78231 | From<br>To | 01/01/2020<br>PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

❑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| BOB HERBST<br>WHITLEY PENN LLP<br>11503 NW MILITARY HWY, SUITE 225<br>SAN ANTONIO, TX 78231 | |
| EDWARD EASTLAND<br>ADDRESS ON FILE | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

❑ None

| Name and address |
|---|
| EDWARD S EASTLAND<br>ADDRESS ON FILE |
| GEORGE A EASTLAND<br>ADDRESS ON FILE |
| RICHARD G. EASTLAND, JR.<br>ADDRESS ON FILE |

Debtor  Natural Fountains Properties, Inc          Case number (if known)    26-90622
             (name)

| Name and address |
|---|
| SECURITY STATE BANK<br>37 BUSINESS COURT<br>FREDRICKSBURG, TX 78624 |
| WILLETTA A EASTLAND<br>ADDRESS ON FILE |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| EDWARD EASTLAND | ADDRESS ON FILE | DIRECTOR | |
| GEORGE A. EASTLAND | ADDRESS ON FILE | DIRECTOR | |
| RICHARD G. EASTLAND, JR. | ADDRESS ON FILE | DIRECTOR | |
| WILLETTA EASTLAND | ADDRESS ON FILE | DIRECTOR | |
| WILLIAM NEELY BONNER | ADDRESS ON FILE | PRESIDENT | |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| RICHARD G. "DICK" EASTLAND | ADDRESS ON FILE | MANAGER | From<br>To | 10/28/2021<br>07/04/2025 |

Debtor    <u>Natural Fountains Properties, Inc</u>      Case number (if known)    <u>26-90622</u>
      (name)

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| SEE P.2 Q.4 | | | |
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Part 14: | Signature and Declaration |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on   <u>08/07/2026</u>

✖ <u>/s/ KAREN G. NICOLAOU</u>        Printed name <u>KAREN G. NICOLAOU</u>
Signature of individual signing on behalf of the debtor

Position or relationship to debtor <u>CHIEF RESTRUCTURING OFFICER</u>

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207)* attached?**

☑ No

☐ Yes