**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CAMP MYSTIC, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90621 (CML)<br><br>(Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327 AND 328(a) FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CR4 PARTNERS, LLC AS FINANCIAL ADVISOR TO THE DEBTORS AS OF JUNE 25, 2026**

Upon the *Debtors' Application Pursuant to 11 U.S.C. §§ 327 and 328(a) for Entry of an Order Authorizing the Employment and Retention of CR4 Partners, LLC as Financial Advisor to the Debtors as of June 25, 2026* [Dkt. No. 106] (the "**Application**"), filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"), and upon consideration of the Declaration of William Roberts ("**Roberts Declaration**") submitted in support of the Application; and the Court being satisfied based upon the representations made in the Application and the Roberts Declaration that CR4 Partners, LLC does not represent any interests adverse to the Debtors' estates or their creditors with respect to the matter upon which it is to be engaged; and it further appearing that CR4 Partners, LLC is a "disinterested person[,]" as that term is defined under section 101(14) of the Bankruptcy Code, and as provided and disclosed in the Application and Roberts Declaration; and it further appearing that the employment of CR4 Partners, LLC as the Debtors' financial advisor is necessary and in the best interests of the Debtors' estates, their creditors, and other

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

parties in interest; and this Court having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. § 1408; and due and proper notice of the Application having been provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the relief requested in the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, **GRANTED**, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Bankruptcy Local Rules 2014-1 and 2016-1, in accordance with the terms of the Application, the Roberts Declaration, and the Engagement Agreement, as modified by this Order.

2. The Debtors are authorized to employ and retain CR4 Partners, LLC as their financial advisor in these Chapter 11 Cases for the purposes, and on the terms and conditions, described in the Application, the Roberts Declaration, and the Engagement Agreement, effective as of June 25, 2026, as modified by this Order.

3. CR4 Partners, LLC shall be compensated for such professional services, and be reimbursed for any related expenses incurred in connection with the professional services performed in these Chapter 11 Cases, pursuant to the terms set forth in the Application and the Engagement Agreement, and shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules,

and such other procedures as may be fixed by order of this Court. For billing purposes, CR4 Partners, LLC shall keep its time in one-tenth (1/10) hour increments.

4. The indemnification provisions included in the Engagement Letter are approved, subject to the following:

(a) CR4 Partners, LLC shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

(b) The Debtors shall have no obligation to indemnify CR4 Partners, LLC, or provide contribution or reimbursement to CR4 Partners, LLC, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from CR4 Partners, LLC's gross negligence, bad faith, fraud, or willful misconduct; or (ii) settled prior to a judicial determination as to CR4 Partners, LLC's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by the Court after notice and hearing to be a claim or expense for which CR4 Partners, LLC should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, CR4 Partners, LLC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, CR4 Partners, LLC must file an application therefor in the Court, and the Debtors may not pay any such amounts to CR4 Partners, LLC before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CR4 Partners, LLC for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, CR4 Partners, LLC. All parties in interest shall retain the right to object to any demand by CR4 Partners, LLC for indemnification, contribution and/or reimbursement.

5. Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

6. CR4 Partners, LLC shall provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the hourly rates set forth in the Application or the Engagement Letters are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Notwithstanding anything in the Application or the Engagement Letter to the contrary, CR4 Partners, LLC shall (a) pass through the cost of Contractors to the Debtors at the same rate that CR4 Partners, LLC pays the Contractors, (b) with respect to costs incurred by the Contractors, seek reimbursement for actual, reasonable, and documented costs only, (c) ensure that the Contractors are subject to the same conflict checks as were required for CR4 Partners, LLC in accordance with this retention, and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

8. In the event that, during the pendency of the Chapter 11 Cases, CR4 Partners, LLC seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in CR4 Partners, LLC's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such professional has been retained under section 327 of the Bankruptcy Code; *provided, however*, that CR4 Partners, LLC shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of CR4 Partners, LLC's fee applications in the Chapter 11 Cases.

9. To the extent the Debtors and CR4 Partners, LLC enter into any supplemental agreements or engagement letters not otherwise contemplated by the Application (collectively, "**Expanded Retention Documents**"), the Debtors will file such Expanded Retention Documents with the Court and serve such Expanded Retention Documents upon the U.S. Trustee and any official committee appointed in the Chapter 11 Cases. If no objection is filed and served on the Debtors within fourteen days after such Expanded Retention Documents are served, the Court may enter an order approving CR4 Partners, LLC's retention under such Expanded Retention Documents. To the extent any of such party objects within 14 days of such Expanded Retention Documents being served, the Debtors will promptly schedule a hearing before the Court on such matter. The Expanded Retention Documents will not be effective unless and until they are approved by the Court. All additional services shall be subject to the provisions of this Order.

10. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Roberts Declaration, and this Order, the terms of this Order shall govern.

11. CR4 Partners, LLC shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

~~3.~~15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ____________, 2026
Houston, Texas

_________________________________________
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE