**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CAMP MYSTIC, LLC,[1] | ) | Case No. 26-90621 (CML) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 100, 106, 107 & 108** |

**STATEMENT AND OMNIBUS RESERVATION OF RIGHTS BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING (I) THE DEBTORS' APPLICATIONS TO RETAIN PROFESSIONALS AND (II) ORDINARY COURSE PROFESSIONALS MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of Camp Mystic, LLC and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"), hereby files this statement and reservation of rights (the "Statement") regarding (i) *Debtors' Application Pursuant to 11 U.S.C. §§ 327 and 328(a) for Entry of an Order Authorizing the Employment and Retention of CR4 Partners, LLC as Financial Advisor to the Debtors as of June 25, 2026* [Docket No. 106], (ii) *Debtors' Application Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing Employment and Retention of Vartabedian Katz Hester & Haynes LLP as Attorneys for the Debtors as of June 24, 2026* [Docket No. 107], (iii) *Debtors' Application to Employ Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners as Chief Restructuring Officer* [Docket No. 108] (collectively, the "Applications" and such professionals, the "Debtors' Proposed Professionals") and (iv) *Debtors' Motion for Entry of an Order (I) Authorizing the Retention and*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

*Compensation of Certain Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 100] (the "OCP Motion").[2] In support of this Statement, the Committee respectfully states as follows:

## STATEMENT

1. The Committee appreciates the Debtors' need to retain competent restructuring professionals in these chapter 11 cases. However, the Committee is highly concerned about the Debtors' current corporate governance and the conflicts plaguing the Debtors' decision-makers, all of whom are members of the Eastland family. The Committee—which is comprised of 13 families who lost their daughters during the Camp Mystic flood of July 2025—wants the Debtors' Proposed Professionals to represent the Debtors' interests free of conflict. Yet as the Debtors' recently-filed adversary proceeding seeking to extend the automatic stay to the Eastlands demonstrates, the Eastland family is willing to put their own interests ahead of the Debtors'.[3] Going forward, so long as the Eastland family continues to control the Debtors' chapter 11 strategy, it will be all but impossible to meaningfully advance these chapter 11 cases.

2. The Eastland family has owned Camp Mystic for many decades. These chapter 11 cases arise from the flood and tragedy that took place at Camp Mystic on July 4, 2025, which claimed 28 lives, including those of 27 young girls and women (collectively, "Heaven's 27") and Camp Mystic's director and co-owner, Richard "Dick" Eastland. As reflected in the table below, four members of the Eastland family—Dick Eastland's wife, Willetta "Tweety" Eastland and their

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of Karen Nicolaou, Debtors' Proposed Chief Restructuring Officer, in Support of Chapter 11 Petitions and Second Day Motions* [Docket No. 45] (the "Second Day Declaration").

[3] The Debtors commenced an adversary proceeding requesting declaratory judgments and an injunction to protect these non-debtor Eastland family members. *See Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors, and (II) Preliminarily Enjoining Such Actions* [Adv. Pro. No. 26-03604, Docket No. 1] (the "Adversary Complaint").

three sons Richard, Britt, and Edward (collectively, the "Eastland Board Members")—control each of the four debtor entities.

| **Debtor**[4] | **Equity Ownership** | **Governance** |
|---|---|---|
| Camp Mystic, LLC | MC Family Partnership: 100% | Governing Equity Holder:<br>• MC Family Partnership (sole member)<br><br>Managers:<br>• Tweety Eastland<br>• Richard Eastland, Jr.<br>• Britt Eastland<br>• Edward Eastland |
| Natural Fountains Properties, Inc. | MC Family Partnership: 100% | Governing Equity Holder:<br>• MC Family Partnership<br><br>Directors:<br>• Tweety Eastland<br>• Richard Eastland, Jr.<br>• Britt Eastland<br>• Edward Eastland |
| Mystic Camps Family Partnership, Ltd. ("MC Family Partnership") | MC Management: 1%<br>Limited Partners (*i.e.*, Eastland Family Members/Trusts): 99% | Governing Equity Holder:<br>• MC Management (sole general partner) |
| Mystic Camps Management, LLC ("MC Management") | Tweety Eastland: 100% | Governing Equity Holder:<br>• Tweety Eastland (sole member)<br><br>Managers:<br>• Tweety Eastland<br>• Richard Eastland, Jr.<br>• Britt Eastland<br>• Edward Eastland |

3. While the Committee and its advisors are still getting up to speed on these cases, the Committee has already identified many areas where the individual interests of the Eastland Board Members will or may conflict with the Debtors' interests. *First*, the Eastland Board

[4] *See* Exhibit B to the Second Day Declaration.

Members are co-defendants with the Debtors in multiple civil lawsuits stemming from the July 2025 flood and may have litigation strategies and interests that are at cross-purposes with those of the Debtors. *Second*, individual Eastland Board Members are likely to assert indemnification claims against the Debtors.[5] *Third,* Debtor Camp Mystic, LLC is subject to an ongoing criminal investigation led by the Texas Rangers.[6] If that investigation even potentially expands to include individual members of the Eastland family, it is yet another area where the interests of the Debtors and the Eastland Board Members could be at odds. *Fourth*, the Eastland Board Members have a strong financial interest in retaining the Debtors' crown jewel asset: the 725-acre property on which Camp Mystic operated. To that end, the Eastland Board Members may adopt a litigation strategy designed to protect the property's owner (Natural Fountains Properties, Inc.) at the expense of other debtors. *Fifth*, the Committee believes that the Debtors may hold actionable claims against the Eastland Board Members, including claims for breaches of fiduciary duty. The Eastlands currently have no incentive to investigate these claims.

