United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION TO
EMPLOY KAREN NICOLAOU OF HMP ADVISORY HOLDINGS, LLC
D/B/A HARNEY PARTNERS AS CHIEF RESTRUCTURING OFFICER**

Upon the *Debtors' Application to Employ Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners as Chief Restructuring Officer* [Dkt. No. 108] (the "**Application**"), filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"); and upon consideration of the Declaration of Karen Nicolaou ("**Nicolaou Declaration**") submitted in support of the Application; and the Court being satisfied based upon the representations made in the Application and the Nicolaou Declaration that Harney Partners does not represent any interests adverse to the Debtors' estates or their creditors with respect to the matter upon which it is to be engaged; and it further appearing that Harney Partners is a "disinterested person[,]" as that term is defined under section 101(14) of the Bankruptcy Code, and as provided and disclosed in the Application and Nicolaou Declaration; and it further appearing that the employment of Karen Nicolaou of Harney Partners as the Debtors' Chief Reorganization Officer is necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. § 1408; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the relief requested in the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, **GRANTED**, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Bankruptcy Local Rules 2014-1 and 2016-1, in accordance with the terms of the Application, the Nicolaou Declaration, and the Engagement Agreement, as modified by this Order.

2. The Debtors are authorized to employ and retain Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners as their Chief Restructuring Officer in these Chapter 11 Cases for the purposes, and on the terms and conditions, described in the Application, the Nicolaou Declaration, and the Engagement Agreement, effective as of June 26, 2026, as modified by this Order.

3. Harney Partners shall be compensated for such professional services, and be reimbursed for any related expenses incurred in connection with the professional services performed in these Chapter 11 Cases, pursuant to the terms set forth in the Application, and shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court. For billing purposes, Harney Partners shall keep its time in one-tenth (1/10) hour increments.

4. Upon employment and retention by the Debtors, Ms. Nicolaou shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter.

5. Notwithstanding anything in the Application, the Engagement Letter, the Nicolaou Declaration, or any exhibit(s) related to the contrary:

a. Harney Partners shall not act in any other capacity (for example, and without limitation, as an investor/acquirer) in connection with the above-captioned Chapter 11 Cases.

b. In the event the Debtors seek to have Harney Partners Professionals assume executive officer positions that are different than the position(s) disclosed in the Application, or to materially change the terms of the engagement by either (i) materially modifying the functions of personnel or (ii) materially altering or expanding the scope of the engagement, an application to modify the retention shall be filed with this Court.

c. During the course of the Chapter 11 Cases, Harney Partners will only seek reimbursement of actual and necessary expenses.

d. No principal, employee, or independent contractor of Harney Partners and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the Chapter 11 Cases.

e. Any success fees, transaction fees, or other back-end fees, shall be subject to approval by this Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. The rights of the U.S. Trustee, any statutory committee appointed in the Chapter 11 Cases, and all other parties in interest to object to any such fees, including any sort of completion fee, on any grounds, are fully preserved.

f. The Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, willful misconduct, bad faith, fraud, or self-dealing.

g. there shall be no indemnification of Harney Partners or its affiliates, except as may be provided for in this Order.

h. For a period of three years after the conclusion of the engagement, neither Harney Partners nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

i. Harney Partner Professionals serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

j. Harney Partners shall make appropriate disclosures of any and all facts that may have a bearing on whether Harney Partners, its affiliates, or any individuals working on the engagement hold/represent any interest adverse to, the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

6. The indemnification provisions included in the Engagement Letter are approved, subject to the following

a. Harney Partners shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

b. The Debtors shall have no obligation to indemnify Harney Partners, or provide contribution or reimbursement to Harney Partners, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Harney Partners's gross negligence, bad faith, fraud, or willful misconduct; or (ii) settled prior to a judicial determination as to Harney Partners's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by the Court after notice and hearing to be a claim or expense for which Harney Partners should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Harney Partners believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Harney Partners must file an application therefor in the Court, and the Debtors may not pay any such amounts to Harney Partners before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Harney Partners for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, Harney

Partners. All parties in interest shall retain the right to object to any demand by Harney Partners for indemnification, contribution and/or reimbursement.

7. Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

8. Harney Partners shall provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the hourly rates set forth in the Application or the Engagement Letters are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code

9. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Harney Partners shall (a) pass through the cost of Contractors to the Debtors at the same rate that Harney Partners pays the Contractors, (b) with respect to costs incurred by the Contractors, seek reimbursement for actual, reasonable, and documented costs only, (c) ensure that the Contractors are subject to the same conflict checks as were required for Harney Partners in accordance with this retention, and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

10. In the event that, during the pendency of the Chapter 11 Cases, Harney Partners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Harney Partners' fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such professional has been retained under section 327 of the Bankruptcy Code;

*provided, however*, that Harney Partners shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Harney Partners' fee applications in the Chapter 11 Cases.

11. To the extent the Debtors and Harney Partners enter into any supplemental agreements or engagement letters not otherwise contemplated by the Application (collectively, "***Expanded Retention Documents*"),** the Debtors will file such Expanded Retention Documents with the Court and serve such Expanded Retention Documents upon the U.S. Trustee and any official committee appointed in the Chapter 11 Cases. If no objection is filed and served on the Debtors within fourteen days after such Expanded Retention Documents are served, the Court may enter an order approving Harney Partners's retention under such Expanded Retention Documents. To the extent any of such party objects within 14 days of such Expanded Retention Documents being served, the Debtors will promptly schedule a hearing before the Court on such matter. The Expanded Retention Documents will not be effective unless and until they are approved by the Court. All additional services shall be subject to the provisions of this Order.

12. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Nicolaou Declaration, and this Order, the terms of this Order shall govern.

13. Harney Partners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: August 18, 2026

Christopher Lopez
United States Bankruptcy Judge