**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE APPOINTMENT OF AN INDEPENDENT DIRECTOR AND AN INDEPENDENT MANAGER, (II) ESTABLISHING SPECIAL COMMITTEES, (III) APPROVING GOVERNANCE AMENDMENTS, AND (IV) GRANTING RELATED RELIEF**

**The filing of the instant Motion was raised by the Debtors at the Status Conference on August 26, 2026, at which time the Court indicated the scheduling of a hearing on the Motion would be determined at the status conference on September 1, 2026 at 1:00 p.m. Consequently, the Debtors will file a subsequent notice regarding the date of the hearing on the Motion, as well as the deadline for parties to file any objections to the relief requested herein.**

Camp Mystic, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), file this motion (the "**Motion**") pursuant to sections 105(a), 363, 1107(a), and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 2014, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order (i) authorizing the Debtors to (a) appoint Mark Andrews, through Trinity River Advisors, to serve as the independent manager (the "**Independent Manager**") of Debtor Camp Mystic, LLC ("**Camp Mystic**") and to (b) appoint Craig A. Gargotta to serve as the independent director (the "**Independent Director**") of Natural Fountains Properties, Inc. ("**NFP**"); (ii) establishing a Special Committee for the respective

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. ("**MC Family Partnership**") (9861), and Mystic Camps Management, LLC ("**MC Management**") (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

governing bodies of Camp Mystic and NFP, each consisting solely of the applicable independent fiduciary (each such committee, a "**Special Committee**," and each such appointee, an "**Independent Fiduciary**" and, together, the "**Independent Fiduciaries**")—the NFP Special Committee for NFP, consisting of Craig A. Gargotta, and the Camp Mystic Special Committee for Camp Mystic, consisting of Mark Andrews—with the full delegated authority described herein; (iii) approving the amendments to the Debtors' governing documents implementing those appointments and establishing the Special Committees (the "**Governance Amendments**"); and (iv) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 363, 1107(a), and 1108 of the Bankruptcy Code, applicable provisions of the Texas Business Organizations Code (including §§ 21.403 (corporations), 101.052, and 101.356–101.359 (limited liability companies)), and Bankruptcy Rules 2014, 6004, and 9014.

## II. BACKGROUND

### *A. The Chapter 11 Cases*

3. On June 24, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors continue to manage their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

4. The Debtors own and operate Camp Mystic, a private Christian summer camp for

girls on the South Fork of the Guadalupe River, near Hunt in Kerr County, Texas (the "**Camp**"). Originally built in 1926, the Camp developed a substantial reputation among Texas families, with multi-generational enrollment and sustained demand.

5. Debtor Camp Mystic operated the Camp on an approximately 725-acre property in the Texas Hill Country owned by Debtor NFP. The property comprises two campuses: (i) the original Camp Mystic Guadalupe River campus, situated along the Guadalupe River; and (ii) the newer Camp Mystic Cypress Lake campus, located on the same property adjacent to Cypress Lake/Cypress Creek and developed in approximately 2019–2020.

6. Willetta A. "Tweety" Eastland and Richard "Dick" Eastland became the executive directors of the Camp in the mid-1980s and acquired ownership interests at various dates. Members of the Eastland family are indirect owners of all of the equity interests in Camp Mystic and NFP.

7. On July 4, 2025, a devastating flood claimed over 130 lives in Kerr County, Texas, including those of 27 young girls and women who were campers and counselors at the Camp and Camp Mystic's longtime director and co-owner, Richard "Dick" Eastland. Prior to the Petition Date, five separate lawsuits were filed against the Debtors and certain individuals, including certain members of the Eastland family, by a total of 22 families who lost daughters in the flood (the "**Pending Litigation**"). The Official Committee of Unsecured Creditors appointed in these cases (the "**Committee**") is comprised of 13 families who lost daughters in the flood, including 10 families who are among the prepetition plaintiffs.

8. On June 26, 2026, the Debtors retained Karen Nicolaou of HMP Advisory Holdings, LLC d/b/a Harney Partners ("**Harney Partners**") as Chief Restructuring Officer (the "**CRO**"). The Debtors' application to employ the CRO [Dkt. No. 108] (the "**CRO Application**") was granted on August 18, 2026 [Dkt. No. 173] (the "**CRO Order**"). The CRO

was retained to provide advisory services, and consistent therewith, the CRO Order provides that "[n]o principal, employee, or independent contractor of Harney Partners and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the Chapter 11 Cases." (CRO Order ¶ 5(d)).

***B. Corporate Governance Structure***

9. The managers and directors of each of the four Debtor entities are members of the Eastland family—Willetta A. "Tweety" Eastland, Richard G. Eastland Jr., George A. "Britt" Eastland, and Edward S. Eastland (collectively, the "**Eastland Board Members**"). Certain of the Eastland Board Members are co-defendants with the Debtors in the wrongful death lawsuits and have asserted indemnification claims against the Debtors. The President of Natural Fountains Properties, Inc., William Neely Bonner, III, has also asserted an indemnification claim.

