**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CAMP MYSTIC, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90621 (CML)<br><br>(Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF**
**SHACKELFORD McKINLEY & NORTON LLP**
**PURSUANT TO THE ORDER (I) AUTHORIZING THE RETENTION**
**AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN**
**THE ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

I, Jacob N. Pollack make this declaration (this "**Declaration**") under penalty of perjury:

1. I am a Partner in Shackelford McKinley & Norton LLP, with its primary office located at 9201 N. Central Expressway, Fourth Floor, Dallas, Texas 75231 (the "**Firm**").

2. Camp Mystic, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide continuing legal services to the Debtors, namely Mystic Camps Family Partnership, Ltd., Mystic Camps Management, LLC, Camp Mystic, LLC, and Natural Fountains Properties, Inc., and the Firm has consented to provide such services.

3. The Firm does not provide legal services for persons that are parties in interest in the Chapter 11 Cases in connection with such cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

the matter on which the Firm is proposed to be employed. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for parties in interest in the Debtors' chapter 11 cases. Specifically, I prepared estate planning documents for Richard G. Eastland and Willetta A. Eastland in 2021 and 2023 and reorganized their family business enterprise among the Debtors from 2021 until 2024.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

5. Neither I nor any other partner, associate, or other professional of, or employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person; all compensation will be paid to the Firm and utilized pursuant to its general business practices.

6. Neither I nor any partner, associate, or other professional of or employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7. The Debtors owe the Firm $3,363.00 for prepetition services, the payment of which is subject to limitations contained in United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

8. I understand that the amount owed by any of the Debtors to the Firm for prepetition services will be treated as a general unsecured claim, and as such, the Firm may file a proof of claim.

9. I further understand that this Declaration will not suffice as the Firm's proof of claim.

10. As of the dates on which the Debtors commenced the Chapter 11 Cases, the Firm was not party to an agreement for indemnification with any of the Debtors.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment by the Debtors, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 2, 2026.

________________________________

Jacob N. Pollack