**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**CERTAIN HEAVEN'S 27 FAMILIES' PRELIMINARY OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE APPOINTMENT OF AN INDEPENDENT DIRECTOR AND AN INDEPENDENT MANAGER, (II) ESTABLISHING SPECIAL COMMITTEES, (III) APPROVING GOVERNANCE AMENDMENTS, AND (IV) GRANTING RELATED RELIEF**

Certain Heaven's 27 Families (the "Families"),[2] for their Preliminary Objection to the Debtors' *Motion for Entry of an Order (i) Authorizing the Appointment of an Independent Director and an Independent Manager, (ii) Establishing Special Committees, (iii) Approving Governance Amendments, and (iv) Granting Related Relief* [Docket No. 205] (the "Motion"), respectfully state as follows:

1. Looking no further than the text and plain language of the Bankruptcy Code, the Motion must be denied. Judge Gerber explained these "first principles" succinctly in *Adelphia*:

> Using section 105(a) to appoint a fiduciary to act as a trustee shorn of the name, but with few other substantive differences, would be the exact kind of wrongful judicial action that the Second Circuit has forbidden. Section 1104 already provides for two kinds of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] The Families include: the Baker Family; the Bellows Family; the Bonner Family; the Childress Family; the DeWitt Family; the Dillon Family; the Ferruzzo Family; the Getten Family; the Hanna Family; the Hollis Family; the Hunt Family; the Jacobe Family; the Landry Family; the Lytal Family; the Marsh Family; the McCown Family; the McCrory Family; the Naylor Family; the Peck Family; the Pohl Family; the Sheedy Family; the Stevens Family; the Steward Family; and the Toranzo Family.

> fiduciaries, trustees and examiners . . . . Appointing a trustee equivalent, under these circumstances, would be doing exactly what the Second Circuit told the lower courts *not* to do: using section 105(a) "to create substantive rights that are otherwise unavailable under applicable law," and to "invent remedies that overstep statutory limitations."

*In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 664 (Bankr. S.D.N.Y 2006) (emphasis in original; citing *In re Momentum Mfg. Corp*, 25 F.3d 1132, 1136 & n. 4 (2d Cir. 1994)).[3]

2. The Fifth Circuit has issued the same directive to courts in this Circuit:

> [T]he powers granted by [section 105(a)] may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.

*U.S. v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) (citations omitted). This principle has been abided by and re-affirmed over and over again, by bankruptcy and district courts in the Fifth Circuit as well as by the Fifth Circuit itself. *See, e.g., Highland Capital Mgmt. Fund Advisors, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, 132 F.4th 353, 358 (5th Cir. 2025) (citations omitted); *Rus v. Neiman Marcus Group, LLC (In re Neiman Marcus Group, LLC)*, 2026 WL 1292537, at *3 (Bankr. S.D. Tex. May 9, 2026) (Perez, J.) (quoting *Sutton*).

3. The Motion expressly recognizes there is doubt—on behalf of the Official Committee of Unsecured Creditors, though the Debtors know full well the same doubt exists with the Families—"about [current management's] decision-making" because the Debtors' managers and directors are (i) co-defendants in pending wrongful death actions filed by certain of the Families and (ii) themselves are claimants asserting indemnification rights. Motion ¶ 18.

[3] Although Judge Gerber refused to appoint independent directors and a trustee—which ruling was affirmed on appeal, 342 B.R. 122 (S.D.N.Y. 2006)—the underlying principles discussed in his opinion set forth above, in Second Circuit jurisprudence, and in Fifth Circuit jurisprudence cannot reasonably be contested or disputed.

4. The remedy for that doubt, however, is not the post-petition and after-the-fact installation of independent fiduciaries such as those rejected by the Court in *Adelphia*. The Debtors' proposed "remedy" is nowhere to be found in the text of the Bankruptcy Code. Instead, the available remedies start and end with the text of the Bankruptcy Code—specifically section 1104, which provides for the appointment a chapter 11 trustee "for cause" or "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(1), (2).

5. More than that, the authority and powers anticipated to be given to the proposed appointees do not solve the problem, because the ultimate decision-making authority on case-determinative issues—a chapter 11 plan, a sale of all or substantially all of the Debtors' assets and settlement of the Families' claims (which includes the five state court lawsuits where each member of current management is a co-defendant)—are issues where each member of management is directly interested, and leaves determination of those issues effectively vested with current management, the Eastland family.[4] *See* Motion ¶ 22 (stating that notwithstanding any delegation to the appointees, the full boards of directors or managers (as applicable) shall be required for a sale of all of substantially all assets, settlement of personal injury or wrongful death claims and the filing of a chapter 11 plan).[5]

6. Those three items which remain vested with "the full boards of directors or managers" are riddled with conflicts: how can the Eastlands have the final say on settling claims

[4] The state court wrongful death and survival lawsuits, all pending in the 459th Judicial District Court of Travis County, Texas, are: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963 (filed Nov. 10, 2025); *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976 (filed Nov. 10, 2025); *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-010016 (filed Nov. 10, 2025); *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983 (filed Nov. 10, 2025); and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758 (filed Feb. 4, 2026).

[5] The Motion also does not describe how any impasse among the appointees and existing management are to be resolved, nor does it disclose the magnitude of the cost to the estate for D&O insurance to cover the appointees, which could be hundreds of thousands or even millions of dollars. The Motion is deficient of critical and necessary information.

against themselves? How can the Eastlands have the final say (or any say) on a sale of property in which they have an economic interest, and on which they are apparently living for free? How can the Eastlands have a say in filing chapter 11 a plan that deals with either of the two prior issues, as any plan in this case ***must***? The answer is "they cannot and should not."

7. At bottom, this is why the Motion must fail and really is nothing more than sleight of hand, a straw man, a toothless tiger. It leaves the Eastlands in control of the exact issues that are mission critical to resolving this case.[6]

8. As set forth in the motion for appointment of a chapter 11 trustee filed by the Committee [Docket No. 227],[7] the requirements of section 1104(a)(1) and (2) have been met. Not only do the principal creditors (the Families) have no confidence in the Eastlands given everything discussed above, thereby making appointment of a trustee in the best interests of creditors, 11 U.S.C. § 1104(a)(2), but the Eastlands grossly mismanaged and/or incompetently managed the Debtors' affairs prepetition through their manifest failure to protect the lives entrusted to their care last summer, which ultimately resulted in the deaths of 27 girls and young women. That, in and of itself, should be more than sufficient "cause" to remove current management. No one actually believes that any disinterested decisions can be made by the Eastlands under any circumstances, given the facts of these cases, the inexcusable decisions made, and the failure to comply with state law, all of which has resulted in the unimaginable losses suffered by the Families.

[6] Other conflicts are also present, including but not limited to the following: some of the Eastlands apparently continue to live in homes on the campgrounds—all of which is estate property—for free, and despite a state court temporary injunction which arguably precludes the same; and the Eastlands have caused the Debtors to file an adversary proceeding against certain of the Families, to secure an injunction protecting themselves from the Families' state court lawsuits.

[7] The facts and allegations set forth in the Committee's trustee motion are incorporated by reference for all purposes, as if fully set forth herein.

9. Remarkably, the Debtors contend there is precedent in this District for the extraordinary relief they are requesting. But rather than cite to any case in this District—or, frankly, anywhere—where management conflicts or failures were "obviated" by the post-petition appointment of independent directors, the Debtors cite this court to *Instant Brands* and *Highland* which relate to plan exculpations for "estate fiduciaries exercising trustee-like functions." Motion ¶ 21. This "analogy" is a stretch too far.[8]

10. The Debtors cite the Court to no case, and to no statutory authority other than section 105(a). The relief requested in the Motion is not supported by statute, case law, or practical reality. The Motion should be denied.[9]

WHEREFORE, the Families respectfully request that the Court enter an order denying the motion, and granting the Families such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

[8] Perhaps the Debtors intended to cite the Court to Judge Isgur's memorandum opinion at Docket No. 1451, dated March 3, 2025, wherein he approves exculpations for the independent directors. That opinion has nothing to do with the current situation, where the appointment of post-petition independent directors is sought to ostensibly "purge" the Debtors of some (but not all) conflicts of interest and is otherwise opposed by the principal parties in interest. Nothing about *Instant Brands* can remotely be read to sanction the relief requested by the Debtors in the Motion, or to even glancingly address it.

[9] The Families reserve all rights to file a further objection to the Motion based upon how the record develops between now and the hearing on the Motion.

Respectfully submitted this 8th day of September, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
Lydia R. Webb
Texas Bar No. 24083758
Aaron M. Kaufman
Texas Bar No. 24060067
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
lwebb@grayreed.com
akaufman@grayreed.com

*Counsel to Certain Heaven's 27 Families*

**Certificate of Service**

I certify that on September 8, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner