**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 26-03604 |
| THOSE PARTIES LISTED ON APPENDIX A | ) | |
| Defendants. | ) | |

**CERTAIN HEAVEN'S 27 FAMILIES' NOTICE OF**
**FORM OF PROPOSED ORDER WITH RESPECT TO THE STAY MOTIONS**

**PLEASE TAKE NOTICE** that the Debtors and Certain Heaven's 27 Families (the "Families")[2] have been unable to agree upon a form of proposed order with respect to the following matters (collectively, the "Stay Motions"): *Certain Heaven's 27 Families' Substituted Motion For Entry Of Order Confirming That The Automatic Stay Does Not Apply To Direct Claims Against Non-Debtor Individual Defendants* [Docket No. 132]; *Debtors' Motion For Entry Of An Order*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

[2] The Families include: the Baker Family; the Bellows Family; the Bonner Family; the Childress Family; the DeWitt Family; the Dillon Family; the Ferruzzo Family; the Getten Family; the Hanna Family; the Hollis Family; the Hunt Family; the Jacobe Family; the Landry Family; the Lytal Family; the Marsh Family; the McCown Family; the McCrory Family; the Naylor Family; the Peck Family; the Pohl Family; the Sheedy Family; the Stevens Family; the Steward Family; and the Toranzo Family.

*(A) Declaring That The Automatic Stay Prohibits Certain Actions Against Non-Debtors Or (B) Preliminarily Enjoining Such Actions* [Adv. Proc. Docket No. 2]; and *Certain Heaven's 27 Families' Motion For Relief From The Automatic Stay* [Docket No. 204].

**PLEASE TAKE FURTHER NOTICE** that attached as **Exhibit A** is a form of proposed order from the Families.

**PLEASE TAKE FURTHER NOTICE** that attached as **Exhibit B** is a comparison reflecting changes made by the Families to the proposed form of order filed by the Debtors at Docket No. 276.

*[signature page to follow]*



4914-4743-3175.1

Respectfully submitted this 8th day of October, 2026.

**GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
Lydia R. Webb
Texas Bar No. 24083758
Aaron M. Kaufman
Texas Bar No. 24060067
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
lwebb@grayreed.com
akaufman@grayreed.com

*Counsel to Certain Heaven's 27 Families*

## Certificate of Service

I certify that on October 8, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, which includes counsel of record for the Plaintiffs/Debtors. Counsel for the Families will serve a courtesy copy of this objection by e-mail to counsel of record for both the Debtors and the Committee.

*/s/ Jason S. Brookner*
Jason S. Brookner

# Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 26-ap-03604 |
| THOSE PARTIES LISTED ON APPENDIX A, | |
| Defendants. | |

**ORDER ON (I) CERTAIN HEAVEN'S 27 FAMILIES' SUBSTITUTED MOTION FOR DETERMINATION OF EFFECT OF AUTOMATIC STAY, (II) DEBTORS' MOTION FOR PRELIMINARY INJUNCTION REGARDING AUTOMATIC STAY, AND (III) CERTAIN HEAVEN'S 27 FAMILIES' MOTION FOR RELIEF FROM AUTOMATIC STAY**

Came on for consideration (I) the Certain Heaven's 27 Families' Substituted Motion for Entry of Order Confirming That the Automatic Stay Does Not Apply to Direct Claims Against Non-Debtor Individual Defendants [Case No. 26-90621 Dkt. No. 132] (the "**Families' Substituted Motion**"), (II) the Debtors' Motion for Entry of an Order (A) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors or (B) Preliminarily Enjoining Such Actions [Adv. Pro. No. 26-03604, Dkt. No. 2] (the "**Debtors' Motion for Preliminary**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

**Injunction**"), and (III) the Certain Heaven's 27 Families' Motion for Relief From the Automatic Stay [Case No. 26-90621 Dkt. No. 204] (the "**Families' Motion for Relief**") (collectively, the "**Motions**"); and this Court having determined that it has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of these proceedings being proper pursuant to 28 U.S.C. § 1408; and this Court having considered the Motions and all objections and other pleadings filed in response thereto; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED as follows:[2]

1. The Families' Motion for Relief is granted as set forth herein.

2. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified immediately to allow the following cases to proceed to final judgment: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963; *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976; *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-010016; *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983; and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758 (collectively, the "**Prepetition Actions**"), so that the Families' claims are liquidated against the Debtors and each of Richard G. Eastland, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III (collectively, the "**Defendants**"); *provided that* the Families and the Defendants agree to not take any action in the Prepetition Actions, other than to provide notice of this Order, until (i) the Families' motions to remand and (ii) the Debtors' motion to transfer venue are decided or otherwise disposed of by the United States District Courts for the Western District of Texas (the "**Western District Court**") and Southern District of Texas (the "**Southern District Court**"),

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Families' Motion for Relief.

respectively.[3] Nothing in this Order shall prevent the parties from responding to requests from the foregoing courts on any pending motions or otherwise appearing for hearings on such pending motions.

3. The Western District Court, the Southern District Court or, if remanded, the 459th Judicial District Court of Travis County, Texas, is authorized to enter any orders, judgments, writs, processes, or other relief necessary to fully and finally resolve the Prepetition Lawsuits, as well as any actions commenced by the Baker Family and Marsh Family as set forth in paragraph 5 below, including the entry of final judgment on the merits.

4. Subject to the terms of this Order, the Families are authorized to take all actions necessary to prosecute their claims in the Prepetition Actions.

5. With respect to the Baker Family and the Marsh Family, who have not yet commenced lawsuits, the automatic stay is hereby modified so they may commence new lawsuits or intervene or join into any of the pending Prepetition Actions, in their sole discretion.

6. For the avoidance of doubt, the Families may not enforce or collect any judgment against the Debtors or any property of the Debtors' bankruptcy estates without further order of this Court.

7. The Families' Substituted Motion and the Debtors' Motion for Preliminary Injunction are denied.

[3] The venue transfer motion is pending in the Southern District Court as Dkt. No. 1 in Case No. 4:26-mc-01321, captioned *Camp Mystic, LLC et al., Movants v. Warren Bellows, et al., Respondents*. The cases pending in the Western District Court and the applicable Dkt. Nos. for the remand motions, are as follows:

No. 1:26-cv-01916-RP, *Bellows, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 22];
No. 1:26-cv-01919-RP, *Getten, et al. v. Natural Fountains Properties, Inc., et al.* [Dkt. No. 13];
No. 1:26-cv-01922-RP, *Peck, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 12];
No. 1:26-cv-01923-RP, *Naylor, et al. v. Camp Mystic, et al.* [Dkt. No. 18]; and
No. 1:26-cv-01926-RP, *Steward, et al. v. Camp Mystic, et al.* [Dkt. No. 16].

8. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, this Order is immediately effective and enforceable upon entry, and the fourteen-day stay provision of Bankruptcy Rule 4001(a)(3) is waived

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ____________, 2026

________________________________________
THE HONORABLE CHRISTOPHER M. LÓPEZ
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

## Redline of Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*,[1] | Case No. 26-90621 (CML) |
| Debtors. | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 26-ap-03604 |
| THOSE PARTIES LISTED ON APPENDIX A, | |
| Defendants. | |

~~**[DEBTORS' PROPOSED]**~~
**ORDER ON (I) CERTAIN HEAVEN'S 27 FAMILIES' SUBSTITUTED MOTION FOR DETERMINATION OF EFFECT OF AUTOMATIC STAY, (II) DEBTORS' MOTION FOR PRELIMINARY INJUNCTION REGARDING AUTOMATIC STAY, AND (III) CERTAIN HEAVEN'S 27 FAMILIES' MOTION FOR RELIEF FROM AUTOMATIC STAY**

Came on for consideration (I) the Certain Heaven's 27 Families' Substituted Motion for Entry of Order Confirming That the Automatic Stay Does Not Apply to Direct Claims Against Non-Debtor Individual Defendants [Case No. 26-90621 Dkt. No. 132] (the "**Families' Substituted Motion**"), (II) the Debtors' Motion for Entry of an Order (A) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors or (B) Preliminarily Enjoining Such Actions [Adv. Pro. No. 26-03604, Dkt. No. 2] (the "**Debtors' Motion for Preliminary**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

**Injunction**"), and (III) the Certain Heaven's 27 Families' Motion for Relief From the Automatic Stay [Case No. 26-90621 Dkt. No. 204] (the "**Families' Motion for Relief**") (collectively, the "**Motions**"); and this Court having determined that it has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of these proceedings being proper pursuant to 28 U.S.C. § 1408; and this Court having considered the Motions and all objections and other pleadings filed in response thereto; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED ~~THAT~~as follows:[2]

1. The Families' Motion for Relief is granted as set forth herein.

2. ~~1.~~ The automatic stay~~, 11 U.S.C. § 362(a), enjoins the continuation, in any respect, of litigation by the plaintiffs~~ of section 362(a) of the Bankruptcy Code is hereby modified immediately to allow the following cases to proceed to final judgment: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963; *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976; *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-010016; *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983; and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758 (collectively, the "~~**Plaintiffs**")~~**Prepetition Actions**"), so that the Families' claims are liquidated against the ~~defendants (including the~~ Debtors~~, George Albritton Eastland as representative of the estate~~ and each of Richard G. Eastland, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III (collectively, the "**Defendants**")~~) in the following civil actions: (a) *Bellows et al. v. Camp Mystic, LLC, et al.*, Cause No. 1:26-cv-01916-RP (W.D.~~

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Families' Motion for Relief.

Tex.); (b) *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. 1:26-cv-01923-RP (W.D. Tex.); (c) *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. 1:26-cv-01919-RP (W.D. Tex.); (d) *Peck, et al. v. Camp Mystic, LLC, et al.*, Cause No. 1:26-cv-01922-RP (W.D. Tex.); and (e) *Steward, et al. v. Camp Mystic, LLC, et al.*, Cause No. 1:26-cv-01926-RP (W.D. Tex.) (collectively, the "**Prepetition Actions**"), unless and until the automatic stay is modified pursuant to this Order or further Order of this Court.; *provided that* the Families and the Defendants agree to not take any action in the Prepetition Actions, other than to provide notice of this Order, until (i) the Families' motions to remand and (ii) the Debtors' motion to transfer venue are decided or otherwise disposed of by the United States District Courts for the Western District of Texas (the "**Western District Court**") and Southern District of Texas (the "**Southern District Court**"), respectively.[3] Nothing in this Order shall prevent the parties from responding to requests from the foregoing courts on any pending motions or otherwise appearing for hearings on such pending motions.

1. 2. The automatic stay shall be modified, without the necessity of further Order of this Court, and solely for the purpose set forth in paragraph 3 of this Order, on the date that is thirty (30) days after the later of (a) the date on which the United States District Court for the Southern District of Texas (the "**Southern District Court**") enters an order deciding the Debtors' motion to transfer the Prepetition Actions to the Southern District of Texas pursuant to 28 U.S.C. § 157(b)(5) (Case No. 4:26-mc-01321 [Dkt. No. 1]) and (b) the date on which the

[3] The venue transfer motion is pending in the Southern District Court as Dkt. No. 1 in Case No. 4:26-mc-01321, captioned *Camp Mystic, LLC et al., Movants v. Warren Bellows, et al., Respondents*. The cases pending in the Western District Court and the applicable Dkt. Nos. for the remand motions, are as follows:

No. 1:26-cv-01916-RP, *Bellows, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 22];
No. 1:26-cv-01919-RP, *Getten, et al. v. Natural Fountains Properties, Inc., et al.* [Dkt. No. 13];
No. 1:26-cv-01922-RP, *Peck, et al. v. Camp Mystic, LLC, et al.* [Dkt. No. 12];
No. 1:26-cv-01923-RP, *Naylor, et al. v. Camp Mystic, et al.* [Dkt. No. 18]; and
No. 1:26-cv-01926-RP, *Steward, et al. v. Camp Mystic, et al.* [Dkt. No. 16].

~~United States District Court for the Western District of Texas (the "**Western District Court**") or the Southern District Court, as applicable, enters an order or orders deciding the motions for abstention and remand pending in the Prepetition Actions~~

~~3. The modification of the automatic stay pursuant to paragraph 2 of this Order shall be solely for the purpose of permitting the Plaintiffs to proceed, in the forum determined by the rulings of the Southern District Court and the Western District Court in the proceedings referenced therein, to final judgment liquidating their claims against the Defendants. The Plaintiffs shall not enforce or otherwise seek to collect any such judgment against the Debtors or property of their estates, except through the allowance and treatment of their claims in these chapter 11 cases.~~

3. The Western District Court, the Southern District Court or, if remanded, the 459th Judicial District Court of Travis County, Texas, is authorized to enter any orders, judgments, writs, processes, or other relief necessary to fully and finally resolve the Prepetition Lawsuits, as well as any actions commenced by the Baker Family and Marsh Family as set forth in paragraph 5 below, including the entry of final judgment on the merits.

4. Subject to the terms of this Order, the Families are authorized to take all actions necessary to prosecute their claims in the Prepetition Actions.

5. With respect to the Baker Family and the Marsh Family, who have not yet commenced lawsuits, the automatic stay is hereby modified so they may commence new lawsuits or intervene or join into any of the pending Prepetition Actions, in their sole discretion.

6. For the avoidance of doubt, the Families may not enforce or collect any judgment against the Debtors or any property of the Debtors' bankruptcy estates without further order of this Court.

7. The Families' Substituted Motion and the Debtors' Motion for Preliminary Injunction are denied.

8. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, this Order is immediately effective and enforceable upon entry, and the fourteen-day stay provision of Bankruptcy Rule 4001(a)(3) is waived

9. ~~4.~~ This Court ~~shall retain~~retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ____________, 2026
~~Houston, Texas~~

THE HONORABLE CHRISTOPHER M. LÓPEZ
UNITED STATES BANKRUPTCY JUDGE

| **Summary report:**<br>**Litera Compare for Word 11.14.0.42 Document comparison done on 10/8/2026 11:33:20 AM** | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4936-1424-9687/1/Camp Mystic - Stay Order submitted on October 8 - derived from and revising the debtors proposed order at docket no. 276.docx | |
| **Modified DMS:** nd://4936-1424-9687/2/Camp Mystic - Stay Order submitted on October 8 - derived from and revising the debtors proposed order at docket no. 276.docx | |
| **Changes:** | |
| Add | 38 |
| Delete | 16 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 54 |