United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CAMP MYSTIC, LLC, *et al.*, | ) | Case No. 26-90621 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |
| CAMP MYSTIC, LLC, *et al.*, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 26-03604 |
| THOSE PARTIES LISTED ON APPENDIX A | ) | |
| Defendants. | ) | |

**ORDER ON (I) CERTAIN HEAVEN'S 27 FAMILIES' SUBSTITUTED MOTION FOR DETERMINATION OF EFFECT OF AUTOMATIC STAY, (II) DEBTORS' MOTION FOR PRELIMINARY INJUNCTION REGARDING AUTOMATIC STAY, AND (III) CERTAIN HEAVEN'S 27 FAMILIES' MOTION FOR RELIEF FROM AUTOMATIC STAY**

Came on for consideration (I) *Certain Heaven's 27 Families' Substituted Motion for Entry of Order Confirming That the Automatic Stay Does Not Apply to Direct Claims Against Non-Debtor Individual Defendants* [Main Case Docket. No. 132] (the "**Families' Substituted Motion**"), (II) *Debtors' Motion for Entry of an Order (A) Declaring That the Automatic Stay Prohibits Certain Actions Against Non-Debtors or (B) Preliminarily Enjoining Such Actions* [Adversary Docket. No. 2] (the "**Debtors' Motion for Preliminary Injunction**"), and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Camp Mystic, LLC (4064), Natural Fountains Properties, Inc. (1414), Mystic Camps Family Partnership, Ltd. (9861), and Mystic Camps Management, LLC (9688). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2689 Highway 39, Hunt, TX 78024.

(III) *Certain Heaven's 27 Families' Motion for Relief From the Automatic Stay* [Main Case Docket No. 204] (the "**Families' Motion for Relief**") (collectively, the "**Motions**"); and this Court having conducted a hearing on the Motions on October 9, 2026 (the "**Hearing**"); and the Court having determined that it has jurisdiction over the Motions pursuant to 28 U.S.C. § 1334; and consideration of the Motions being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of these proceedings being proper pursuant to 28 U.S.C. § 1408; and this Court having considered the Motions and all objections and other pleadings filed in response thereto; and after due deliberation and sufficient cause appearing therefor, and for the reasons stated on the record at the Hearing, IT IS HEREBY ORDERED as follows:[2]

1. The Families' Motion for Relief and Substituted Motion are granted as set forth herein.

2. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified effective as of November 9, 2026 (the "**Stay Lift Date**") to allow the following cases (collectively, the "**Prepetition Actions**") to proceed to final judgment: *Bellows, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009963; *Getten, et al. v. Natural Fountains Properties, Inc., et al.*, Cause No. D-1-GN-25-009976; *Naylor, et al. v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-010016; *Peck v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-25-009983; and *Steward v. Camp Mystic, LLC, et al.*, Cause No. D-1-GN-26-000758, so that the Families' claims may be liquidated against the Debtors and each of the estate of Richard G. Eastland, Willetta A. Eastland, Edward S. Eastland, Mary E. Eastland, and William Neely Bonner III (collectively, the "**Defendants**"); *provided that* until the later of the Stay Lift Date and the Determination Date (defined below), the Families and the Defendants shall stand still and not take any action in the Prepetition Actions,

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Families' Motion for Relief.

other than to (i) provide notice of this Order, (ii) litigate the pending motions for abstention, remand, and transfer, including by responding to requests from the Southern and Western District Courts (defined below) or (iii) appear for hearings in such courts. For purposes of this Order, the "**Determination Date**" means the last to occur of the date that (A) the Families' motions to remand and (B) the Debtors' motion to transfer venue are decided or otherwise disposed of by the United States District Courts for the Western District of Texas (the "**Western District Court**") and Southern District of Texas (the "**Southern District Court**"), respectively.[3]

3. The Western District Court, the Southern District Court or, if remanded, the 459th Judicial District Court of Travis County, Texas, is authorized to enter any orders, judgments, writs, processes, or other relief necessary to fully and finally resolve the Prepetition Actions, as well as any actions commenced by the Baker Family (the "**Bakers**") and Marsh Family (the "**Marshes**" and together with the Bakers the "**Bakers and Marshes**") as set forth in paragraph 4 below, including the entry of final judgment on the merits.

4. With respect to the Bakers and Marshes, who have not yet commenced lawsuits, the automatic stay is hereby modified as of the Stay Lift Date so that either or both may commence new lawsuits or intervene or join into any of the pending Prepetition Actions, in their sole discretion and in any court/venue they deem appropriate, to liquidate their claims against the Defendants on the same terms as the Families, subject to the Debtors' rights to seek removal and/or transfer to the Western District Court or the Southern District Court, as applicable; *provided that*

[3] The venue transfer motion is pending in the Southern District Court as Docket. No. 1 in Case No. 4:26-mc-01321, captioned *Camp Mystic, LLC et al., Movants v. Warren Bellows, et al., Respondents*. The cases pending in the Western District Court and the applicable Docket Nos. for the remand motions, are as follows:

No. 1:26-cv-01916-RP, *Bellows, et al. v. Camp Mystic, LLC, et al.* [Docket No. 22];
No. 1:26-cv-01919-RP, *Getten, et al. v. Natural Fountains Properties, Inc., et al.* [Docket No. 13];
No. 1:26-cv-01922-RP, *Peck, et al. v. Camp Mystic, LLC, et al.* [Docket No. 12];
No. 1:26-cv-01923-RP, *Naylor, et al. v. Camp Mystic, et al.* [Docket No. 18]; and
No. 1:26-cv-01926-RP, *Steward, et al. v. Camp Mystic, et al.* [Docket No. 16].

(i) other than filing and serving one or more (A) new lawsuits, (B) intervention or joinder pleadings, or (C) requests for consolidation or coordination with the pending Prepetition Actions, the Bakers and Marshes, and the Defendants, shall stand still and not take any action in any such matters until the Determination Date including, as to the Defendants, filing any notice of removal or motion to transfer; and (ii) all deadlines in any such matters, including any deadline to answer, to remove under 28 U.S.C. § 1452 and Bankruptcy Rule 9027, or to seek remand or abstention, are extended until the date that is thirty (30) days after the Determination Date, if applicable.

5. To the extent (A) the Bakers, the Marshes, or the Bakers and Marshes file a new action in a court that is not the Western District Court or the Southern District Court, and (B) it is determined on the Determination Date that the Prepetition Actions shall remain in either the Western District Court or the Southern District Court, the Bakers and/or Marshes, as may be applicable, agree to have their case or cases removed and/or transferred to such court. Conversely, if it is determined on the Determination Date that the Prepetition Actions shall be remanded to state court, the Debtors and all Defendants agree (x) not to remove any action commenced by the Bakers or Marshes, and (y) to the remand of any such action previously removed upon request of the Bakers or Marshes, as may be applicable.

6. No party, including the Families and the Bakers and Marshes, may enforce or collect any judgment against the Debtors or any property of the Debtors' bankruptcy estates outside of the claims allowance process in the above-captioned chapter 11 cases.

7. No payment from the proceeds of any of the Debtors' insurance policies on account of any claim against any Defendant arising from the July 4, 2025 flood, whether by judgment, settlement, agreement or otherwise, shall occur without further order of this Court. Nothing in this

Order is a finding that any of the Debtors' insurance policies or the proceeds thereof are property of the Debtors' estates, and all parties' rights with respect thereto are reserved.

8. If any party takes action in the Prepetition Actions or in state court beyond what this Order permits, any party that learns of it shall notify the Court of such action within twenty-four hours.

9. The Debtors' Motion for Preliminary Injunction is denied.

10. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, this Order is immediately effective and enforceable upon entry, and the fourteen-day stay provision of Bankruptcy Rule 4001(a)(3) is waived.

11. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October 14, 2026

Christopher Lopez
United States Bankruptcy Judge