4. These and other conflicts of interest are not merely hypothetical. They are real, present and significant. Of course, such conflicts are not uncommon in chapter 11 cases. While

[5] Indeed, the Debtors' Schedules of Assets and Liabilities list undisputed indemnification claims from Edward Eastland, the Estate of Richard Eastland, Britt Eastland, Richard Eastland, Jr., Tweety Eastland, William Neely Bonner, Mystic Camps Family Partnership, Ltd., and Natural Fountains Properties, Inc. *See Schedule E/F* at Pages 702, 705-708, *Camp Mystic, LLC's Schedules of Assets and Liabilities* [Docket No. 152]; *see also Schedule E/F* at Pages 4-5, 8, 10, *Natural Fountains Properties, Inc.'s Schedules of Assets and Liabilities* [Docket No. 153] (listing undisputed indemnification claims for Edward Eastland, the Estate of Richard Eastland, Britt Eastland, Richard Eastland Jr., Tweety Eastland, and William Neely Bonner); *Schedule E/F* at Pages 4, 7, 9, *Mystic Camps Management, LLC's Schedules of Assets and Liabilities* [Docket No. 154] (listing undisputed indemnification claims for Edward Eastland, the Estate of Richard Eastland, Britt Eastland, Richard Eastland Jr., and Tweety Eastland); *Schedule E/F* at Pages 4, 8, *Mystic Camps Family Partnership, Ltd.'s Schedules of Assets and Liabilities* [Docket No. 155] (listing undisputed indemnification claims for the Estate of Richard Eastland and Tweety Eastland). How the Debtors have concluded that these indemnification claims are undisputed—despite their acknowledgment in other pleadings that these claims are subject to the "standard exclusions for gross negligence and willful misconduct, as well as an exclusion for claims based on a breach of the operating agreement"—is beyond the Committee. *See Adversary Complaint* at Page 6, Footnote 2. Put simply, the scheduling of these indemnification claims appears to be another example of the Debtors taking a position that is more in the interests of the Eastland family than of the estates.

[6] *See Part 3, Statement of Financial Affairs for Camp Mystic, LLC* [Docket No. 156].

the law provides tools that allow Debtors to improve their decision-making process, including the appointment and delegation of corporate decision-making authority to independent directors, the Eastland Board Members have decided to not use any of those tools.[7]

5. Through the Applications, the Debtors seek to retain and employ (i) CR4 Partners, LLC as financial advisor, (ii) Vartabedian Katz Hester & Haynes LLP as counsel, and (iii) Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners as chief restructuring officer. The Debtors also seek to employ three ordinary course professionals pursuant to the OCP Motion (such professionals, along with the Debtors' Proposed Professionals, the "Debtors' Professionals"). As discussed above, the Eastland Board Members continue to make decisions on behalf of the Debtors. There are numerous areas where the interests of Tweety, Richard, Britt and Edward Eastland diverge from those of the Debtors. Put simply, this dynamic could easily result in the Debtors' Professionals being instructed by their client to take positions and actions that are in the best interests of the Eastland Board Members and not the Debtors.

6. Going forward, the Committee will be closely monitoring the Debtors' Professionals and assessing whether the discharge of their duties appears to be improperly influenced by the Eastland Board Members' personal interests. Moreover, the Committee is still evaluating the Debtors' governance and assessing whether it will seek discovery under Federal Rule of Bankruptcy Procedure 2004, the appointment of a chapter 11 trustee, or both.

[7] The Debtors' application to retain Ms. Karen Nicolaou as chief restructuring officer describes the role as providing "Advisory Services," including "advancing restructuring, financial management, and turnaround strategies" related to these chapter 11 cases. *Debtors' Application to Employ Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners as Chief Restructuring Officer* [Docket No. 108]. In other words, nothing in the application to retain Ms. Nicolaou or the associated engagement letter appears to delegate broad corporate decision-making authority to her as chief restructuring officer or otherwise displaces the Eastland Board Members' control over the Debtors' governance. *See id.*

## RESERVATION OF RIGHTS

7. The Committee reserves all rights related to the retention of the Debtors' Professionals, including, without limitation, the right to amend or supplement this Statement or raise any arguments, whether by objection or otherwise, prior to, during or after any hearing(s) regarding the Applications or OCP Motion, or any hearing regarding payment of fees, or upon the occurrence of an apparent or actual conflict of interest by the Debtors' Professionals during the pendency of this case. All such rights are reserved and preserved.

[*Remainder of page intentionally left blank*]

Dated: August 14, 2026

Respectfully submitted,

*/s/ Jennifer J. Hardy*

**WILLKIE FARR & GALLAGHER LLP**

Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Facsimile: 713-510-1799
Email: jhardy2@willkie.com

**AND**

Brett H. Miller (admitted *pro hac vice*)
Hon. Shelley C. Chapman (Ret.) (admitted *pro hac vice*)
James H. Burbage (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Facsimile: 212-728-8111
Email: bmiller@willkie.com
schapman@willkie.com
jburbage@willkie.com

**AND**

Christopher DiPompeo (admitted *pro hac vice*)
1875 K St., N.W.
Washington, D.C. 20006
Telephone: (202) 303-1016
Facsimile: (202) 303-2000
Email: cdipompeo@willkie.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**LAWSON & MOSHENBERG PLLC**

Nicholas R. Lawson (Texas Bar No. 24083367)
Avishay Moshenberg (Texas Bar No. 24083532)
2301 Commerce St., Suite 200
Houston, TX 77002
Telephone: 903-316-9155
Email: nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

*Proposed Conflicts and Texas Counsel to the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on August 14, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jennifer J. Hardy*
Jennifer J. Hardy