10. Natural Fountains Properties, Inc. owns the 725-acre property on which the Camp operates and has potential defenses that are distinct from those of Camp Mystic in the wrongful death lawsuits.

11. In light of the present ownership and management structure of the Debtors and the Pending Litigation, the Debtors have determined that it is desirable and in the best interests of the Debtors to (i) amend the respective organizational documents related to Camp Mystic and NFP to provide for the respective appointments of the Camp Mystic Independent Manager and the NFP Independent Director; (ii) establish a Special Committee for each of Camp Mystic and NFP comprised solely of the Camp Mystic Independent Manager and the NFP Independent Director, respectively; and (iii) delegate to the Independent Fiduciaries and the Special Committees the authority described below.

## III. RELIEF REQUESTED

12. By this Motion, the Debtors request entry of an order: (i) authorizing the appointment of Mark Andrews as the Camp Mystic Independent Manager and Craig A. Gargotta as the NFP Independent Director, as well as approving the Governance Amendments; (ii) establishing the Camp Mystic Special Committee and the NFP Special Committee, each consisting solely of the applicable Independent Fiduciary, with full delegated authority over (a) the day-to-day Chapter 11 Case affairs of the applicable Debtor entity or entities, including operational matters arising in the cases, compliance with the U.S. Trustee's guidelines and reporting requirements, and the preparation and accuracy of the Debtors' schedules, statements of financial affairs, and monthly operating reports, (b) negotiating the terms of a chapter 11 plan on behalf of the applicable Debtor entity or entities subject to the final approval of the full board of directors or all managers, as applicable, of the applicable Debtor or Debtors, (c) overseeing and providing information for the disclosure statement, (d) serving as the direct reporting authority for the CRO, Karen Nicolaou, (e) negotiating settlements of claims that do not involve all or substantially all of the applicable Debtor's assets, subject to the terms of any applicable insurance policies[2] and approval by the Bankruptcy Court under Bankruptcy Rule 9019, (f) evaluating any estate claims over which the Eastland Board Members are conflicted (the "**Conflict Matters**"), including assessing, prosecuting, releasing, or settling potential claims or causes of action of the applicable Debtor or Debtors against any insiders or affiliates, including the Eastland Board Members ((ii)(a)-(f) collectively, the "**Delegated Responsibilities**"), and (g) the further chapter 11 administration duties described herein, subject to the reserved authority of the full board of directors or all

[2] Nothing herein shall alter any contractual right of any insurance carrier under any policy applicable to these proceedings.

managers, as applicable, over any sale of all or substantially all of the assets of the applicable Debtor (including camp assets or real property), the settlement of any personal injury tort or wrongful death claims against the Debtors, and the filing of the actual chapter 11 plan of reorganization, with any impasse between a Special Committee and the full board or managers over a recommended sale, settlement, or plan filing to be disclosed within seven (7) days to the Court and served on the Committee and the U.S. Trustee; (iii) defining the separate and coordinated scopes of authority of the Independent Fiduciaries, including delegated authority over matters affecting the entities they serve and coordinated authority over Joint Matters; (iv) approving the terms of the Independent Fiduciaries' engagement, compensation and expense reimbursement, indemnification, and insurance coverage for officers and directors ("**D&O Coverage**"); (v) providing that neither Independent Fiduciary may be removed or replaced, and that the Governance Amendments may not be amended or rescinded by the managers or directors of the entities, without seeking a further order of this Court; and (vi) granting such other and further relief as the Court deems just and proper.

## IV. LEGAL BASIS FOR APPOINTMENT

### *A. Qualifications of Mark Andrews and Craig A. Gargotta*

### 1. Mark Andrews, Trinity River Advisors

13. Mark Andrews, a Managing Director of Trinity River Advisors,[3] is highly qualified to serve as an independent manager of Camp Mystic. During more than 35 years of practice, he has advised banks, borrowers, and other stakeholders on all aspects of debt restructurings and the acquisition and sale of distressed companies, developing strategies for navigating both chapter 11

[3] The engagement agreement with Trinity River Advisors will designate Mr. Andrews as the person at Trinity River Advisors who will be appointed as the Independent Director.

cases and out-of-court restructurings. He is a Fellow of the American College of Bankruptcy, and has been recognized for many years by *Best Lawyers* and *Chambers USA.* He received his J.D. from Tulane University School of Law and his B.A. from Georgetown University and is admitted to practice in Texas and before the federal bankruptcy courts in Texas. Mr. Andrews is particularly respected for his ability to bring parties together in difficult circumstances. As one colleague put it: "He can find consensus in situations that seem impossible."

**2. Hon. Craig A. Gargotta (Ret.)**

14. Craig Gargotta is exceptionally well qualified to serve as an independent director for NFP in these Chapter 11 Cases. Before taking the bench in 2007, he clerked for a United States Bankruptcy Judge and served for 17 years as an Assistant United States Attorney. Beginning in 2021, he served as Chief Bankruptcy Judge for the Western District of Texas until his retirement from the bench earlier in 2026. Mr. Gargotta's extensive bankruptcy experience is complemented by his work as an adjunct professor at St. Mary's School of Law, an associate editor of the *American Bankruptcy Law Journal*, and a frequent speaker at local and national bar conferences. His experience, judgment, and longstanding service to the legal profession make Mr. Gargotta particularly well suited to provide the independent oversight needed here.

***B. The Court's Equitable Powers Under Section 105(a)***

15. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts routinely exercise this broad equitable authority to appoint independent fiduciaries or managers where the debtor-in-possession's existing governance raises concerns regarding process and governance in bankruptcy. Here, the Court need not test the limits of section 105(a): the Debtors themselves seek approval of the appointments and of the Governance

Amendments adopted by their governing bodies, and ask the Court to enforce that structure, including the protection that neither Independent Fiduciary may be removed during these cases without further order of this Court.

16. Transactions with insiders, and governance structures that create conflicts, are "subjected to rigorous scrutiny." *Pepper v. Litton*, 308 U.S. 295, 306 (1939); *Matter of Fabricators, Inc.*, 926 F.2d 1458, 1465 (5th Cir. 1991); *see also Matter of Foster Mortg. Corp.*, 68 F.3d 914, 917–18 (5th Cir. 1995) (settlements with affiliates negotiated without creditor participation warrant careful scrutiny). Where, as here, the Committee has alleged that the Debtors' existing managers and directors are conflicted, the voluntary appointment of independent fiduciaries supplies the fiduciary safeguard the law requires while preserving the debtor-in-possession structure. Independent fiduciaries stand in the same fiduciary position as a trustee, *NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P.*, 48 F.4th 419, 437–38 (5th Cir. 2022); *In re Instant Brands Acquisition Holdings Inc.*, No. 23-90716 (Bankr. S.D. Tex. Mar. 3, 2025), and courts consistently treat independent governance as the preferred alternative to the extraordinary, costly remedy of displacing the debtor. *In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 85–86, 91–92 (Bankr. S.D.N.Y. 2007).

### *C. The Debtor-in-Possession's Fiduciary Duties Under Section 1107(a)*

17. Under section 1107(a), a debtor in possession has all the rights, powers, and duties of a trustee, including the duty to act as a fiduciary for the benefit of the estate and all creditors. The Committee has questioned whether the Debtors can discharge that duty free of doubt when the managers and directors are (i) co-defendants in wrongful death actions brought by estate creditors and (ii) claimants asserting indemnification rights against the estates. Whatever the ultimate merits of any claim or defense, the Debtors recognize that this structure invites doubt

about their decision-making. The Independent Fiduciaries remove that doubt.

18. Texas law authorizes the appointment of additional managers to a limited liability company and additional directors to a corporation. *See* Tex. Bus. Orgs. Code §§ 101.052 and 101.358–101.359 (limited liability companies); *id*. § 21.403 (corporations).

19. The appointments of the Camp Mystic Independent Manager and the NFP Independent Director are consistent with applicable non-bankruptcy law and further the Bankruptcy Code's goal of ensuring faithful fiduciary administration of the estates.

20. Consistent with the Debtors' governing documents, the Governance Amendments will include, at a minimum: (i) an amendment to the Company Agreement of Camp Mystic, executed by its member as required by section 15 thereof, modifying the manager-eligibility restriction (section 8(c)) and the weighted-voting structure (section 8(e)) and establishing the Camp Mystic Special Committee, consisting solely of Mark Andrews as the Camp Mystic Independent Manager, with full authority over the Delegated Responsibilities for Camp Mystic and other chapter 11 administrative duties described herein, subject to the reserved authority of the full board of managers over any sale of all or substantially all of Camp Mystic's assets, the settlement of any personal injury tort or wrongful death claims, and the filing of a chapter 11 plan; (ii) a resolution for NFP, through MC Management, as the general partner of MC Family Partnership, the sole shareholder of NFP, establishing the NFP Special Committee, consisting solely of Craig A. Gargotta as the NFP Independent Director, with full authority over the Delegated Responsibilities for NFP and other chapter 11 administrative duties described herein, subject to the reserved authority of the full board of directors over any sale of all or substantially all of NFP's assets, the settlement of any personal injury tort and wrongful death claims, and the filing of the actual chapter 11 plan; and (iii) a written election by the sole general partner of MC Family

Partnership, under Article X of its limited partnership agreement confirming, MC Family Partnership's continuation notwithstanding its general partner's chapter 11 filing.

### *D. Precedent from the Southern District of Texas*

21. Courts in this District have recognized the propriety of independent fiduciary appointments in chapter 11 cases involving insider conflicts. For instance, in *In re Instant Brands*, Case No. 23-90716 (Bankr. S.D. Tex.), Judge Isgur ruled that independent fiduciaries are properly exculpated as disinterested fiduciaries, recognizing that a debtor in possession with independent fiduciaries exercises the authority of a bankruptcy trustee. The court approved narrowly tailored exculpation for the independent fiduciaries as estate fiduciaries exercising trustee-like functions, while preserving liability for gross negligence and willful misconduct.

## V. SCOPE OF INDEPENDENT FIDUCIARIES' AUTHORITY

22. The Independent Fiduciaries' authority shall be distinguished from and complementary to the CRO's role. Specifically, the Governance Amendments shall establish a Special Committee of Camp Mystic's and NFP's respective governing bodies, each Special Committee consisting solely of the applicable Independent Fiduciary: (i) the NFP Special Committee for NFP, consisting of Craig A. Gargotta; and (ii) the Camp Mystic Special Committee for Camp Mystic, consisting of Mark Andrews. Each Special Committee shall be delegated full authority over the Delegated Responsibilities described more fully below. The CRO shall report to and take direction from the applicable Special Committee member (the applicable Independent Fiduciary), not the full board or all managers, with respect to those matters. Notwithstanding that delegation, approval of the full board of directors or all managers, as applicable, shall be required for: (i) any sale of all or substantially all of the assets of the applicable Debtor, including camp assets or real property; (ii) the settlement of any personal injury tort or wrongful death claims; and

(iii) the filing of the actual chapter 11 plan. Specifically:

(i) **Delegated Chapter 11 Authority**. Except as provided in subparagraph (ii) below, each Special Committee, acting through its sole member for the Debtor entity or entities it serves, shall handle: (a) the Delegated Responsibilities described above, including the investigation and resolution of any Conflict Matters; (b) reviewing and reconciling proofs of claim and, where appropriate, deciding whether to object to claims; (c) recommending the assumption, rejection, or renegotiation of executory contracts and unexpired leases, subject to Court approval under section 365 of the Bankruptcy Code; (d) overseeing the retention, compensation, and fee applications of the estates' retained professionals; (e) reviewing intercompany transactions and payments to insiders and reporting on them as provided in subsection (iv) below; (f) responding to information requests from the Court, the Committee, and the U.S. Trustee; and (g) such other duties relating to the administration of the Chapter 11 Cases as are consistent with this Motion and the Governance Amendments. The applicable Special Committee may, in its discretion, confer in good faith with the Eastland Board Members on key matters where their experience may assist, but conferring is not a condition to action, and the decision on any matter within its delegated authority rests with the Special Committee.

(ii) **Joint Matters.** Matters affecting more than one Debtor or both estates together are "**Joint Matters**." Joint Matters require decisions by both Independent Fiduciaries, who shall work together in good faith. Neither Independent Fiduciary shall unilaterally resolve a Joint Matter, and the CRO and the Debtors' professionals shall take direction only from both Independent Fiduciaries acting jointly on those matters. Any settlement of a Joint Matter is subject to the conditions stated in subsection (i) above,

including approval by the Bankruptcy Court under Bankruptcy Rule 9019.

(iii) **CRO Reporting**. The CRO's role is not expanded by this Motion or by the appointment of the Independent Fiduciaries. The CRO shall continue to provide the Advisory Services described in the Engagement Letter (as such terms are defined in the CRO Application) with respect to ordinary-course operational and financial matters, and, with respect to the day-to-day Chapter 11 Case affairs of each Debtor, shall report to and take direction from the applicable Special Committee member, not the full board or all managers. With respect to Joint Matters, the CRO shall report to and take direction from both Independent Fiduciaries acting jointly. No Eastland Board Member may direct the CRO with respect to any matter within a Special Committee's delegated authority or any Joint Matter.

(iv) **Reporting.** The Independent Fiduciaries shall report to the Court, the Committee, and the U.S. Trustee on a quarterly basis regarding (i) the status of matters within their respective delegated authority, (ii) intercompany transactions reviewed and approved or rejected, (iii) the progress of any investigation of estate claims against insiders or other Conflict Matters, and (iv) any other matters either Independent Fiduciary deems relevant to the administration of these cases.

(v) **Reliance by Professionals.** To the extent the Governance Amendments vest delegated authority in a Special Committee, the Debtors' professionals, including counsel, may rely on, and act at the direction of, the applicable Independent Fiduciary with respect to matters within that fiduciary's delegated authority; for Joint Matters, professionals may rely on and act at the joint direction of both Independent Fiduciaries. Any such direction constitutes the duly authorized corporate action of the affected Debtor

or Debtors.

## VI. COMPENSATION, INDEMNITY, AND INSURANCE

23. Craig A. Gargotta, the NFP Independent Director, has agreed to serve on an uncompensated basis; however, the Debtors request authorization to reimburse him for any reasonable out-of-pocket expenses actually incurred in the performance of his duties, including mileage, lodging, and meals, payable monthly upon submission of reasonable documentation and upon ten days' notice to the U.S. Trustee and the Committee.

24. Mark Andrews, the Camp Mystic Independent Manager, has agreed to serve through his advisory firm, Trinity River Advisors. The Debtors request authorization to compensate Mr. Andrews at the rate of $15,000 per month, plus reimbursement of reasonable out-of-pocket expenses, payable monthly upon submission of reasonable documentation and upon ten days' notice to the U.S. Trustee and the Committee, and subject to the same notice and disclosure requirements applicable to other professionals in these cases.

25. Both Independent Fiduciaries will serve as fiduciaries, not as professional persons retained under section 327 of the Bankruptcy Code. The Debtors therefore request that neither of the Independent Fiduciaries be required to file fee applications. However, the Debtors will disclose all amounts paid or reimbursed to each Independent Fiduciary in their monthly operating reports.

26. The Debtors further request authorization to indemnify each Independent Fiduciary on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, willful misconduct, bad faith, fraud, or self-dealing.

27. The Debtors' existing package insurance policy (Policy No. AIP0003450404902)

does not include a directors and officers liability coverage part. The Debtors seek authorization to purchase and maintain, at the estates' expense, directors and officers liability insurance (including Side A-only coverage) covering each Independent Fiduciary for any acts taken in that Independent Fiduciary's capacity as a director or manager during the pendency of these Chapter 11 Cases, with coverage bound before either Independent Fiduciary's service commences, and to disclose the terms and cost of such coverage to the U.S. Trustee and the Committee.

28. The Debtors further request authorization to exculpate each Independent Fiduciary solely in connection with, and related to, that Independent Fiduciary's service in these Chapter 11 Cases, and solely for acts or omissions occurring during the period of that Independent Fiduciary's service, to the fullest extent permitted by applicable law in this Circuit, including through any chapter 11 plan proposed in these cases, which exculpation shall not apply to acts or omissions constituting gross negligence, willful misconduct, bad faith, fraud, or self-dealing and shall not extend to any acts, omissions, or liabilities predating that Independent Fiduciary's appointment.

## VII. ENTITY GOVERNANCE CHART

### Camp Mystic Entity Organizational Chart

**Ownership Interests in Mystic Camps Family Partnership, Ltd.**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Mystic Camps Management, LLC**<br>1.0%<br>100% owned by **Willetta A Eastland**<br>**General Partner of MCFP** | **Willetta A Eastland**<br>1.0% | **Richard G Eastland, Jr.**<br>24.5% | **George A Eastland**<br>24.5% | **Edward S Eastland**<br>24.5% | **The Caroline K. Eastland 2023 Trust**<br>12.25% | **The Anna A. Eastland 2023 Trust**<br>12.25% |

↓ collectively own 100%

**Mystic Camps Family Partnership, Ltd.**
Parent partnership entity

↓ owns 100% of each subsidiary

| | |
|---|---|
| **Camp Mystic, LLC**<br>Camp operations<br>100% owned by Mystic Camps Family Partnership, Ltd. | **Natural Fountains Properties, Inc.**<br>Land and buildings<br>100% owned by Mystic Camps Family Partnership, Ltd. |

29. Camp Mystic is a Texas limited liability company. Managers are appointed by the governing equity holder (MC Family Partnership as sole member) per Tex. Bus. Orgs. Code §§ 101.052, 101.358–101.359. Managers may be added by action of the members; § 8(c) restricts eligibility to Richard G. Eastland, Willetta A. Eastland, and their descendants absent agreement of all members; § 8(e) establishes weighted voting; amendment requires written consent of all members (§ 15) (Amended & Restated Company Agreement, February 1, 2023).

30. NFP is a Texas corporation. Directors are elected by shareholders (MC Family Partnership as sole shareholder) per Tex. Bus. Orgs. Code § 21.403.

31. MC Family Partnership is a Texas limited partnership, and the General Partner (MC Management) has exclusive management authority under Article IX of the Second Amended & Restated Limited Partnership Agreement (Oct. 31, 2023) (Second Amended & Restated LPA, Oct. 31, 2023).

32. MC Management is a Texas limited liability company, and managers are appointed by members; § 9(c) restricts eligibility to Richard G. Eastland, Willetta A. Eastland, and their descendants absent agreement of all members; § 9(e) establishes weighted voting; amendment requires written consent of all members (§ 15) (First Amended & Restated Company Agreement, Feb. 15, 2023).

## VIII. DISCLOSURES

33. In connection with the appointments of the Independent Fiduciaries, the following disclosures shall be made: (a) verified statements of disinterestedness pursuant to Bankruptcy Rule 2014(a) (the "**Independent Fiduciary Declarations**"); (b) disclosure of all connections to the Debtors, creditors, and other parties in interest; (c) disclosure of the proposed compensation arrangements; and (d) disclosure of any current or prior relationship with any professionals

retained in these cases.

## IX. INTERCOMPANY LOANS AND LIABILITIES

34. The ground lease between NFP and Camp Mystic, LLC creates a direct landlord-tenant conflict that cannot be resolved by a single fiduciary serving both entities. Natural Fountains Properties, Inc. owns the 725-acre camp property and is the landlord, while Camp Mystic, LLC is the tenant under the Ground and Building Lease dated June 1, 1998 (the "**Ground Lease**"). Decisions regarding rent adequacy, including continuation of a rent abatement that had been in place between the July 2025 flood and the Petition Date, lease assumption or rejection, and any disposition of the property require adverse advocacy on behalf of each entity. A single director serving both sides cannot provide the adversarial check required to protect each estate, which is why separate Independent Fiduciaries are necessary.

35. The Schedules of Assets and Liabilities and Statement of Financial Affairs filed by each Debtor disclose various other intercompany arrangements and related-party transfers, including a debt obligation owed by NFP to Camp Mystic and compensation and other payments made by the Debtors to insider or related parties. Investigation of such arrangements and transfers shall be within the purview of the appropriate Independent Fiduciary.

## X. REQUEST FOR IMMEDIATE EFFECTIVENESS NOTWITHSTANDING BANKRUPTCY RULE 6004(h)

36. The Debtors request that any order granting the relief requested in this Motion be made effective immediately upon entry, notwithstanding the fourteen-day stay provided by Bankruptcy Rule 6004(h). Immediate effectiveness is necessary to permit the Independent Fiduciaries to begin serving promptly and to provide independent oversight of the Debtors' affairs without delay.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit A: (a) authorizing the appointment of Mark Andrews as the Camp Mystic Independent Manager and Craig A. Gargotta as the NFP Independent Director and approving the Governance Amendments; (b) establishing the Camp Mystic Special Committee and the NFP Special Committee, each consisting solely of the applicable Independent Fiduciary and having the full delegated authority described herein, subject to the reserved approval of the full board of directors or all managers, as applicable, for any sale of all or substantially all of the applicable Debtor's assets, including camp assets or real property, the settlement of any personal injury tort or wrongful death claims, and the filing of the actual chapter 11 plan; (c) defining the separate and coordinated scopes of authority of the Independent Fiduciaries as set forth herein; (d) approving the terms of the Independent Fiduciaries' engagement, compensation and expense reimbursement, indemnification, and D&O Coverage; (e) providing that neither Independent Fiduciary may be removed or replaced without further order of this Court; (f) providing that any order granting the relief requested in this Motion shall be immediately effective notwithstanding Bankruptcy Rule 6004(h); and (g) granting such other and further relief as is just and proper.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Martin Sosland*

Martin Sosland (State Bar No. 18855645)
Candice M. Carson (State Bar No. 24074006)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2200 Ross Avenue, Suite 5000
Dallas, Texas 75201
Telephone: (469) 654-1340
Email: martin.sosland@vkhh.com
candice.carson@vkhh.com

**- AND -**

Jeff P. Prostok (State Bar No. 16352500)
Emily S. Chou (State Bar No. 24006997)
Suzanne K. Rosen (State Bar No. 00798518)
Lynda L. Lankford (State Bar No. 11935020)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Telephone: (817) 214-4990
Email: jeff.prostok@vkhh.com
emily.chou@vkhh.com
suki.rosen@vkhh.com
lynda.lankford@vkhh.com

**- AND -**

Deirdre Carey Brown (State Bar No. 24094116)
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
2019 Washington, Suite 105
Houston, Texas 77007
Telephone: (817) 214-4990
Email: deirdre.brown@vkhh.com

*COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive electronic notice in these cases and via email to the proposed Independent Fiduciaries. Copies were also served by United States first-class mail on each of the Eastland Board Members, individually, and on all parties on the Debtors' limited service list that are not registered to receive electronic notice.

*/s/ Martin Sosland*
Martin Sosland

# Exhibit A

## [Proposed Order]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[4] | Case No. 26-90621(CML) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE APPOINTMENT OF AN INDEPENDENT DIRECTOR AND AN INDEPENDENT MANAGER, (II) ESTABLISHING SPECIAL COMMITTEES, (III) APPROVING GOVERNANCE AMENDMENTS, AND (IV) GRANTING RELATED RELIEF**

Upon the Debtors' Motion for Entry of an Order (I) Authorizing the Appointment of an Independent Director and an Independent Manager, (II) Establishing Special Committees, (III) Approving Governance Amendments, and (IV) Granting Related Relief (the "**Motion**"), filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"); and the Court being satisfied based upon the representations made in the Motion and the Independent Fiduciary Declarations that Mark Andrews, the proposed Camp Mystic Independent Manager, and Craig A. Gargotta, the proposed NFP Independent Director, each serving as the sole member of the applicable Special Committee, do not represent any interests adverse to the Debtors' estates or their creditors with respect to the matters upon which each is to serve; and it further appearing that each proposed Independent Fiduciary is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; and it further appearing that the appointment of the proposed Independent Fiduciaries and establishment of the Special Committees are necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. ("**MC Family Partnership**") (9861), and Mystic Camps Management, LLC ("**MC Management**") (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

Court having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED as set forth herein. Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

2. The Debtors are authorized to appoint Mark Andrews, through Trinity River Advisors, as the Camp Mystic Independent Manager, and Craig A. Gargotta as the NFP Independent Director, and each is hereby appointed to serve, as applicable, as an independent manager or director, effective as of ____________, 2026.

3. The Camp Mystic Independent Manager shall serve as an additional manager of Camp Mystic, LLC.

4. The NFP Independent Director shall serve as an additional director of Natural Fountains Properties, Inc.

5. The Governance Amendments implementing both appointments are approved and shall be effective upon entry of this Order without further corporate action.

6. The Governance Amendments shall establish the following Special Committees,

each consisting solely of the applicable Independent Fiduciary: (i) the NFP Special Committee for Natural Fountains Properties, Inc., consisting of Craig A. Gargotta; and (ii) the Camp Mystic Special Committee for Camp Mystic, LLC, consisting of Mark Andrews. Each Special Committee is hereby delegated full authority over (a) the day-to-day Chapter 11 Case affairs of the applicable Debtor entity or entities, including operational matters arising in the cases, compliance with the U.S. Trustee's guidelines and reporting requirements, and the preparation and accuracy of the Debtors' schedules, statements of financial affairs, and monthly operating reports, (b) negotiating the terms of a chapter 11 plan on behalf of the applicable Debtor entity or entities subject to the final approval of the full board of directors or all managers, as applicable, of the applicable Debtor or Debtors, (c) overseeing and providing information for the disclosure statement, (d) serving as the direct reporting authority for the CRO, Karen Nicolaou, (e) negotiating settlements of claims that do not involve all or substantially all of the applicable Debtor's assets, subject to the terms of any applicable insurance policies and approval by the Bankruptcy Court under Bankruptcy Rule 9019, (f) evaluating any estate claims over which the Eastland Board Members are conflicted, including assessing, prosecuting, releasing, or settling potential claims or causes of action of the applicable Debtor or Debtors against any insiders or affiliates, including the Eastland Board Members, and (g) the further chapter 11 administration duties described in the Motion. The foregoing delegation is subject to the reservation of authority set forth in this Order. The Independent Fiduciaries shall otherwise have the duties set forth in the Motion. Settlements of claims within a Special Committee's delegated authority that do not involve all or substantially all of the applicable Debtor's assets shall be presented by motion and are subject to approval by this Court under Bankruptcy Rule 9019.

7. The CRO shall report to and take direction from the applicable Special Committee

member (the applicable Independent Fiduciary) with respect to the day-to-day Chapter 11 affairs of each Debtor, and shall report to and take direction from both Independent Fiduciaries acting jointly with respect to Joint Matters, and shall otherwise continue to provide the Advisory Services described in the Engagement Letter with respect to ordinary-course operational and financial matters.

8. On any matter within a Special Committee's delegated authority as set forth herein, the decision of the applicable Independent Fiduciary, acting as the sole member of that Special Committee, shall be binding upon the affected Debtor or Debtors and shall supersede any contrary direction from the Eastland Board Members.

9. The Eastland Board Members shall not direct, and shall cause the Debtors' personnel not to act on any direction contrary to, any determination of the applicable Independent Fiduciary, acting through the applicable Special Committee, or the joint determination of both Independent Fiduciaries on a Joint Matter.

10. While the Chapter 11 Cases are pending, no person or entity may, except as authorized or directed by further order of this Court, (a) remove or replace either Independent Fiduciary, (b) modify either Independent Fiduciary's authority or compensation, or (c) amend, restate, or rescind the Governance Amendments. Any purported action in violation of this paragraph shall be void ab initio.

11. The Debtors' retained professionals, including counsel, may rely on, and act at the direction of, the applicable Independent Fiduciary, acting through the applicable Special Committee, with respect to matters within that Special Committee's delegated authority and at the joint direction of both Independent Fiduciaries with respect to Joint Matters. Any such direction shall constitute the duly authorized corporate action of the affected Debtor or Debtors to the extent

provided by the Governance Amendments. No retained professional shall incur liability to any Debtor or any Eastland Board Member for acting in good faith in accordance with the direction of the applicable Independent Fiduciary, acting through the applicable Special Committee, or both Independent Fiduciaries on a Joint Matter.

12. Notwithstanding anything in the Motion, the Independent Fiduciary Declarations, or any governing document to the contrary:

(a) Neither Independent Fiduciary shall act in any other capacity (for example, and without limitation, as an investor/acquirer) in connection with the above-captioned Chapter 11 Cases.

(b) The scope of either Independent Fiduciary's duties shall not be materially modified or expanded, except as directed or permitted by further order of the Court.

(c) Each Independent Fiduciary shall owe fiduciary duties of care and loyalty to the Debtor it serves, its estate, and its creditors under the Bankruptcy Code, notwithstanding any provision of any Debtor's governing documents purporting to limit, eliminate, or waive such duties; no such provision shall be applicable to either Independent Fiduciary.

13. Craig A. Gargotta, the NFP Independent Director, shall serve on an uncompensated basis and shall be entitled only to reimbursement of reasonable out-of-pocket expenses actually incurred in the performance of his duties, including mileage, lodging, and meals, payable monthly upon submission of reasonable documentation and upon ten days' notice to the U.S. Trustee and the Committee. Mark Andrews, the Camp Mystic Independent Manager, shall be compensated at the rate of $15,000 per month, plus reimbursement of reasonable out-of-pocket expenses, payable monthly upon submission of reasonable documentation and upon ten days' notice to the U.S.

Trustee and the Committee, and subject to the same notice and disclosure requirements applicable to other professionals in these cases. Both serve as fiduciaries, not as professional persons retained under section 327 of the Bankruptcy Code, and neither shall be required to file fee applications; the Debtors shall disclose all amounts paid or reimbursed to each Independent Fiduciary in their monthly operating reports.

14. The Debtors are authorized to indemnify each Independent Fiduciary on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, willful misconduct, bad faith, fraud, or self-dealing.

15. The Debtors' existing package insurance policy (Policy No. AIP0003450404902) does not include a directors and officers liability coverage part. The Debtors are authorized to purchase and maintain, at the estates' expense, directors and officers liability insurance (including Side A-only coverage) covering each Independent Fiduciary for any acts taken in that Independent Fiduciary's capacity as a director or manager during the pendency of these Chapter 11 Cases, with coverage bound before either Independent Fiduciary's service commences, and to disclose the terms and cost of such coverage to the U.S. Trustee and the Committee.

16. Each Independent Fiduciary shall be entitled to exculpation solely in connection with, and related to, that Independent Fiduciary's service in these Chapter 11 Cases, and solely for acts or omissions occurring during the period of that Independent Fiduciary's service, to the fullest extent permitted by applicable law in this Circuit; provided that such exculpation shall not apply to acts or omissions constituting gross negligence, willful misconduct, bad faith, fraud, or self-dealing and shall not extend to any acts, omissions, or liabilities predating that Independent

Fiduciary's appointment.

17. The Debtors shall include in any chapter 11 plan proposed in these cases provisions exculpating each Independent Fiduciary, to the fullest extent permitted by section 1125(e) of the Bankruptcy Code and applicable law, for acts or omissions occurring during the period of that Independent Fiduciary's service, provided that such exculpation shall not extend to gross negligence, willful misconduct, bad faith, fraud, or self-dealing, and provided further that such plan exculpation shall not cover any acts, omissions, or liabilities predating the Independent Fiduciary's appointment. To the extent any order confirming a chapter 11 plan in these cases includes exculpation provisions, such provisions shall include the Independent Fiduciaries.

18. The Independent Fiduciaries shall report to the Court, the Committee, and the U.S. Trustee on a quarterly basis regarding: (a) the status of matters within their respective delegated authority and Joint Matters; (b) intercompany transactions reviewed and any actions taken; (c) the status of any investigation of any Conflict Matters (as described in the Motion) or estate claims against insiders; and (d) any other matters either Independent Fiduciary deems relevant. Either Independent Fiduciary may request a hearing before the Court at any time on any matter within that fiduciary's purview.

19. For a period of three years after the conclusion of the Independent Fiduciaries' engagements, neither Independent Fiduciary nor any affiliate of either Independent Fiduciary shall make any investments in the Debtors or the reorganized Debtors.

20. Any limitation of liability set forth in the Debtors' organizational documents, or otherwise, that would limit either Independent Fiduciary's authority or exculpation as set forth herein is hereby eliminated for the duration of these Chapter 11 Cases.

21. To the extent there is any inconsistency between the terms of the Motion, the

Independent Fiduciary Declarations, and this Order, the terms of this Order shall govern.

22. Nothing in this Order or the Motion constitutes (a) an admission by any Debtor or any other party as to the validity, priority, amount, or merits of any claim, defense, or cause of action, including any claim by or against any Eastland Board Member, or (b) a waiver of any rights or defenses, all of which are expressly reserved. The rights of the Committee, the U.S. Trustee, and all other parties in interest to seek any other relief under the Bankruptcy Code, including under 11 U.S.C. § 1104, are preserved.

23. The Independent Fiduciaries shall use reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases, including the CRO.

24. Each Independent Fiduciary may participate in hearings, meetings, and other proceedings remotely by telephone or video conference to the extent permitted by the Court and consistent with the Independent Fiduciary's duties, provided that such Independent Fiduciary shall appear in person in Houston, Texas when reasonably necessary for the effective discharge of that Independent Fiduciary's responsibilities.

25. The Debtors' counsel shall provide reasonable administrative support to each Independent Fiduciary as may be necessary to facilitate the Independent Fiduciary's performance of duties, including assistance with filings, correspondence, and communications with the Court and parties in interest.

26. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

27. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

28. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

29. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30. Notwithstanding the delegation of authority to the Special Committees, approval of the full board of directors or all managers, as applicable, shall be required for (a) any sale of all or substantially all of the assets of the applicable Debtor, including camp assets or real property, (b) a settlement of any personal injury tort or wrongful death claims, and (c) the filing of the actual chapter 11 plan. If the full board of directors or all managers, as applicable, decline to approve a sale, settlement, or plan filing that the applicable Special Committee or Committees have recommended in writing, the Independent Fiduciaries shall file with the Court, and serve on the Committee and the U.S. Trustee, a notice describing the impasse within seven days. The rights of all parties in interest with respect to any such impasse are reserved.

Dated: _____________, 2026
Houston, Texas

______________________________________
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE